

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
Dublin Division

2006 JAN -6 PM 3: 30

CLERK C Reynolds
SO. DIST. OF GA.

| | |
|---|---|
| JAMES ALLIGOOD,<br>individually<br>and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br><br>    v.<br><br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., a<br>Florida Corporation;<br>FORJAS TAURUS, S.A., a<br>Brazil Corporation,<br>AMMUNITION ACCESSORIES, Inc.,<br>a Delaware Corporation<br><br>    Defendants. | Civil Action<br><br>**C V 3 0 6 – 0 0 3**<br><br>Jury Trial Demanded |

### COMPLAINT – CLASS ACTION

COMES NOW, JAMES ALLIGOOD, individually and on behalf of all others similarly situated and files the above styled class action lawsuit:

### 1. PARTIES AND NATURE OF CASE

1.1 <u>Named Plaintiff.</u>

    1.1.1    Plaintiff James Alligood ("Alligood") is a citizen of the State of Georgia, and resides in Eastman, Dodge County, Georgia. Plaintiff Alligood owns a Taurus .17 caliber HMR pump action rifle Model 172, Serial No. WC5112, which he purchased new on December 15, 2003 in

Eastman, Georgia.  On the same date Plaintiff Alligood purchased two boxes of new factory sealed CCI/Speer TNT .17 caliber HMR hollow point ammunition manufactured by Ammunition Accessories, Inc. ("AAI") a private subsidiary of Alliant Techsystems, Inc.  On January 19, 2004, during normal use, Plaintiff Alligood was injured when his Taurus .17 caliber HMR pump action rifle loaded with AAI's .17 caliber HMR cartridges experienced a cartridge case failure.

   1.1.2  Similarly situated Class Members include all those persons, including non-human legal entities, who have purchased a Taurus .17 caliber HMR pump action Model 172 rifle, Model M172C, Model M172C-SS, Model M172R, and Model M172R-SS rifles or other similarly designated rifles.

   1.1.3  An additional Sub Class of persons includes all those persons, including non-human legal entities, in the Class, who have purchased CCI/Speer TNT .17 caliber HMR hollow point cartridges manufactured by Defendant AAI

  1.2 <u>Named Defendants</u>

   1.2.1  Defendant Taurus International Manufacturing, Inc. ("Taurus") is a foreign corporation incorporated under the laws of the State of Florida with

its principal place of business in the State of Florida. Taurus has designed, manufactured, marketed, distributed and sold thousands of rifles which are the subject of this suit throughout the United States and in Georgia under the Taurus name.  Taurus can be served through its registered agent Coprolite Corporation, 2130 Suntrust International Center, One Southeast Third Avenue, Miami, Fl. 33131.

1.2.2    Defendant Forjas Taurus, S.A. ("Taurus Brazil") is an alien corporation incorporated under the laws of the Federative Republic of Brazil with its principal place of business in the Federative Republic of Brazil.  Taurus Brazil has designed, manufactured, marketed, distributed and sold thousands of the rifles which are the subject of this suit throughout the United States and in Georgia under the Taurus name.  Taurus Brazil can be served at its corporate office located at Av. Do Forte 511, Cx. Postal 44, Porto Allegre, 91360-000, RS, Brazil.

1.2.3    Defendant Ammunition Accessories, Inc. ("AAI") is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Minnesota.  AAI has designed, manufactured, marketed, distributed and sold thousands cartridges of ammunition which are the subject of this suit

3

throughout the United States and in Georgia under the
CCI/Speer brand name. AAI can be served through its
registered agent the Corporation Trust Company, Corporation
Trust Center, 1209 Orange Street, Wilmington, Delaware
19801.

    1.3 Nature of Case.    This case involves thousands
of dangerous .17 caliber HMR pump action rifles susceptible
to cartridge case failures, and designed, manufactured, and
sold by Defendants Taurus, and Taurus Brazil, (collectively
"Defendants Taurus") under the Taurus name, and known as
the "Model 172", "Model M172C", "Model M172C-SS", "Model
M172R", "Model M172R-SS" and other designations
(hereinafter referred to as the "Taurus Rifles").

    On January 19, 2004, during normal use, Plaintiff
Alligood experienced eye, face, hand and arm injuries when
his Taurus .17 caliber HMR rifle failed to contain the
pressure caused by the firing of a new factory .17 caliber
HMR cartridge, manufactured by AAI, being fired in the
rifle's chamber and vented cartridge particles and thermal
heat onto his person.

    The .17 caliber Hornady Magnum Rimfire ("HMR")
cartridge was developed as a high velocity, increased range
and more powerful alternative to regular long rifle ("LR")
and magnum ("WMR") .22 caliber rimfire cartridges.  In

4

order to produce its higher velocity and increased range the .17 caliber HMR cartridge is designed with more modern and powerful powder to create significantly higher pressure in the rifle chamber when the cartridge is fired.

Rather than designing a rifle specifically tailored to support the significantly increased pressure of the new modern .17 caliber HMR cartridge, the Taurus Defendants replicated the design of their previously existing .22 caliber pump action rifle that was based on John Browning's original 1890 and 1906 designs and designed, manufactured and sold the new Taurus rifles with minor adjustments as .17 caliber HMR rifles.   Taurus Defendants did not properly consider the .17 caliber HMR cartridge's significantly increased pressure.  Thus, the Taurus rifles were designed and manufactured without adequate cartridge support, and without adequate pressure containing features, such that the internal pressure created upon firing a .17 caliber HMR cartridge likely exceeded the strength of the rifle assembly to contain it.  In fact, the Taurus Rifles were defectively designed and manufactured with an extractor cut-out area that created a thin localized unsupported cartridge case area.  Additionally, Taurus Defendants' defectively designed and manufactured the interaction between the extractor mechanism and the barrel

in a way which contributes to and exacerbates the pressure containment problem. As a result, the Taurus Rifle is susceptible to cartridge case failures and serious eye, face and hand injuries to the shooter of the kind suffered by the Plaintiff.

Furthermore, the Taurus Defendants failed to properly design and manufacture the Taurus Rifles to prevent or minimize injuries resulting from the venting of thermal heat and cartridge particles from the chamber as a result of a cartridge case failure.

Additionally, upon information and belief, the Taurus Defendants have failed to proof test the Taurus Rifles as recommended by the Sporting Arms and Ammunition Manufacturers' Institute ("SAAMI"). Proof testing is one means of demonstrating whether a rifle assembly will withstand an internal overpressure and protect the shooter from injury, prevent damage to the gun or prevent deterioration of the gun performance.

Upon information and belief the Taurus Defendants have known about the susceptibility of the Taurus Rifles to suffer cartridge case failures and cause injuries to the shooter due to the Taurus Rifles defective design and manufacture; however, the Taurus Defendants have not corrected the problem or issued any product recalls.

This litigation additionally involves thousands of dangerous .17 caliber HMR cartridges manufactured by AAI under the CCI/Speer brand name. Upon information and belief, Defendant AAI designed and manufactured ammunition cartridges that exceeded acceptable and recommended pressures for .17 caliber HMR cartridges. Upon information and belief, Defendant AAI's .17 caliber HMR cartridge is susceptible to case failures and serious eye, face and hand injuries to the shooter of the kind suffered by the Plaintiff.

This litigation is brought as a class action on behalf of a Class of all persons in the United States who own or use Taurus Rifles that are the subject of this litigation and a Sub Class of persons who are members of the Class who own or have used CCI/Speer Hollow Point TNT .17 caliber HMR cartridges, pursuant to, state consumer protection and warranty statutes, and the common law of fraud, malice, negligence, negligent misrepresentation, gross negligence and strict liability.

Additionally, this litigation contains individual claims by Plaintiff Alligood to recover past, present and future medical expenses and past, present and future pain and suffering and mental suffering from his injuries as a result of the tortious conduct of Defendants.

7

## 2. Jurisdiction and Venue

2.1  Jurisdiction.  This Court has original jurisdiction over the individual bodily injury claim of Plaintiff Alligood pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds seventy-five thousand dollars ($75,000) and the action is between citizens of different states.  In addition, this Court has original jurisdiction over the Class and Sub Class claims pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate amount in controversy exceeds five million ($5,000,000), exclusive of interest and costs and the citizenship of at least one plaintiff is diverse from at least one defendant. Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2.2  Venue.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Plaintiff Alligood purchased the Taurus rifle and the .17 HMR ammunition cartridges in this District, the tortious conduct and resulting injuries occurred in this District and Defendants do or have done business in this District and throughout the State of Georgia.

## 3. CLASS ACTION ALLEGATIONS

3.1  Class Definition.    This action is brought and may properly be maintained as a class action pursuant to

8

the provisions of FED. R. CI. P. 23(a), and 23(b)(1), 23(b)(2), or 23(b)(3).  The Class and Sub Class of Plaintiffs in this case are described as follows:

3.1.1. Rifle Class. All persons or entities in the United States, its possessions and territories, including the District of Columbia and the Commonwealth of Puerto Rico, who now own or use or hereafter acquire or use at least one Taurus .17 caliber HMR pump action rifle, including but not limited to the following model numbers: Model 172, Model M172C, Model M172C-SS, Model M172R, Model M172R-SS and other designations; excluding, however, any entity in which any Defendant has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such controlled entity or Defendant.

3.1.2     Ammunition Sub Class.  All persons or entities in the United States, its possessions and territories, including the District of Columbia and the Commonwealth of Puerto Rico, who are members of the Rifle Class and who now own or use or hereafter acquire or use at least one CCI/Speer TNT .17 caliber HMR hollow point cartridge manufactured by AAI, excluding, however, any entity in which any Defendant has a controlling interest, and the officers, directors, affiliates, legal

representatives, heirs, successors, subsidiaries, and/or assigns of any such controlled entity or Defendant.

3.2 <u>Numerosity of Classes</u>. Taurus Defendants have manufactured and sold thousands of Taurus .17 caliber HMR Model 172, Model M172C, Model M172C-SS, Model M172R, and Model M172R-SS rifles. It is estimated that the members of the above described Rifle Class number at least several thousand. Additionally, AAI has manufactured and sold thousands of CCI/Speer TNT .17 caliber HMR hollow point cartridges. It is estimated that the members of the above described Ammunition Sub Class number at least several thousand. The Class and Sub Class are therefore so numerous that joinder of all members is impracticable.

3.3 <u>Commonality of Questions</u>. There are questions of law and fact which are common to all members of the Rifle Class, arising out of Taurus Defendants' defectively designed and manufactured, and unreasonably dangerous Taurus rifles and the Taurus Defendants' common course of conduct in misrepresenting the safety and quality of such rifles and continuing to manufacture and sell such rifles after they knew of the dangerous propensity for the Taurus rifles to cause cartridge case failures and catastrophic failures of the rifles during normal use. Additionally, there are questions of law and fact which are common to all

10

members of the Ammunition Sub Class, arising out of the defectively designed, manufactured and unreasonably dangerous ammunition cartridges and Defendant AAI's common course of conduct in misrepresenting the safety and quality of such .17 caliber HMR ammunition cartridges and continuing to manufacture and sell such ammunition cartridges after they knew of the dangerous propensity of the .17 HMR cartridges to failure during normal use.

3.4   Typicality of Claims.   The claims of the named Plaintiff as class representative are typical of the claims of the members of the Rifle Class and Ammunition Sub Class.

3.5   Adequacy of Representation.   The Plaintiff representative will fairly and adequately protect the interests of the Rifle Class and Ammunition Sub Class. Plaintiff Alligood's claims are representative of a variety of class members.   The attorneys for the Plaintiff are experienced in civil and class action litigation of this type, and have successfully represented parties in other litigation of this nature.

3.6   Consistency of Adjudication.   The prosecution of separate actions by fewer than all the members of the Rifle Class and Ammunition Sub Class would create a risk of inconsistent or varying adjudications with respect to individual members of the classes which would establish

incompatible standards of conduct for the Defendants, and which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

3.7  Class Wide Relief.  The Defendants have acted or refused to act on grounds generally applicable to the Class and Sub Class, thereby making appropriate final injunctive relief with respect to the classes as a whole.

3.8  Superiority of Class Claims.  For the class allegations the questions of law and fact common to the members of the Plaintiff Class and Sub Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies.

3.9  Basis of Determining Jurisdictional Amount.  As previously stated, Taurus Defendants have designed, manufactured, and sold thousands of the Taurus Rifles that are the subject of this instant action.  As a result of the Taurus Defendants' conduct, Plaintiff and Plaintiff Rifle Class have sustained actual damages by reason of the loss of value of their rifles (that each retail for a price in excess of $300) and future loss of use of their rifles until Plaintiff and Plaintiff class are compensated for

12

such losses and damages.  Additionally, Plaintiff and
Plaintiff class are entitled to recover exemplary damages
from the Taurus Defendants under the Plaintiff's and
Plaintiff Class' claims of negligence, gross negligence,
malice, strict liability, fraud and negligent
misrepresentation and any and all relevant statutory
damages under state consumer protection and warranty
statute claims, including but not limited to the award of
reasonable attorney's fees and additional damages, as
provided for therein.  Moreover, as previously stated,
Defendant AAI has designed, manufactured, and sold
thousands of CCI/Speer .17 caliber HMR hollow point
cartridges that are the subject of this instant action.  As
a result of Defendant AAI's conduct, Plaintiff and
Plaintiff Ammunition Sub Class have sustained actual
damages by reason of the loss of value of their rifles and
cartridges and future loss of use of their rifles and
cartridges until Plaintiff and Plaintiff Ammunition Sub
Class are compensated for such losses and damages.

### 4.  NEGLIGENCE

4.1  At all times material herein, Taurus Defendants
had a duty to exercise due care for Plaintiff and the
Plaintiff Rifle Class when Taurus Defendants designed,
manufactured and sold their .17 caliber HMR Taurus rifles.

4.2   Taurus Defendants were negligent in the design, manufacture and sale of their .17 caliber HMR Taurus Rifles in the following particulars, each of which was a proximate cause of Plaintiff's and the Plaintiffs Class' damages:

4.2.1   By introducing their .17 caliber HMR Rifle without insuring that the Taurus Rifles had adequate cartridge case support and adequate pressure containing features, despite Taurus Defendants knowledge that a rifle without adequate pressure containing features would cause cartridge case failures.

4.2.2   By failing to properly consider the .17 caliber HMR cartridges significantly increased pressure over regular .22 caliber cartridges; yet, utilizing designs for regular .22 caliber rifles;

4.2.3   By failing to perform appropriate tests and inspections including but not limited to proof testing of the Taurus .17 caliber HMR rifles prior to their sale to insure their safety;

4.2.4   By defectively designing and manufacturing the Taurus .17 caliber HMR rifles with an extractor cut-out area that creates a thin localized unsupported cartridge case area and by defectively designing and manufacturing the interaction between the extractor mechanism and the

barrel in a way which contributes to and exacerbates the pressure containment problem of the Taurus Rifles; and

4.2.5  By defectively designing and manufacturing the Taurus rifles to prevent or minimize injuries resulting from the venting of thermal heat and cartridge particles from the chamber as a result of a cartridge case failure.

4.2.6  In the alternative, Taurus' .17 caliber HMR rifles' internal assemblies were not designed or manufactured to be strong enough to withstand the internal pressures created by .17 caliber HMR cartridges new from the factory of the type reasonably foreseeable to Taurus Defendants.

4.3  Taurus Defendants owed to Plaintiff and Plaintiff Class a continuing duty to warn them of any foreseeable harm in the normal use of Taurus .17 Caliber HMR rifles. Taurus Defendants have breached their duty to warn Plaintiff and the Plaintiff Class in one or more of the following ways, each of which was a proximate cause of Plaintiffs' damages:

4.3.1  By not warning the Plaintiff, or any users or potential users which comprise the Plaintiff Class, of the possibility of cartridge case failures under normal use, injuries and property loss, despite Taurus Defendants'

15

actual knowledge of cartridge case failures during normal use;

4.3.2  By repeatedly and deliberately misleading the public by publishing that Taurus .17 Caliber HMR rifles can safely be fired using .17 caliber HMR cartridges.

4.3.3  By failing to recall any of the Taurus .17 caliber HMR rifles that are the subject of this litigation.

4.4  At all times material herein, Defendant AAI had a duty to exercise due care for Plaintiff and the Plaintiff Ammunition Sub Class when Defendant AAI designed, manufactured and sold their CCI/Speer .17 caliber HMR TNT hollow point ammunition.

4.5  Defendant AAI was negligent in the design, manufacture and sale of their CCI/Speer .17 caliber HMR TNT hollow point ammunition in the following particulars, each of which was a proximate cause of Plaintiff's and Plaintiff Ammunition Sub Class' damages:

4.5.1  by designing and manufacturing ammunition cartridges that exceeded acceptable and recommended pressures for .17 caliber HMR cartridges;

4.5.2  by designing and manufacturing ammunition cartridges that are susceptible to case failures that may cause serious eye, face and hand injuries to the shooter of the kind suffered by the Plaintiff;

16

4.5.3  By failing to perform appropriate tests and inspections including but not limited to testing for pressure and velocity of the CCI/Speer  .17 HMR TNT hollow point cartridges prior to their sale to insure their safety.

4.6  Defendant AAI owed to Plaintiff and Plaintiff Ammunition Sub Class a continuing duty to warn them of any foreseeable harm in the normal use of AAI's CCI/Speer .17 caliber HMR TNT hollow point cartridges.  Defendant AAI has breached their duty to warn Plaintiff and the Plaintiff Ammunition Sub Class in one or more of the following ways, each of which was a proximate cause of Plaintiffs' damages:

4.6.1  By not warning the Plaintiff, or any users or potential users which comprise the Plaintiff Ammunition Sub Class, of the possibility of cartridge case failures under normal use, injuries and property loss, despite Defendant AAI's actual knowledge of cartridge case failures during normal use.

## 5.  GROSS NEGLIGENCE

5.1  Taurus Defendants have failed to conduct a product recall of the Taurus Rifles that were defectively designed and/or manufactured with insufficient pressure containing features to prevent cartridge failures under normal use.  Taurus Defendants have not ordered a product

recall despite their actual knowledge of cartridge failures involving injuries to the shooter.  Taurus Defendants have allowed their rifles to continue to be sold in the marketplace, have not warned the Plaintiff or the other owners and users comprising the Plaintiff class of the danger, and have not recalled the Taurus rifles.  This conduct on the part of the Taurus Defendants was more than momentary thoughtlessness, inadvertence or error or judgment.  It constituted such an entire want of care as to establish that it was the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by it.

### 6.  BREACHES OF WARRANTY

6.1  Breach of Warranty of Fitness.

6.1.1    Taurus Defendants, by and through the sale of the subject .17 caliber HMR Taurus rifles, impliedly warranted that these rifles were fit for the purpose for which they were intended and for which they were sold and had knowledge of the purchasers intended use of the Taurus rifles.  In purchasing the Taurus Rifles, Plaintiff and Plaintiff class relied on Taurus Defendants' skill and judgment in selecting or furnishing suitable goods and the implied warranty of fitness for the purpose for which Plaintiff and Plaintiff class purchased the

Taurus rifles. Contrary thereto, the Taurus Rifles are not fit for their intended use, rendering them unreasonably dangerous. Taurus Defendants' breach of implied warranty of fitness is a proximate and producing cause of Plaintiff's and Plaintiff Class' damages.

6.1.2 Plaintiff and Plaintiff class could not, by exercise of ordinary care, reasonable diligence or inspection, have discovered the defective and dangerous condition of their Taurus Rifles, which required scientific knowledge that Plaintiff and Plaintiff class did not possess, and/or because of Taurus Defendants' intentional concealment of the dangerous condition and misrepresentations concerning the safety of the Taurus Rifles.

6.1.3 Defendant AAI, by and through the sale of the subject CCI/Speer .17 caliber HMR TNT hollow point cartridges, impliedly warranted that these cartridges were fit for the purpose for which they were intended and for which they were sold and had knowledge of the purchasers intended use of the cartridges. In purchasing the ammunition, Plaintiff and Plaintiff class relied on Defendant AAI's skill and judgment in selecting or furnishing suitable goods and the implied warranty of fitness for the purpose for which Plaintiff and Plaintiff

Ammunition Sub Class purchased the ammunition.  Contrary
thereto, CCI/Speer .17 caliber HMR TNT hollow point
cartridges are not fit for their intended use, rendering
them unreasonably dangerous.  Defendant AAI's breach of
implied warranty of fitness is a proximate and producing
cause of Plaintiff's and Plaintiff Ammunition Sub Class'
damages.

      6.1.4  Plaintiff and Plaintiff Ammunition Sub
Class could not, by exercise of ordinary care, reasonable
diligence or inspection, have discovered the defective and
dangerous condition of their CCI/Speer .17 caliber HMR TNT
hollow point cartridges, which required scientific
knowledge that Plaintiff and Plaintiff Ammunition Sub Class
did not possess.

      6.2  Breach of Implied Warranty of Merchantability.

      6.2.1  Taurus Defendants, a regular merchant of
rifles, impliedly warranted that the Taurus rifles were of
merchantable quality, fit, safe, and in proper condition
for the ordinary use for which rifles are designed and
used.  Plaintiff and Plaintiff class purchased the rifles
in reliance on Taurus Defendants' implied warranty of
merchantability.  Contrary thereto, the Taurus rifles are
unfit and unsafe during normal use and are not of
merchantable quality.  The condition of the Taurus rifles

constitutes a breach of Defendants' implied warranty of merchantability, which is a proximate and producing cause of Plaintiff and Plaintiff Class' damages.

6.2.2   Plaintiff and Plaintiff class could not, by exercise of ordinary care, reasonable diligence, or inspection, have discovered the defective and dangerous condition of their Taurus rifles, which required scientific knowledge that Plaintiff and Plaintiff class did not possess, and/or because of Taurus Defendants' intentional concealment of the dangerous condition and misrepresentations concerning the safety of the Taurus rifles.

6.2.3   Defendant AAI, a regular merchant of ammunition, impliedly warranted that the CCI/Speer .17 caliber HMR TNT hollow point cartridges were of merchantable quality, fit, safe, and in proper condition for the ordinary use for which ammunition cartridges are designed and used.  Plaintiff and Plaintiff Ammunition Sub Class purchased the ammunition in reliance on Defendant AAI's implied warranty of merchantability.  Contrary thereto, the CCI/Speer .17 caliber HMR TNT hollow point cartridges are unfit and unsafe during normal use and are not of merchantable quality.  The condition of the CCI/Speer .17 caliber HMR TNT hollow point cartridges

constitutes a breach of Defendant AAI's implied warranty of merchantability, which is a proximate and producing cause of Plaintiff's and Plaintiff Ammunition Sub Class' damages.

6.2.4   Plaintiff and Plaintiff Ammunition Sub Class could not, by exercise of ordinary care, reasonable diligence, or inspection, have discovered the defective and dangerous condition of their CCI/Speer .17 caliber HMR TNT hollow point cartridges, which required scientific knowledge that Plaintiff and Plaintiff class did not possess.

## 7.  MALICE

7.1   Taurus Defendants' actions in designing, manufacturing, marketing, and selling their .17 caliber HMR rifles that cause catastrophic cartridge case failures, and in failing to warn about known dangers and/or to recall the Taurus rifles constitutes malice.  Taurus Defendants' actions were carried out with a flagrant disregard for the rights of others and with actual awareness on their part that their actions would, in reasonable probability, result in serious injury, or property damage in the following particulars:

7.1.1 By introducing the Taurus .17 caliber HMR rifle without insuring that the Taurus rifles had adequate cartridge case support and adequate pressure containing

features, in order to produce the Taurus rifles quicker,
easier, less expensively, and therefore, more profitably,
despite Taurus Defendants knowledge that a rifle without
adequate pressure containing features would cause a
cartridge case failure;

7.1.2  By representing to purchasers and users of
Taurus rifles that the rifles would not fail if new factory
.17 caliber HMR ammunition was used, despite Taurus
Defendants' actual knowledge of cartridge case failures
with new factory cartridges resulting in personal injuries
and property loss to users;

7.1.3  By failing to perform appropriate tests
and inspections including but not limited to proof testing
of the Taurus .17 caliber HMR rifles prior to their sale to
insure their safety;

7.1.4  By defectively designing and manufacturing
the Taurus .17 caliber HMR rifles with an extractor cut-out
area that creates a thin localized unsupported cartridge
case area and by defectively designing and manufacturing
the interaction between the extractor mechanism and the
barrel in a way which contributes to and exacerbates the
pressure containment problem of the Taurus rifles;

7.1.5  By defectively designing and manufacturing
the Taurus Rifles to prevent or minimize injuries resulting

23

from the venting of thermal heat and cartridge particles from the chamber as a result of a cartridge case failure;

7.1.6  By preventing purchasers and users of Taurus Defendants' rifles, including the Plaintiff and members of the Plaintiff Rifle Class, from knowing about the history of failures that Taurus Defendants knew or should have known about, which misrepresentations continue to prevent others from learning of the true history of defectively designed and manufactured Taurus rifles causing cartridge case failures and injuries;

7.1.7  By failing to recall any of their .17 caliber HMR rifles, Model 172, Model M172C, Model M172C-SS, Model M172R, and Model M172R-SS rifles, and other designated rifles, despite actual knowledge that their rifles were negligently designed and manufactured, defective and unreasonably dangerous; and,

7.1.8  By continuing to allow the sale of the Taurus .17 caliber HMR rifles, despite actual knowledge that some caused catastrophic cartridge case failures in normal and/or foreseeable use, with knowledge that these cartridge case failures are likely continuing.

## 8. FRAUD

8.1  In their commercial advertising, product literature and promotion in connection with their sale of

Taurus Rifles, Taurus Defendants have represented and continue to represent that their .17 caliber HMR rifles can be fired safely while using new factory .17 caliber HMR cartridges and that the Taurus Rifles will not cause catastrophic cartridge case failures.  In addition, Taurus Defendants have made and continue to make representations of fact to the Plaintiff and members of the Plaintiff Class concerning the Taurus Rifles quality, innovation, strength, mechanical durability and safety.

8.2  Taurus Defendants' representations were made and continue to be made knowingly and with false design.

8.3  Taurus Defendants' representations were made and continue to be made for the purpose and intent to deceive and defraud.

8.4  Taurus Defendants' representations did in fact deceive and defraud the Plaintiff and Plaintiff class.

8.5  Taurus Defendants' representations related to existing or past material facts.

8.6  Plaintiff and Plaintiff class did not know of the falsity of Taurus Defendants' representations.

8.7  Plaintiff and Plaintiff Class relied on the truth of Taurus Defendants' representations.

8.8  Loss was suffered by the Plaintiff and Plaintiff Class because of this reliance.

## 9. NEGLIGENT MISREPRESENTATION

9.1   In their commercial advertising, product
literature and promotion in connection with their sale of
Taurus Rifles, Taurus Defendants have represented and
continue to represent that their .17 caliber HMR rifles can
be fired safely while using new factory .17 caliber HMR
cartridges and that the Taurus Rifles will not cause
catastrophic cartridge case failures.  In addition, Taurus
Defendants have made and continue to make representations
of fact to members of the Plaintiff Rifle Class concerning
the Taurus Rifles quality, innovation, strength, mechanical
durability and safety.

9.2   Taurus Defendants representations were made
willfully to deceive or recklessly without knowledge, with
the intent that the general public, including Plaintiff and
Plaintiff Rifle Class, would rely on them.  Plaintiff and
the Plaintiff Rifle Class, as expected ultimate users and
consumers, purchased Taurus Defendants' .17 caliber HMR
rifles in reliance on the truth of these representations
and for the purpose intended.  These representations as to
the safety of Taurus Defendants' .17 caliber HMR rifles
were false and negligent in that said .17 caliber HMR
rifles were in fact defectively designed and manufactured
and dangerous to the health, safety and well-being of the

ultimate users and consumers, such as Plaintiff and
Plaintiff Rifle Class and said rifles were not as
represented.  Such negligent misrepresentations are each a
proximate cause and producing cause of Plaintiff and
Plaintiff Rifle Class' damages.

## 10.  STRICT PRODUCTS LIABILITY

10.1 Taurus Defendants have designed, manufactured,
and sold the Taurus Rifles with defective and insufficient
pressure containing features as outlined above and that are
unreasonably dangerous to the Plaintiff and members of the
Plaintiff class and their property (including their Taurus
Rifles).  Taurus Defendants have also failed to warn class
members that that the Taurus rifles are susceptible to
cartridge case failures, and Taurus Defendants have
fraudulently and maliciously concealed such danger from the
class members.

10.2 At all pertinent times, Taurus Defendants are or
were engaged in the business of designing, manufacturing
and selling the Taurus Rifles and such rifles were
defective when they left the control of Taurus Defendants'
and were expected to and did reach the Plaintiff and
Plaintiff Rifle Class members without substantial change in
the condition in which they were sold.

10.3 The Taurus Defendants' sale of the Taurus Rifles in a defective and unreasonably dangerous condition is the proximate cause of the damages suffered by the Plaintiff and all members of the Plaintiff Rifle Class.

10.4 Defendant AAI has designed, manufactured, and sold the CCI/Speer .17 caliber HMR TNT hollow point cartridges that exceeded acceptable and recommended pressures for .17 caliber HMR cartridges and that are susceptible to case failures and that are unreasonably dangerous to the Plaintiff and members of the Plaintiff Ammunition Sub Class and their property (including their Taurus rifles). Defendant AAI has also failed to warn class members that that the CCI/Speer .17 caliber HMR TNT hollow point cartridges are susceptible to cartridge case failures, and Defendant AAI has fraudulently and maliciously concealed such danger from the class members.

10.5  At all pertinent times, Defendant AAI is or was engaged in the business of selling the CCI/Speer .17 caliber HMR TNT hollow point cartridges and such cartridges were defective when they left the control of Defendant AAI and were expected to and did reach the Plaintiff and Plaintiff Ammunition Sub Class members without substantial change in the condition in which they were sold.

10.6    Defendant AAI's sale of the CCI/Speer .17 caliber HMR TNT hollow point cartridges in a defective and unreasonably dangerous condition is the proximate cause of the damages suffered by the Plaintiff and all members of the Plaintiff Ammunition Sub Class.

## 11.  EQUITABLE RELIEF

11.1 As a result of the dangerously defective design and manufacture of the Taurus Rifles, and the Taurus Defendants' failure to warn, all members of the Plaintiff Rifle Class are threatened with serious and irreparable physical injury which cannot be adequately compensated by money damages.  Plaintiff and Plaintiff Rifle Class are therefore entitled to appropriate equitable and injunctive relief, including the following:

(a)    issuance by Taurus Defendants of an adequate warning to class members of the danger of cartridge case failures;

(b)    cessation of the manufacture by any of the Taurus Defendants of any rifles with inadequate or defective pressure containing features;

## 12. INDIVIDUAL BODILY INJURY OF PLAINTIFF ALLIGOOD

12.1 Plaintiff Alligood owns a Taurus .17 caliber HMR pump action rifle Model 172, Serial No. WC5112, which he purchased new on December 15, 2003 in Eastman, Georgia.  On

29

the same date Plaintiff Alligood purchased two boxes of new factory sealed CCI/Speer TNT .17 caliber HMR hollow point ammunition manufactured by Defendant AAI.

12.2 As a direct and proximate result of the said conduct and activities of Defendants as described above, and each of them, Plaintiff Alligood, individually, suffered personal injuries and pain and suffering, past, present and future,  due to eye, face, hand and arm injuries when the cartridge being fired in the rifle's chamber failed and vented cartridge particles and thermal heat onto his person, when his Taurus .17 caliber HMR rifle failed to contain the pressure caused by the firing of a new factory CCI/Speer .17 caliber HMR TNT hollow point cartridge, manufactured by AAI.  Plaintiff Alligood, individually, also suffered past, present and future mental anguish, also proximately caused by the conduct and activities of Defendants.

12.3 As a further direct and proximate result of the said conduct and activities of Defendants, and each of them, Plaintiff Alligood, individually, has incurred, and will continue to incur, medical and other related expenses in an amount to be proven at trial.

### 13. DAMAGES

30

13.1 As a result of the Taurus Defendants' conduct, Plaintiff and Plaintiff class have sustained actual damages by reason of the loss of value of their rifles and future loss of use of their rifles until Plaintiff and Plaintiff class are compensated for such losses and damages.

13.2 Additionally, Plaintiff and Plaintiff class are entitled to recover exemplary damages from the Taurus Defendants under the Plaintiff's and Plaintiff Class' claims of negligence, gross negligence, malice, strict liability, fraud and negligent misrepresentation and any and all relevant statutory damages under state consumer protection and warranty statute claims, including but not limited to the award of reasonable attorney's fees and additional damages, as provided for therein.

13.3 As a result of the Defendant AAI's conduct, Plaintiff and Plaintiff Ammunition Sub Class have sustained actual damages by reason of the loss of value of their rifles and cartridges and future loss of use of their rifles and cartridges until Plaintiff and Plaintiff Ammunition Sub Class are compensated for such losses and damages.

13.4 Additionally, Plaintiff and Plaintiff Ammunition Sub Class are entitled to recover exemplary damages from the Defendant AAI under the Plaintiff's and Plaintiff

Ammunition Sub Class' claims of negligence, strict liability, and any and all relevant statutory damages under state consumer protection and warranty statute claims, including but not limited to the award of reasonable attorney's fees and additional damages, as provided for therein.

13.5 Furthermore, Plaintiff Alligood individually is entitled to recover for past, present and future medical expenses resulting from his injury as a result of the tortious conduct of the Defendants, and each of them. Additionally, pursuant to O.C.G.A. § 51-12-7 Plaintiff Alligood is entitled to recover for other necessary expenses resulting from the injury to him as a result of the tortious conduct of Defendants, and each of them. Further, Plaintiff is entitled to recover for past, present and future pain, suffering and mental suffering as determined by the enlightened conscience of an impartial jury as a result of the tortious conduct of Defendants and each of them.

## 14.   AD DAMNUN

14.1 Plaintiff and Plaintiff class have been damaged in an amount that exceeds five million dollars ($5,000,000).

WHEREFORE, Plaintiff and Plaintiff Class and Sub Class pray that upon final trial of this cause, Plaintiffs recover as follows:

a. judgment against Defendants, jointly and severally, for Plaintiff's and Plaintiff class' damages as set forth above, in an amount to be determined by a jury;

b. judgment against Defendants for exemplary damages as set forth above, in an amount to be determined by a jury;

c. equitable remedies as set forth above;

d. any other damages as allowed by law;

e. prejudgment interest on Plaintiff's, Plaintiff Rifle Class', and Plaintiff Ammunition Sub Class' damages as allowed by law;

f. interest on the judgment at the legal rate from date of judgment;

g. reasonable attorneys' fees;

h. costs of court;

i. any and all remedies as provided for in Georgia State consumer protection and warranty statutes;

j. judgment against Defendants, jointly and severally, for Plaintiff Alligood's individual bodily injury claims as set forth above, in an amount to be determined by a jury;

k. such other and further relief, at law or in equity, to which Plaintiff and/or the Plaintiff Rifle Class and Plaintiff Ammunition Sub Class may be entitled

j. a trial by jury in all issues so triable.

Respectfully submitted this 6ᵗʰ day of January, 2006.

Ayoub and Mansour, LLC

John George Mansour
Georgia Bar No.469698
Attorney for the Plaintiff

John Ayoub         by express permission
John Ayoub
Georgia Bar No. 029906
Attorney for the Plaintiff

675 Seminole Ave. Suite 301
Atlanta, GA 30307
404.892.2599
404.806.7414 fax

APPELBAUM & ASSOCIATES, P.C.

Eve A. Appelbaum
Georgia Bar No. 020899
Attorney for the Plaintiff

Todd C. Passman
Georgia Bar No. 850001
Attorney for the Plaintiff

225 Peachtree St., Suite 500
Atlanta, GA 30303-1701
404-577-0388
404-577-0290 fax