# EXHIBIT B

## VARIATIONS IN STATE LAW REGARDING THE ENFORCEABILITY OF CONTRACTUAL LIMITATIONS UNDER THE U.C.C.

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| AL | **YES**<br>ALA. CODE § 7-2-316(2).<br><br>*See also Fincher v. Robinson Bros. Lincoln-Mercury, Inc.*, 583 So.2d 256, 258-59 (Ala. 1991) (upholding summary judgment against car buyer on breach of warranty claim because seller effectively excluded the U.C.C. implied warranties). | **YES**<br>ALA. CODE § 7-2-719.<br><br>*But see Volkswagen of Am., Inc. v. Harrell*, 431 So.2d 156, 163-64 (Ala. 1983) (all U.C.C. remedies, including consequential damages available where limited warranty fails of it essential purpose). |
| AK | **YES**<br>ALASKA STAT. § 45.02.316(b).<br><br>*See also Morrow v. New Moon Homes*, 548 P.2d 279, 292 n.43 (Alaska 1976) (noting that seller may disclaim the U.C.C. implied warranties as long as such disclaimers are not unconscionable). | **YES**<br>ALASKA STAT. § 45.02.719. |
| AZ | **YES**<br>ARIZ. REV. STAT. ANN. § 47-2316B.<br><br>*See also Seekings v. Jimmy GMC of Tuscon, Inc.*, 638 P.2d 210, 215-16 (Ariz. 1981) (upholding validity of contractual exclusion of implied warranties in sale of motor home). | **YES**<br>ARIZ. REV. STAT. ANN. §§ 47-2719A, C.<br><br>*See also Seekings v. Jimmy GMC of Tuscon, Inc.*, 638 P.2d 210, 215 (Ariz. 1981) (holding that the written disclaimer of consequential damages was valid under the U.C.C.). |
| AR | **YES**<br>ARK. CODE ANN. § 4-2-316(2).<br><br>*See also Walker Ford Sales v. Gaither*, 578 S.W.2d 23, 24 (Ark. 1979) (holding that car manufacturer could not have breached the implied warranty because that warranty was effectively excluded by the manufacturer). | **YES**<br>ARK. CODE ANN. §§ 4-2-719(1), (3).<br><br>*See also Gramling v. Baltz* 485 S.W.2d 183, 189 (Ark. 1972) (noting that the only restriction on the limitation or exclusion of consequential damages is that such limitation or exclusion cannot be unconscionable). |

1

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| CA | **NO, UNLESS THE SELLER COMPLIES WITH DETAILED DISCLOSURE REQUIREMENTS AND DOES NOT GIVE ANY EXPRESS WARRANTY**<br>CAL. CIV. CODE § 1793 ("[A] manufacturer, distributor, or retailer, in transacting a sale in which express warranties are given, may not limit, modify, or disclaim the implied warranties guaranteed by [the Consumer Warranty Act] to the sale of consumer goods.").<br><br>CAL. CIV. CODE § 1792.4 (detailing requirements that must be met before disclaiming implied warranties). | **UNSETTLED**<br>CAL COM. CODE § 2719.<br><br>*But see Cole v. Sea Ray Boats, Inc.*, 32 Cal. Rptr. 2d 431, 439-40 (Ct. App. 1994) (holding that the consumer warranty act precludes manufacturers from limiting the buyer's remedies in consumer warranties) (depublished). |
| CO | **YES**<br>COLO. REV. STAT. ANN. § 4-2-316(2).<br><br>*See also O'Neil v. Int'l Harvester Co.*, 575 P.2d 862, 865 (Colo. Ct. App. 1978) (holding that U.C.C. implied warranties were properly disclaimed in contract for the purchase of a truck). | **YES**<br>COLO. REV. STAT. ANN. §§ 4-2-719(1), (3).<br><br>*But see Leprino v. Intermountain Brick Co.*, 759 P.2d 835, 837 (Colo. Ct. App. 1988) (holding that all U.C.C. remedies, including consequential damages, are available to the buyer when the limited exclusive warranty has failed of its essential purpose). |
| CT | **NO**<br>CONN. GEN. STAT. ANN. § 42a-2-316(5) ("[T]he [U.C.C.] provisions [allowing the seller to exclude or modify the U.C.C. implied warranties] shall not apply to sales of new or unused consumer goods . . . . [A]ny language, oral or written, used by seller or manufacturer of consumer goods, which attempts to exclude or modify any implied warranties of merchantability and fitness of a particular purpose . . . shall be unenforceable."). | **NO**<br>CONN. GEN. STAT. ANN. § 42a-2-316(5) ("[A]ny language, oral or written, used by a seller or manufacturer of consumer goods, which attempts . . . to exclude or modify the consumer's remedies for breach of [the U.C.C. implied] warranties, shall be unenforceable."). |

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| DE | **YES**<br>DEL. CODE ANN. tit. 6, § 2-316(2).<br><br>*See also Lecates v. Hertrick Pontiac-Buick Co.*, 515 A.2d 163, 166 (Del. Super. Ct. 1986) (holding that buyers could not proceed with a breach of implied warranty action against car manufacturer because manufacturer effectively limited the implied warranties). | **YES**<br>DEL. CODE ANN. tit. 6, §§ 2-719(1), (3).<br><br>*See also Lacates v. Hertrick Pontiac-Buick Co.*, 515 A. 2d 163, 166 (Del. Super. Ct. 1986) (holding that secondary purchaser who claims the protection of a warranty is subject to the same disclaimers, modifications, or remedy limitation clauses that were the basis of the underlying sales agreement between the original purchaser and seller). |
| DC | **NO**<br>D.C. CODE ANN. § 28:2-316.01 ("The [U.C.C.] provisions [which allow a seller to exclude the U.C.C. implied warranties] do not apply to the sale of consumer goods. Any oral or written language used by a seller of consumer goods . . . which attempts to exclude or modify any implied warranties of merchantability or fitness for a particular purpose . . . is unenforceable," but these prohibitions "do not apply to particular defects and limitations of consumer goods . . . noted conspicuously in writing at the time of sale."). | **NO**<br>D.C. CODE ANN. § 28:2-316.01 ("Any oral or written language used by a seller of consumer goods . . . which attempts . . . to exclude or modify the consumer's remedies for breach of those [U.C.C. implied] warranties is unenforceable," but these prohibitions "do not apply to particular defects and limitations of consumer goods . . . noted conspicuously in writing at the time of sale."). |
| FL | **YES**<br>FLA. STAT. ANN. § 672.316(2).<br><br>*See also Griffin Volkswagen, Inc. v. Smith*, 610 So.2d 597, 599 (Fla. Dist. Ct. App. 1992) (holding that all warranties were properly disclaimed by seller of car).<br><br>*McNamara Pontiac, Inc. v. Sanchez*, 388 So.2d 620, 621 (Fla. Dist. Ct. App. 1980) (holding that a warranty disclaimer is effective only if it is part of the sales bargain between the parties). | **YES**<br>FLA. STAT. ANN §§ 672.719(1), (3).<br><br>*See also David v. Davenport*, 656 So.2d 952, 953 (Fla. Dist. Ct. App. 1995) (absolving seller of responsibility for cost of repairs made to car which were not covered by extremely limited written warranty).<br><br>*But see Parsons v. Motor Homes of Am., Inc.*, 465 So.2d 1285, 1292 (Fla. Dist. Ct. App. 1985) (allowing all U.C.C. remedies where exclusive repair and replacement remedy fails of its essential purpose). |

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| GA | **YES**<br>O.C.G.A. § 11-2-316(2).<br><br>See also *Bennett v. Gay Chevrolet-Oldsmobile, Inc.*, 200 Ga. App. 348, 408 S.E.2d 111, 114 (Ga. Ct. App. 1991) (holding that printed contractual language effectively precluded a claim for breach of implied warranty). | **NO**<br>GA. CODE ANN. §§ 11-2-719(1), (3).<br><br>See also *Hightower v. General Motors Corp.*, 175 Ga. App. 112, 332 S.E.2d 336, 339 (Ga. Ct. App. 1985) ("The breach or defeat of a limited warranty to repair or replace, of course, does not simultaneously invalidate other limitations on damages contained in the new car warranty, but the other limitations must still be conscionable."), *overruled on other grounds by Pender v. Witcher*, 196 Ga. App. 856, 397 S.E.2d 193 (1990). |
| HI | **YES**<br>HAW. REV. ANN. § 490:2-316(2). | **YES**<br>HAW. REV. STAT. ANN. 490:2-719(1), (3). |
| ID | **YES**<br>IDAHO CODE § 28-2-316(2). | **YES**<br>IDAHO CODE §§ 28-2-719(1), (3).<br><br>But see *Clark v. Int'l Harvester Co.*, 581 P.2d 784, 802 (Idaho 1978) (holding that all U.C.C. remedies, including consequential damages, become available to a buyer whenever an exclusive repair or replacement limited warranty fails of its essential purpose). |
| IL | **YES**<br>810 ILL. COMP. STAT. ANN. 5/2-316(2).<br><br>See also *Lytle v. Roto Lincoln Mercury & Subaru, Inc.*, 521 N.E.2d 201, 206 (Ill. App. Ct. 1988) (finding contract language sufficient to limit duration of implied warranties). | **YES**<br>810 ILL. COMP. STAT. ANN. 5/2-719(1)(3).<br><br>But see *Smith v. Navistar Int'l Transp. Corp.*, 714 F. Supp. 303, 308 (N.D. Ill. 1989) (allowing buyer to seek all U.C.C. remedies, despite exclusive contractual remedy limitation, where the exclusive remedy fails of its essential purpose and the parties do not specifically allocate that risk). |

4

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| IN | **YES** <br> IND. CODE § 26-1-2-316(2). <br><br> *See also, DeVoe Chevrolet-Cadillac, Inc. v. Cartwright*, 526 N.E.2d 1237, 1240 (Ind. Ct. App. 1988) (holding that car dealer effectively disclaimed any implied warranty). | **YES** <br> IND. CODE §§ 26-1-2-719(1), (3). <br><br> *See also Hahn v. Ford Motor Co.*, 434 N.E.2d 943, 952 (Ind. Ct. App. 1982) (holding limitation of remedies sufficient to comply with statutory requirements and exclusion of liability for incidental and consequential damages not unconscionable as a matter of law). |
| IA | **YES** <br> IOWA CODE § 554.2316(2). | **YES** <br> IOWA CODE §§ 554.2719(1), (3). |
| KS | **NO** <br> KAN. STAT. ANN. § 50-639(a)(1), (e) (prohibiting any exclusion, modification, or limitation of implied warranties in any consumer transaction). <br><br> *See also Dale v. King Lincoln-Mercury, Inc.*, 676 P.2d 744, 747-48 (Kan. 1984) (holding that KANSAS CONSUMER PROTECTION ACT precludes used car dealer from limiting the implied U.C.C. warranties by extending a narrow express warranty). | **NO** <br> KAN. STAT. ANN. §§ 50-639(a)(2), (e) (prohibiting any exclusion, modification, or limitation of any breach of implied warrant remedies in consumer transactions). |
| KY | **YES** <br> KY. REV. STAT. ANN. § 355.2-316(2). <br><br> *See also Cline v. Allis-Chalmers Corp.*, 690 S.W.2d 764, 768 (Ky. Ct. App. 1985) (upholding summary judgment for tractor seller because all implied warranties were contractually excluded). | **YES** <br> KY. REV. STAT. ANN. §§ 355.2-719(1), (3). |
| LA | **HAS NOT ADOPTED THE U.C.C** <br> *But see* LA. CIV. CODE ANN. Art. 2548 (allowing exclusion or limitation of warranty against redhibitory defects). | **HAD NOT ADOPTED THE U.C.C.** |

5

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| ME | NO<br>ME. REV. STAT. ANN. tit. 11, § 2-316(5) ("The [U.C.C.] provisions [which allow a seller to exclude or modify the U.C.C. implied warranties] shall not apply to sales of consumer goods. . . . Any language, oral or written, used by a seller or manufacturer of consumer goods . . . which attempts to exclude or modify any implied warranties or [sic] merchantability or fitness for a particular purpose . . . shall be unenforceable."). | NO<br>ME. REV. STAT. tit. 11, § 2-316(5) ("Any language, oral or written, used by a seller or manufacturer of consumer goods . . . which attempts to . . . exclude or modify the consumer's remedies for breach of those [U.C.C. implied] warranties, shall be unenforceable."). |
| MD | NO<br>MD. CODE ANN., COM. LAW §§ 2-316.1(1), (2) ("The [U.C.C.] provisions [which allow sellers to exclude the U.C.C. implied warranties] do not apply to sales of consumer goods. . . . Any oral or written language used by a seller of consumer goods . . . which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose . . . is unenforceable.").<br><br>*But see id.* § 2-316.1(4) (allowing warranty disclaimers where the car is over six model years old and has been driven more than 690,000 miles if the seller, at the time of sale, gives the purchaser the required notice of the inapplicability of the section which precludes warranty disclaimers). | NO<br>MD. CODE ANN., COM. LAW §§ 2-316.1(1), (2) ("Any oral or written language used by a seller of consumer goods . . . which attempts . . . to exclude or modify the consumer's remedies for breach of those [U.C.C. implied] warranties, is unenforceable").<br><br>*But see* MD. CODE ANN., COM. LAW § 2-316.1(4) (allowing warranty disclaimers where the car is over six model years old and has been driven more than 60,000 miles if the seller, at the time of sale, gives the purchaser the required notice of the inapplicability of the section which precludes warranty disclaimers). |
| MA | NO<br>MASS. GEN. LAWS ANN. ch. 106 § 2-316A ("The [U.C.C.] provisions [allowing a seller to disclaim the U.C.C. implied warranties] shall not apply to sales of consumer goods. . . . Any language, oral or written, used by a seller or manufacturer of consumer goods . . . which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose . . . shall be unenforceable."). | NO<br>MASS. GEN. LAWS ANN. ch. 106, §2-316A ("Any language, oral or written, used by a seller or manufacturer of consumer goods . . . which attempts . . . to exclude or modify the consumer's remedies for breach of those [U.C.C. implied] warranties, shall be unenforceable."). |

6

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| MI | YES<br>MICH. COMP. LAWS ANN. §§ 440.2316(2). | YES<br>MICH. COMP. LAWS ANN. §§ 440.2719(1), (3).<br><br>*But see King v. Taylor Chrysler-Plymouth, Inc.*, 457 N.W.2d 42, 46 (Mich. Ct. App. 1990) (holding that contractual provision limiting buyer's remedies to repair or replacement of defective parts failed of its essential purpose and therefore buyer could resort to any remedy provided by the U.C.C.). |
| MN | NO, UNLESS THE SELLER COMPLIES WITH DETAILED DISCLOSURE REQUIREMENTS AND DOES NOT GIVE ANY EXPRESS WARRANTY<br>MINN. STAT. ANN. § 325G.19(1) ("No express warranty arising out of a consumer sale of new goods shall disclaim implied warrants of merchantability, or, where applicable, fitness.").<br><br>MINN. STAT. ANN. § 325G.18 (prohibiting disclaimers of implied warranties in consumer goods transactions unless a conspicuous writing clearly informs the buyer, prior to the sale, in simple and concise language that (1) the goods are being sold on an "as is" or "with all faults" basis; and (2) the entire risk as to the quality and performance of the goods is with the buyer). | YES<br>MINN. STAT. ANN. §§ 336.2-719(1), (3).<br><br>*But see Jacobs v. Rosemount Dodge Winnebago S.*, 310 N.W.2d 71, 75 (Minn. 1981) (holding that trial court properly found that buyer was entitled to all U.C.C. remedies because warranty limitation of repair or replacement failed of its essential purpose). |
| MS | NO<br>MISS. CODE ANN. § 75-2-315.1(1) ("Any oral or written language used by a seller of consumer goods . . . which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose . . . is unenforceable."). | NO<br>MISS. CODE ANN. §§ 75-2-315.1(1) ("Any oral or written language used by a seller of consumer goods . . . which attempts . . . to exclude or modify the consumer's remedies for breach of those [U.C.C. implied] warranties, is unenforceable.").<br><br>*But see* MISS. CODE ANN. § 75-2-315.1(3) (allowing remedy limitation in sale of motor vehicle over six years old or driven more than 75,000 miles, where seller gives buyer required notice). |

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| MO | **YES**<br>MO. ANN. STAT. § 400.2-316(2).<br><br>*See also Harper v. Clavert*, 687 S.W.2d 227, 230 (Mo. Ct. App. 1984) (holding that seller properly excluded implied warranties). | **YES**<br>MO. ANN. STAT. §§ 400.2-719(1), (3). |
| MT | **YES**<br>MONT. CODE ANN. § 30-2-316(2).<br><br>*See also McJunkin v. Kaufman*, 748 P.2d 910, 916 (Mont. 1987) (holding that seller validly disclaimed any implied warranty). | **YES**<br>MONT. CODE ANN. §§ 30-2-719(1), (3). |
| NE | **YES**<br>NEB. REV. STAT. U.C.C. § 2-316(2).<br><br>*See also Koperski v. Husker Dodge, Inc.*, 302 N.W.2d 655, 662-64 (Neb. 1981) (holding that car seller effectively disclaimed all implied warranties). | **YES**<br>NEB. REV. STAT. U.C.C. §§ 2-719(1), (3). |
| NV | **YES**<br>NEV. REV. STAT. ANN. § 104.2316(2). | **YES**<br>NEV. REV. STAT. ANN. §§ 104.2719(1), (3). |
| NH | **NO, UNLESS THE SELLER COMPLIES WITH DETAILED DISCLOSURE REQUIREMENTS**<br>N.H. REV. STAT. ANN. § 382-A:2-316(5) (providing that warranty disclaimers in consumer sales are only effective if the seller provides the buyer with a conspicuous writing which the buyer must sign and which clearly informs the buyer, prior to or at the time of the sale, in simple and concise language: (1) that the goods are being sold on an "as is" basis; (2) that the entire risk as to quality and performance of the goods is with the buyer, and (3) that if the goods prove to be defective after purchase, the buyer, not the manufacturer, distributor, or retailer, shall assume the entire cost of all necessary servicing or repair). | **YES**<br>N. H. REV. STAT. ANN. §§ 382-A:2-719(1), (3). |

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| NJ | **YES**<br>N.J. STAT. ANN. § 12A:2-316(2).<br><br>*See also Turner v. Int'l Harvester Co.*, 336 A.2d 62, 66-67 (N.J. Super. Ct. Law Div. 1975) (holding that seller of used truck effectively excluded implied warranties, and therefore no cause of action for breach of warranty existed). | **YES**<br>N.J. STAT. ANN. §§ 12A:2-719(1), (3).<br><br>*But see G.M.A.C. v. Jankowitz*, 523 A.2d 695, 703 (N.J. Super. Ct. App. Div. 1987) (prohibiting invocation of limitation of warranty clause where the circumstances cause the limited warranty to fail in its essential purpose). |
| NM | **YES**<br>N.M. STAT. ANN. § 55-2-316(2). | **YES**<br>N.M. STAT. ANN. §§ 55-2-719(1), (3). |
| NY | **YES**<br>N.Y. U.C.C. § 2-316(2).<br><br>*See also Carbo Indus., Inc. v. Becker Chevrolet, Inc.*, 491 N.Y.S.2d 786, 789 (N.Y. App. Div. 1985) (allowing car dealer to disclaim both express and implied warranties). | **YES**<br>N.Y. U.C.C. §§ 2-719(1), (3).<br><br>*But see Giarratano v. Midas Muffler*, 630 N.Y.S.2d 656, 660-61 (N.Y. 1995) (holding that brake pad warranty failed of its essential purpose, and therefore buyer could resort to all U.C.C. remedies)<br><br>*Stream v. Sportscar Salon, Ltd.*, 397 N.Y.S.2d 677, 683 (N.Y. App. Div. 1977). |
| NC | **YES**<br>N.C. GEN. STAT. § 25-2-316(2).<br><br>*See also Bone Int'l, Inc. v. Johnson*, 329 S.E.2d 714, 716 (N.C. Ct. App. 1985) (holding that truck seller's contractual disclaimer sufficient to exclude all implied warranties). | **YES**<br>N.C. GEN. STAT. §§ 25-2-719(1), (3).<br><br>*See also Stutts v. Green Ford, Inc.*, 267 S.E.2d 919, 926 (N.C. Ct. App. 1980) (prohibiting truck buyer from recovering consequential and incidental damages under the U.C.C. even though the exclusive repair and replacement remedy failed of its essential purpose). |
| ND | **YES**<br>N.D. CENT. CODE § 41-02-33(2). | **YES**<br>N.D. CENT. CODE §§ 41-02-98(1), (3). |

9

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| OH | YES<br>OHIO REV. CODE ANN. § 1302.29(B).<br><br>*See also Barksdale v. Van's Auto Sales, Inc.*, 577 N.E.2d 426, 428 (Ohio Ct. App. 1989) (holding that used car buyer could not sue for breach of implied warranty because seller properly disclaimed implied warranties in sales contract). | YES<br>OHIO REV. CODE ANN. §§ 1302.93(A), (C).<br><br>*But see Goddard v. Gen. Motors Corp.*, 396 N.E.2d 761, 765 (Ohio 1979) (holding that new car exclusive repair or replacement warranties failed of its essential purpose because it could not be repaired, and therefore buyer was allowed to resort to any U.C.C. remedy). |
| OK | YES<br>OKLA. STAT. tit. 12A, § 2-316(2). | YES<br>OKLA. STAT. tit. 12A, §§ 2-719(1), (3).<br><br>*But see Osburn v. Bendix Home Sys., Inc.*, 613 P.2d 445, 450 (Okla. 1980) (holding that repair or replacement remedy was not unconscionable on its face, but mobile home buyer could resort to any remedy available under the U.C.C. despite the contractual limitation of remedies to repair or replacement of defective parts because the limitation failed of its essential purpose). |
| OR | NO, UNLESS THE SELLER COMPLIES WITH DETAILED DISCLOSURE REQUIREMENTS<br>OR. REV. STAT. §§ 72.8050, 72.8020, 72.3160(2). | YES<br>OR. REV. STAT. §§ 72.7190(1), (3).<br><br>*See also Young v. Hessel Tractor & Equip. Co.*, 782 P.2d 164, 166 n.3 (Or. Ct. App. 1989) (holding that failure of exclusive or limited remedy's essential purpose would not reinstate a properly excluded remedy). |
| PA | YES<br>13 PA. CONS. STAT. ANN. § 2316(b).<br><br>*See also Connick v. Suzuki Motor Co., Ltd.*, 656 N.E.2d 170, 181 (Ill. App. Ct. 1995) (holding that car manufacturer properly limited duration of implied warranties under Pennsylvania law). | YES<br>13 PA. CONS. STAT. ANN. §§ 2719(a), (c). |
| RI | YES<br>R. I. GEN. LAWS § 6A-2-316(2). | YES<br>R. I. GEN. LAWS §§ 6A-2-719(1), (3). |

10

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| SC | YES<br>S.C. CODE ANN. § 36-2-316(2). | YES<br>S.C. CODE ANN. §§ 36-2-719(1), (3). |
| SD | YES<br>S.D. CODIFIED LAWS ANN. § 57A-2-316(2).<br><br>See also Rynders v. E. I. Du Pont, De Nemours & Co., 21 F.3d 835, 840 (10th Cir. 1994) (holding that South Dakota law requires warranty disclaimers to be set out with particularity, requires waiving the characters of fitness, demands strict compliance with U.C.C. provisions, and has indicated that disclaimers must be explicitly negotiated between the buyer and seller, and even then the court may find the exclusions unconscionable as a matter of law, and therefore unenforceable). | YES<br>S.D. CODIFIED LAWS ANN. §§ 57A-2-719(1), (3).<br><br>See also Johnson v. John Deere Co., 306 N.W. 2d 231, 238 (S.D. 1981) (holding that where a contractual provision excludes the seller's liability for consequential damages, the buyer is not entitled to recover consequential damages even if there is a failure of an essential purpose of an exclusive remedy contained in the seller's warranty).<br><br>Cf. Ehlers v. Chrysler Motor Corp., 226 N.W.2d 157, 161 (S.D. 1975) (holding warranty disclaimer unavailable as defense to car seller that delayed repair of buyer's car for an unreasonable time, causing the remedy under the restricted warranty to fail of its essential purpose). |
| TN | YES<br>TENN. CODE ANN. § 47-2-316(2).<br><br>See also Patton v. McHone, 822 S.W.2d 608, 616 (Tenn. Ct. App. 1991) (noting that the Tennessee U.C.C. permits car sellers to disclaim all implied warranties). | YES<br>TENN CODE ANN. §§ 47-2-719(1), (34). |

11

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| TX | YES<br>TEX. BUS. & COM. CODE ANN. § 2.316(b).<br><br>See also Redman Homes, Inc. v. Ivy, 901 S.W.2d 676, 686-86 (Tex. Ct. App. 1995) (noting that a valid warranty exclusion precludes recovery under the TEXAS DECEPTIVE TRADE PRACTICES ACT for breach of warranty, despite that statute's prohibition on waivers of its protections by consumers), rev'd on other grounds, 920 S.W.2d 664 (Tex. 1996).<br><br>Metro Ford Truck Sales, Inc. v. Davis, 709 S.W.2d 785, 789 (Tex. Ct. App. 1986) (holding that a proper disclaimer waives both a cause of action for breach of U.C.C. implied warranties and a cause of action for deceptive trade practices based on breach of warranty). | YES<br>TEX. BUS. & COM. CODE ANN. §§ 2.719(a), (c).<br><br>See also Redman Homes, Inc. v. Ivy, 901 S.W.2d 676, 686-87 (Tex. Ct. App. 1995) (holding that valid remedy limitation provisions preclude recovery under the TEXAS DECEPTIVE TRADE PRACTICES ACT for breach of warranty, despite the statute's prohibition on consumer's waivers of its protections), rev'd on other grounds, 920 S.W.2d 664 (Tex. 1996). |
| UT | YES<br>UTAH CODE ANN. § 70A-2-316(2).<br><br>See also Billings Yamaha v. Rick Warner Ford, Inc., 681 P.2d 1276, 1278 (Utah 1984) (holding that contract validly excluded implied warranties). | YES<br>UTAH CODE ANN. §§ 70A-2-719(1), (3).<br><br>See also Schurtz v. BMW of North America, Inc., 814P.2d 1108, 1112-13 (Utah 1991) (holding that a valid exclusion of consequential and incidental damages is not invalidated by the fact that a limited exclusive remedy failed of its essential purpose).<br><br>Cf. Devore v. Bostrom, 632 P.2d 832, 835 (Utah 1981) (holding that where contract's exclusive limited remedy failed of its essential purpose, the buyer was entitled to all U.C.C. remedies, including consequential and incidental damages). |
| VA | YES<br>VA. CODE ANN. § 8.2-316(2). | YES<br>VA. CODE ANN. §§ 8.2-719(1)(b), (3). |

12

| STATE | EXCLUSIONS OR LIMITATION OF IMPLIED WARRANTIES ENFORCEABLE | EXCLUSIVE REMEDY OF REPAIR OR REPLACEMENT ENFORCEABLE |
|---|---|---|
| WA | **NO, UNLESS THE DISCLAIMER IS SPECIFIC AS TO WHAT QUALITIES ARE NOT BEING WARRANTED** WASH. REV. CODE ANN. § 62A.2-316(2), (4). *See also Thomas v. Ruddell Lease-Sales, Inc.,* 716P.2d 911, 914-15 (Wash. Ct. App. 1986) (holding blanket warranty disclaimer for sale of used car ineffective, even though initialed by buyer, where seller neither negotiated the disclaimer nor directly informed buyer as to the qualities and characteristics intended to be excluded by the disclaimer). | **YES** WASH. REV. CODE. ANN. § 62A.2-719. *But see Lidstrand v. Silvercrest Indus.,* 623 P.2d 710, 715 (Wash. Ct. App. 1981) (holding that buyer could seek a cause of action under the U.C.C. despite contractual remedy limitation to repair or replacement where the manufacturer unreasonably delayed repair or was unable to repair the product). |
| WV | **NO** W. VA. CODE § 46A-6-107(1) (voiding any exclusion, modification, or attempted limitation of any warranty, including those of merchantability and fitness, whenever the goods are intended to be the subject of a consumer transaction, "notwithstanding any other provision of law to the contrary."). | **NO** W. VA. CODE §§ 46A-6-107(2) (voiding any exclusion, modification, or attempted limitation of any remedy provided by law, including the measure of damages available for a breach express or implied warranty). |
| WI | **YES** WIS. STAT. ANN. § 402.316(2). *See also Recreatives, Inc. v. Myers,* 226 N.W.2d 474, 479 (Wis. 1975) (holding provision in customer warranty policy in sale of all-terrain vehicle effective to exclude warranty of merchantability). | **YES** WIS. STAT. ANN. §§ 402.719(1), (3). *But see Murray v. Holiday Rambler,Inc.,* 265 N.W.2d 513, 525-26 (Wis. 1978) (permitting recovery of consequential damages, despite disclaimer excluding such damages, because the exclusive remedy of repair or replacement failed of its essential purpose). |
| WY | **YES** WYO. STAT. § 34.1-2-316(b). | **YES** WYO. STAT. §§ 34.1-2-719(a), (c). |

LIT\1004754.3