# EXHIBIT F

# VARIATIONS IN STATE LAW REGARDING THE ELEMENTS OF FRAUD

| STATE | FRAUD |
|---|---|
| AL | **STANDARD ELEMENTS PLUS "MATERIALITY," ALLOWS RECKLESS STATEMENTS**<br>"[I]n order to recover for fraud, [plaintiff] must establish (1) that [defendant] made a false representation, (2) that the misrepresentation involved a material fact, (3) that [plaintiff] relied on the misrepresentation, and (4) that the misrepresentation damaged [plaintiff]." *Baker v. Metrop. Life Ins. Co.*, 907 So.2d 419, 420 (Ala. 2005).<br><br>"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." ALA. CODE § 6-5-101. |
| AK | **STANDARD ELEMENTS**<br>"[T]he elements of fraudulent misrepresentation are: (1) a misrepresentation of fact or intention, (2) made fraudulently (that is, with 'scienter'), (3) for the purpose or with the expectation of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss." *Lightle v. State, Real Estate Com'n*, 146 P.3d 980, 983 (Alaska 2006) (following RESTATEMENT (SECOND) OF TORTS §§ 525, 526, 531 (1977)). |
| AZ | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"[For fraud, a Plaintiff] must prove the following: a) A representation; (b) Its falsity; (c) Its materiality; (d) The defendant's knowledge of its falsity or ignorance of its truth; (e) The defendant's intent that it should be acted upon by the plaintiff and in the manner reasonably contemplated; (f) The plaintiff's ignorance of its falsity; (g) The plaintiff's reliance on its truth; (h) The plaintiff's right to rely thereon; and (i) The plaintiff's consequent and proximate injury." *In re Hashim*, 356 B.R. 728, 740 (Bankr. D. Ariz. 2007). |
| AR | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"To establish fraud, a plaintiff must prove five elements: (1) a false representation of material fact; (2) knowledge or belief by the defendant that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and (5) damage suffered as a result of that reliance." *Templeton v. UPS, Inc.*, 216 S.W.3d 563, 567 (Ark. 2005). |

| STATE | FRAUD |
|---|---|
| CA | **STANDARD ELEMENTS**<br>"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Philipson & Simon v. Gulsvig*, 64 Cal.Rptr.3d 504, 516 (Cal. Dist. Ct. App. 2007) (citations omitted). |
| CO | **STANDARD ELEMENTS PLUS "MATERIALITY" AND "IGNORANCE OF THE FALSITY"**<br>"To establish fraud, the plaintiff must show that the defendant made a false representation of a material fact, knowing that representation to be false; that the person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention that it be acted upon; and, that the reliance resulted in damage to the plaintiff." *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). |
| CT | **STANDARD ELEMENTS**<br>"In order to plead a cause of action for fraud, a plaintiff must allege that: '(1) a false representation was made [by the defendant] as a statement of fact; (2) the statement was untrue and known to be so by [the defendant]; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment.'" *Nazami v. Patrons Mut. Ins. Co.*, 910 A.2d 209, 214 (Conn. 2006) (quoting *Weinstein v. Weinstein*, 882 A.2d 53, 65 (Conn. 2005)). |
| DE | **STANDARD ELEMENTS; ALLOWS "RECKLESS DISREGARD"**<br>"To state a claim for common law fraud, the [plaintiff] must plead facts supporting an inference that: (1) the defendants falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendants knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendants intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance.'" *Trenwick Am. Litig. Trust v. Ernst & Young, LLP*, 906 A.2d 168, 207 (Del. Ch. 2006). |

| STATE | FRAUD |
|---|---|
| DC | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Caulfield v. Stark*, 893 A.2d 970, 974 (D.C. 2006).<br><br>"To establish a common law fraud claim, a plaintiff must allege with particularity that: (1) the defendant made a false representation; (2) the representation was in reference to a material fact; (3) the defendant had knowledge of its falsity; (4) the defendant intended to deceive (scienter); (5) the plaintiff acted in reliance on the misrepresentation; and (6) the reliance was reasonable." *Burman v. Phoenix Worldwide Indus.*, 384 F.Supp.2d 316, 337 n.16 (D.D.C. 2005). |
| FL | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>To state a cause of action for fraudulent misrepresentation, "a plaintiff is required to allege the following elements in the complaint: (1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages. *Romo v. Amedex Ins. Co.*, 930 So.2d 643, 650-51 (Fla. App. 2006). |
| GA | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"One asserting fraud must show five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." *Collins v. Regions Bank*, 282 Ga. App. 725, 727, 639 S.E.2d 626, 628 (2006); O.C.G.A. § 1-6-2(a). |
| HI | **STANDARD ELEMENTS**<br>"A party claiming fraud must establish the following elements: (1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1067 (Hawaii 2000). |
| ID | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"To successfully bring an action for fraud, a plaintiff must establish the existence of the following elements: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *Mannos v. Moss*, 155 P.3d 1166, 170 (Idaho 2007). |

| STATE | FRAUD |
|---|---|
| IL | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"To state a claim for fraudulent misrepresentation, a plaintiff must allege: '(1) a false statement of material fact; (2) that the party making the statement knew the statement was false or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on that statement and did, in fact, rely on it; (4) the statement was made for the purpose of inducing the other party to act; and (5) that reliance by the person to whom the statement was made led to his injury.'" *Cangemi v. Advocate S. Suburban Hosp.*, 845 N.E.2d 792, 811 (Ill. App. 2006) (quoting *Stewart v. Thrasher*, 610 N.E.2d 799, 803 (Ill. App. 1993)). |
| IN | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESS IGNORANCE"**<br>"To establish a cause of action for fraudulent mispresentation, the McCutchans must demonstrate that (1) the Blancks made false statements of past or existing material facts; (2) the Blancks made such statements knowing them to be false or made them recklessly without knowledge as to their truth or falsity; (3) the Blancks made the statements to induce the McCutchans to act upon them; (4) the McCutchans justifiably relied and acted upon the statements; and (5) the McCutchans suffered injury." *McCutchan v. Blanck*, 846 N.E.2d 256, 264 (Ind. App. 2006). |
| IA | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"Proving fraud is a difficult task. A plaintiff must prove several factors by clear and convincing evidence, including (1) misrepresentation or failure to disclose when under a legal duty to do so, (2) materiality, (3) scienter, (4) intent to deceive, (5) justifiable reliance, and (6) resulting injury or damage." *In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999). |
| KS | **STANDARD ELEMENTS**<br>"The elements of an action for fraud include [1] an untrue statement of fact, [2] known to be untrue by the party making it, [3] made with the intent to deceive or with reckless disregard for the truth, [4] upon which another party justifiably relies and [5] acts to his or her detriment." *Bomhoff v. Nelnet Loan Services, Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (quoting *Alires v. McGehee*, 277 Kan. 398, Syl. ¶ 3, 85 P.3d 1191 (2004)). |
| KY | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESSLY MADE"**<br>"A party claiming fraud must establish six elements by clear and convincing evidence: a) material representation, b) which is false, c) known to be false or recklessly made, d) made with inducement to be acted upon, e) acted in reliance thereon, and f) causing injury." *Farmers Bank and Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005). |

| STATE | FRAUD |
|---|---|
| LA | **NON-STANDARD ELEMENTS**<br>"To state a cause of action for fraud, plaintiff must allege both a misrepresentation, suppression, or omission of true information and the intent to obtain an unjust advantage or to cause damage or inconvenience to another." *Kevin Fenner v. Frank DeSalvo*, 826 So.2d 39, 44 (La. App. 2002).<br><br>"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." LSA-C.C. ART. 1953. |
| ME | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESS DISREGARD"**<br>"Fraudulent misrepresentation occurs when someone: (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to [her] damage.... Reliance is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to [her]." *Dowling v. Bangor Hous. Auth.*, 910 A.2d 376, 382 (Me. 2006). |
| MD | **STANDARD ELEMENTS; ALLOWS "RECKLESS INDIFFERENCE"**<br>"To prove an action for civil fraud based on affirmative misrepresentation, the plaintiff must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation." *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). |
| MA | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"In order to establish claims of fraudulent and negligent misrepresentation, the plaintiff, at a minimum, must establish that the defendant 'made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage.' *Danca v. Taunton Sav. Bank*, 429 N.E.2d 1129 (Mass. 1982) (quoting *Barrett Assocs. v. Aronson*, 190 N.E.2d 867 (Mass. 1963)). It is sufficient to show 'proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge'; actual intent to deceive on the part of the defendants need not be shown. *Powell v. Rasmussen*, 243 N.E.2d 167 (Mass. 1969) (quoting *Chatham Furnace Co. v. Moffatt*, 18 N.E. 168 (1888))." *Russell v. Cooley Dickinson Hosp. Inc.*, 772 N.E.2d 1054, 1066 (Mass. 2002). |

| STATE | FRAUD |
|---|---|
| MI | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESSLY MADE"** <br> "The elements of fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury." *City of Novi v. Robert Adell Children's Funded Trust*, 701 N.W.2d 144, 152 n.8 (Mich. 2005). |
| MN | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESS DISREGARD"** <br> "Under Minnesota law, the elements of fraudulent misrepresentation are: '(1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer pecuniary damage as a result of the reliance.'" *Zutz v. Case Corp.*, 422 F.3d 764, 771 (8th Cir. 2005) (quoting *Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986)). |
| MS | **STANDARD ELEMENTS PLUS "MATERIALITY"** <br> "In order to properly bring a claim for fraud, the plaintiff must assert the following: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that it should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Eagle Mgmt., LLC v. Parks*, 938 So.2d 899, 904 (Miss. App. 2006). |
| MO | **STANDARD ELEMENTS PLUS "MATERIALITY"** <br> "The elements of fraudulent misrepresentation under Missouri law are: (1) the representation is false; (2) the representation is material; (3) the speaker knows of the representation's falsity; (4) the speaker intends the hearer to act on the representation "in the manner reasonably contemplated"; (5) the hearer is ignorant of the representation's falsity; (6) the hearer relies on the representation's truth; (7) the hearer has a right to rely on the representation; and (8) the hearer is consequently and proximately injured." *Cordry v. Vanderbilt Mortgage & Fin., Inc.*, 445 F.3d 1106, 1111-12 (8th Cir. 2006). |

| STATE | FRAUD |
|---|---|
| MT | **STANDARD ELEMENTS PLUS "MATERIALITY" AND "IGNORANCE OF THE FALSITY"**<br>"To establish a prima facie case of actual fraud, the party asserting the claim must establish the following nine elements: (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of the representation; (8) the hearer's right to rely upon the representation; and (9) the hearer's consequent and proximate injury or damages caused by their reliance on the representation." *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). |
| NE | **STANDARD ELEMENTS; ALLOWS "RECKLESS DISREGARD"**<br>"In order to recover on an action for fraudulent misrepresentation, State Bank must show: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that it should be relied upon; (5) that the party reasonably did so rely; and (6) that the party suffered damage as a result." *State Bank of Trenton v. Lutz*, 719 N.W.2d 731, 736 (Neb. App. 2006). |
| NV | **STANDARD ELEMENTS**<br>"Fraudulent misrepresentation occurs when a false representation is made with knowledge or belief that it is false, or with an insufficient basis of information for making the representation, and with intent to induce the plaintiff to act, and the plaintiff relies on the misrepresentation with resulting damages." *Jordan v. Nevada*, 110 P.3d 30, 51 (Nev. 2005). |
| NH | **STANDARD ELEMENTS**<br>"The party seeking to prove fraud must establish that the other party 'made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it.' In addition, the party seeking to prove fraud 'must demonstrate justifiable reliance.'" *Van Der Stok v. Van Voorhees*, 866 A.2d 972, 975 (N.H. 2005) (quoting *Snierson v. Scruton*, 761 A.2d 1046, 1049 (N.H. 2000)). |

| STATE | FRAUD |
|---|---|
| NJ | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"To state a claim for common law fraud, the following five elements must be pled: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *State, Dept. of Treasury, Div. of Inv.* ex rel *Mccormac v. Qwest Commc'n Intern.*, 904 A.2d 775, 784 (N.J. Super. 2006). |
| NM | **STANDARD ELEMENTS**<br>"A misrepresentation of fact, known by the maker to be untrue, made with the intent to deceive the party to whom the representation was made and to induce that other party to act, is actionable fraud when the other party does act upon the misrepresentation to its detriment." *Otero v. Jordan Rest. Enter.*, 922 P.2d 569, 574 (N.M. 1996). |
| NY | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"Defendants were required to allege 'a material representation, known to be false, made with the intention of inducing reliance, upon which [defendants] actually relie[d], consequently sustaining a detriment.'" *Wright v. Selle*, 811 N.Y.S.2d 525, 527-28 (N.Y. App. Div. 2006) (quoting *Lynch v. Wise Metals Group*, 798 N.Y.S.2d 14, 16 (N.Y. App. Div. 2005)). "'A false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties.'" *Id.* (quoting *Graubard Mollen Dannett & Horowitz v. Moskovitz*, 653 N.E.2d 1179, 1184 (N.Y. 1995)). |
| NC | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"To prove a claim of fraudulent misrepresentation, 'the party asserting it must show (i) false representation or concealment of a material fact, (ii) reasonably calculated to deceive, (iii) made with intent to deceive, (iv) which does in fact deceive, (v) resulting in damage to the injured party.'" *Taylor v. Gore*, 588 S.E.2d 51, 54 (N.C. App. 2003) (quoting *Deans v. Layton*, 366 S.E.2d 560, 565-66 (N.C. App. 1988)). |

| STATE | FRAUD |
|---|---|
| ND | **STANDARD ELEMENTS**<br>"Actionable fraud under N.D. CENT. CODE § 9-03-08 includes the making of an affirmative statement of fact, known to be untrue, with intent to deceive another or induce another to enter into a contract." *Kary v. Prudential Ins. Co. of Am.*, 541 N.W.2d 703, 705 (N.D. 1996).<br><br>"Actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with the party's connivance, with intent to deceive another party thereto or to induce the other party to enter into the contract:<br>1. The suggestion as a fact of that which is not true by one who does not believe it to be true;<br>2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true;<br>3. The suppression of that which is true by one having knowledge or belief of the fact;<br>4. A promise made without any intention of performing it; or<br>5. Any other act fitted to deceive." N.D. CENT. CODE § 9-03-08. |
| OH | **STANDARD ELEMENTS PLUS "MATERIALITY";**<br>**ALLOWS "UTTER DISREGARD" AND "RECKLESSNESS"**<br>"Fraud consists of '(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.'" *Groob v. KeyBank*, 843 N.E.2d 1170, 1178 (Ohio 2006) (quoting *Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d 709, 712 (Ohio 1987)). |
| OK | **STANDARD ELEMENTS PLUS "MATERIALITY";**<br>**ALLOWS "RECKLESS DISREGARD"**<br>"The elements of common law fraud are: 1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his/her own detriment." *Rogers v. Meiser*, 68 P.3d 967, 977 (Okla. 2003). |

9

| STATE | FRAUD |
|---|---|
| OR | **STANDARD ELEMENTS PLUS "MATERIALITY" AND HEARER'S "IGNORANCE OF THE FALSITY"**<br>"The elements of common-law fraud are: '(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.'" *Estate of Schwarz v. Phillip Morris Inc.*, 135 P.3d 409, 422 (Or. App. 2006) (quoting *Conzelmann v. N. W. P. & D. Prod. Co.*, 190 Or. 332, 350, 225 P.2d 757 (Or. 1950)). |
| PA | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESSNESS"**<br>"The elements of intentional misrepresentation are as follows: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999). |
| RI | **STANDARD ELEMENTS**<br>"To establish a prima facie damages claim in a fraud case, 'the plaintiff must prove that the defendant "made a false representation intending thereby to induce plaintiff to rely thereon" and that the plaintiff justifiably relied thereon' to his or her damage." *Bitting v. Gray*, 897 A.2d 25, 34 (R.I. 2006) (quoting *Bogosian v. Bederman*, 823 A.2d 1117, 1120 (R.I. 2003) (quoting *Stebbins v. Wells*, 766 A.2d 369, 372 (R.I. 2001))). |
| SC | **STANDARD ELEMENTS PLUS "MATERIALITY"; ALLOWS "RECKLESS DISREGARD"**<br>"To establish a cause of action for fraud, the following elements must be proven by clear, cogent, and convincing evidence: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Schnellmann v. Roettger*, 645 S.E.2d 239, 241 (S.C. 2007). |

| STATE | FRAUD |
|---|---|
| SD | **STANDARD ELEMENTS; ALLOWS "RECKLESSLY MADE"**<br>"The elements of the tort claim of deceit . . . are: A representation made as a statement of fact, which is untrue and intentionally or recklessly made 1. With intent to deceive for the purpose of inducing the other party to act upon it; 2. Reliance upon the untrue statement of fact; 3. Resulting in injury or damage." *Guthmiller v. Deloitte & Touche, LLP*, 699 N.W.2d 493, 498 (S.D. 2005). |
| TN | **STANDARD ELEMENTS PLUS "MATERIALITY"**<br>"The common law action for fraud may be stated as follows: When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury." *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991). |
| TX | **STANDARD ELEMENTS PLUS "MATERIALITY";<br>ALLOWS "RECKLESSLY MADE"**<br>"The elements of actionable fraud in Texas were stated in *Wilson v. Jones*, 45 S.W.2d 572, 574 (Tex. Comm.App.1932, holding app'd*)*: (1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in justifiable reliance upon it; and (6) that he thereby suffered injury." *Barrand, Inc. v Whataburger, Inc.*, 214 S.W.3d 122, 141 n.5 (Tex. Ct. App. 2006). |
| UT | **STANDARD ELEMENTS PLUS PRE-EXISTING "MATERIAL FACT";<br>ALLOWS "RECKLESSLY MADE"**<br>"The elements that a party must allege 'to bring a claim sounding in fraud' are (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage." *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003) (citations omitted). |

11

| STATE | FRAUD |
|---|---|
| VT | **STANDARD ELEMENTS PLUS "ESSENCE OF THE TRANSACTION" AND FACTS "NOT OPEN TO THE PARTY'S KNOWLEDGE"** <br> "Fraud involves intentional misrepresentation of existing fact 'affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.'" *Monahan v. GMAC Mortgage Corp.*, 893 A.2d 298, 320 (Vt. 2005) (quoting *Silva v. Stevens*, 589 A.2d 852, 857 (Vt. 1991)). |
| VA | **STANDARD ELEMENTS PLUS "MATERIALITY"** <br> "A cause of action for actual fraud requires the plaintiff to prove: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Cohn v. Knowledge Connections, Inc.*, 585 S.E.2d 578, 581 (Va. 2003). |
| WA | **STANDARD ELEMENTS PLUS "MATERIALITY"** <br> "The nine elements of fraud are: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). |
| WV | **STANDARD ELEMENTS PLUS "MATERIALITY"** <br> "The essential elements in an action for fraud are: '(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied upon it.'" *Kidd v. Mull*, 595 S.E.2d 308, 313 (W.Va. 2004) (quoting *Horton v. Tyree*, 139 S.E.2d 737, 738 (W.Va. 1927)). |

| STATE | FRAUD |
|---|---|
| WI | **STANDARD ELEMENTS ALLOWS "RECKLESS DISREGARD"**<br>"The elements of intentional misrepresentation are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant made the representation either knowing that it was untrue, or recklessly not caring whether it was true or false; (4) the defendant made the representation with the intent to deceive the plaintiff in order to induce the plaintiff to act on it to plaintiff's pecuniary damage; and (5) the plaintiff believed that the representation was true and relied on it." *Malzewski v. Rapkin*, 723 N.W.2d 156, 162 (Wis. App. 2006).<br><br>"A buyer's claim based on a seller's alleged 'intentional misrepresentation requires that the buyer's reliance be justifiable.'" *Id.* (quoting *Lambert v. Hein*, 582 N.W.2d 84, 92 (Wis. App. 1998)). |
| WY | **STANDARD ELEMENTS ALLOWS<br>HONESTY AND PURITY DEFENSE**<br>"The elements of fraud are: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. '[F]raud will not be imputed to any party when the facts and circumstances out of which it is alleged to arise are consistent with honesty and purity of intention.' It will never be presumed." *Sherard v. Sherard*, 142 P.3d 673, 677-78 (Wyo. 2006) (quoting *Duffy v. Brown*, 708 P.2d 433, 437 (Wyo. 1985)). |

LIT\1004604.3