# EXHIBIT G

**VARIATIONS IN STATE LAW REGARDING THE ELEMENTS OF
FRAUDULENT CONCEALMENT CLAIMS**

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| AL | **NO** *Palm Harbor Homes, Inc. v. Crawford*, 689 So. 2d 3, 11-12 (Ala. 1997) (allowing fraudulent suppression claim when contractual privity is absent); ALA. CODE § 6-5-102. | **INTENT TO INDUCE RELIANCE OR DECEIVE[4] (if no duty to disclose exists)** *Ex parte Farmers Exchange Bank*, 783 So. 2d 24, 26 (Ala. 2000) ("A defendant who has no duty to disclose arising from his relationship with the plaintiff may nevertheless be liable for fraudulent concealment if he knowingly takes action to conceal a material fact that has been requested of him by the plaintiff and does so with the intent to deceive or mislead the plaintiff."). **CLEAR AND CONVINCING PROOF[5]** *Haleyville Health Care Center v. Winston County Hosp. Bd.*, 678 So. 2d 789, 791-92 (Ala. Civ. App. 1996). | **RELATIONSHIP OF TRUST AND CONFIDENCE[6]** ALA. CODE § 6-5-102 ("The obligation to communicate may arise from the confidential relations of the parties"). **PARTICULAR CIRCUMSTANCES[7]** *See* ALA. CODE § 6-5-102 (The obligation to communicate may arise . . . from the particular circumstances of the case."). |

---

[1]  This column denotes whether the state requires a plaintiff bringing a fraudulent concealment claim to be in privity with the defendant.

[2]  This column details various additional elements and variations that distinguish a particular state's fraud claim from the general common law elements of a fraud claim.

[3]  States vary widely concerning the circumstances under which a duty to disclose is imposed.  This column illustrates the major differences amongst states.

[4]  A number of states specifically require that the defendant have intended that the plaintiff rely on or be deceived by defendant's misrepresentation.

[5]  Some states require clear and convincing proof for a claim of fraudulent concealment.

[6]  A relationship of trust and confidence is similar to the requirement of a fiduciary relationship; however, relationships of trust and confidence can exist when a fiduciary relationship does not.  Friendship under

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| AK | **NO** *See Palmer v. Borg-Warner Corp.*, 838 P.2d 1243, 1252 (Alaska 1992) (discussing possibility of fraudulent concealment claim against aircraft engine manufacturer when no privity existed). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Palmer v. Borg-Warner Corp.*, 838 P.2d 1243, 1252 n.16 (Alaska 1992) (reciting one of the elements a plaintiff must prove as "the defendant intends to induce the plaintiff to refrain from action"). | **FIDUCIARY RELATIONSHIP[8]** *Henash v. Ipalook*, 985 P.2d 442, 446 (Alaska 1999) ("Fraud can be established by silence or non-disclosure when a fiduciary relationship exists between parties.... The fiduciary has a duty to fully disclose information which might affect the other person's rights and influence his action.") (internal quotations omitted). |

certain circumstances may even qualify as a relationship of trust and confidence. State case law regarding relationships of trust and confidence is sparse and widely varies.

[7]  Some states do not enumerate specific criteria where a disclosure must occur, but instead require disclosure when the circumstances of each case may so require.

[8]  Many states require disclosure when the parties to the transaction are fiduciaries. This is the most stringent standard as to when a duty to disclose exists.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| AZ | UNAWARE OF AUTHORITY ON POINT | **INTENT TO INDUCE RELIANCE OR DECEIVE (if no duty to disclose exists)** *Wells Fargo Bank of Arizona Laborers, Teamsters and Cement Masons Local*, 38 P.3d 12, 21 (Ariz. 2002) ("Unlike simple nondisclosure, a party may be liable for acts taken to conceal, mislead or otherwise deceive, even in the absence of a fiduciary, statutory, or other legal duty to disclose."). **CLEAR AND CONVINCING PROOF** *Wells Fargo Bank of Arizona Laborers, Teamsters and Cement Masons Local*, 38 P.3d 12, 36 n.24 (Ariz. 2002) ("We adopt the heightened standard [of clear and convincing proof] for this tort because fraudulent concealment is essentially the equivalent of fraud by a misrepresentation."). | **PARTICULAR CIRCUMSTANCES** *Wells Fargo Bank of Arizona Laborers, Teamsters and Cement Masons Local*, 38 P.3d 12, 34 (Ariz. 2002) ("In Arizona, whether a duty to speak exists at all is determined by reference to all the circumstances of the case."). |

3

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| AR | UNAWARE OF AUTHORITY ON POINT | UNAWARE OF AUTHORITY ON POINT | **RELATIONSHIP OF TRUST AND CONFIDENCE** *Archer-Daniels-Midland Co. v. Beadles Enter., Inc.*, 2006 WL 1779561, at *2 (Ark. 2006) ("A confidential or special relationship between parties gives rise a duty to speak and clarify information upon which others might rely.") (unpublished opinion). **FIDUCIARY RELATIONSHIP** *Archer-Daniels-Midland Co. v. Beadles Enter., Inc.*, 2006 WL 1779561, at *2 (Ark. 2006) ("Constructive fraud can exist in cases of breaches of fiduciary duties, but a plaintiff must show a material representation of fact.") (unpublished opinion). |

4

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| CA | **NO**<br>CAL. CIVIL CODE § 1709 (privity requirement not referenced in statute); see also *See Outboard Marine Corp. v. Superior Ct.,* 124 Cal. Rptr. 852 (Cal. Ct. App. 1975) (privity not discussed in fraudulent concealment claims brought against manufacturer). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Gonsalves v. Hodgson,* 237 P.2d 656, 662 (Cal. 1951) (holding that fraudulent misrepresentation "must be made with intent to induce action by the other party and it must have been relied upon by the other party with justification"); *Fireman v. Monier,* 2002 WL 1995718, at *10 (Cal. App. 1 Dist. Aug. 28, 2002) (unpublished opnion). | **FIDUCIARY RELATIONSHIP OR EXCLUSIVE OR SPECIAL KNOWLEDGE[9]**<br>*Fireman v. Monier,* 2002 SL 1995718, at *10 (Cal. App. 1 Dist. Aug. 28, 2002) ("In the absence of some form of active concealment, a mere failure to disclose material facts known to one party and not the other is not actionable fraud unless *either:* (a) there is some fiduciary or confidential relationship between the parties giving rise to a duty to disclose."; or (b) the defendant alone has exclusive knowledge of material facts that he or she knows are not known by, accessible to, or within the reach of the diligent attention and observation of the plaintiff."). |

---

[9] Some states impose a duty to disclose when the information is unique to the defendant or is knowledge that the defendant had from virtue of his position and was remote and largely inaccessible to the plaintiff.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| CO | **NO**<br>*Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1184 (D. Colo. 2002) ("Nor is privity a requirement because the fact that a defendant does not sell its product directly to the plaintiff does not insulate a defendant from liability for its failure to disclose that which in equity and good conscience should have disclosed."). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 1175, 1184 (D. Colo. 2002) (requiring as an element "the intention that the concealment be acted upon").<br><br>**OTHER VARIATION[10]**<br>*Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 1175, 1184 (D. Colo. 2002) (Colorado additionally requires that the plaintiff have been ignorant of the fact that the defendant concealed).<br><br>**PREPONDERANCE OF THE EVIDENCE**<br>*Kopeikin v. Merchs. Mortgage and Trust Corp.*, 679 P.2d 599, 601 (Colo. 1984) (stating when addressing fraudulent concealment claims that "[i]n general, a party asserting a claim in tort has the burden of proving that claim by a preponderance of the evidence"); COL. REV. STAT. § 13-25-127. | **EQUITY AND GOOD CONSCIENCE[11]**<br>*Berger v. Sec. Pac. Info. Sys., Inc.*, 795 P.2d 1380, 1383 (Co. Ct. App. 1990) ("Stated generally, a person has a duty to disclose to another with whom he deals facts that "in equity or good conscience" should be disclosed."). |

---

[10]  ~~The title "other variation" denotes other differences that do not fit within the other bold subcategories~~ stated in this column. These differences may include additional elements a plaintiff must prove in a particular jurisdiction as well as situations in which a state does not require a plaintiff to prove one of the general elements of common law fraud or where a state has modified those elements.

[11]  It appears that Colorado is the only state that imposes the duty to disclose if equity and good conscience would require disclosure. This is the lowest threshold for which a jurisdiction has recognized a duty to disclose.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| CT | **UNAWARE OF AUTHORITY ON POINT** | **CLEAR AND CONVINCING PROOF** *Aksomitas v. Aksomitas*, 529 A.2d 1314, 1317-18 (Ct. 1987) (affirming jury instruction requiring clear and convincing proof for fraudulent concealment claim). | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED**[12] *Kenney v. Healey Ford-Lincoln-Mercury, Inc.,* 730 A.2d 115, 118 (Conn. App. Ct. 1999) ("For a nondisclosure to amount to fraud, 'there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak.... Such a duty is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak.'") (internal citations omitted). |
| DE | **NO** *See Nicolet, Inc. v. Nutt,* 525 A.2d 146, 150 n.3 (Del. 1987) (declining to adopt privity requirement for fraudulent concealment claims as stated under North Carolina law). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *See Nicolet, Inc. v. Nutt,* 525 A.2d 146, 149 (Del. 1987) (requiring as an element "[a]n intent to induce plaintiff's reliance upon the concealment."). | **UNAWARE OF AUTHORITY ON POINT** |

---

[12] A few states have recognized that a duty to disclose exists but have not explained the circumstances that give rise to that duty.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| DC | **NO** *See generally Smith v. Brown & Williamson Tobacco Corp.,* 108 F. Supp. 2d 12, 15-16 (D.D.C. 2000). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Smith v. Brown & Williamson Tobacco Corp.,* 108 F. Supp. 2d 12, 16 (D.D.C. 2000) (requiring as an element "with the intent to deceive"). | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED (but noting fiduciary duty would require disclosure)** *Pyne v. Jamaican Nutrition Holdings Ltd.,* 197 A.2d 118, 131 (D.C. 1985) (stating that "[n]ondisclosure of material information may constitute fraud, . . . especially where there is a duty to disclose" and stating that such duty arises where a fiduciary duty exists). |
| FL | **YES** *See Taylor v. Am. Honda Motor Col,* 555 F. Supp. 59, 64 (M.D. Fla. 1982) (holding that privity is required and stating that "[n]o Florida case has gone so far as to impose upon merchants a duty to disclose information to the public at large, and this Court declines to do so today"). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Kish v. A.W. Chesterton Co.,* 930 So. 2d 704, 707 (Fla.Dist. Ct. App. 2006) (stating that fraud constitutes "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment"). | **FIDUCIARY RELATIONSHIP** *See Taylor v. Am. Honda Motor Col,* 555 F. Supp. 59, 64 (M.D. Fla. 1982) ("In absence of a fiduciary relationship, mere non-disclosure of material facts in an arm's length transaction is ordinarily not actionable misrepresentation unless some artifice or trick has been employed to prevent the representee from making further independent inquiry, though non-disclosure of material facts may be fraudulent where the other party does not have an equal opportunity to become appraised of the facts."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| GA | **YES** Privity would be required because the duty to disclose only arises where a confidential relationship exists. *See generally Lilliston v. Regions Bank*, 653 S.E.2d 306, 309 (Ga. App. Sep. 19, 2007) ("Absent a confidential relationship, no duty to disclose exists between parties engaged in arms-length business transactions."). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Newitt v. First Union Nat'l. Bank*, 270 Ga. App. 538, 543, 607 S.E.2d 188, 194 (2004) (requiring as an element "an intent to induce the party alleging fraud to act or to refrain from acting"). | **RELATIONSHIP OF TRUST AND CONFIDENCE** *Lilliston v. Regions Bank*, 653 S.E.2d 306, 309 (Ga. App. Sep. 19, 2007) ("Absent a confidential relationship, no duty to disclose exists between parties engaged in arms-length business transactions."). |
| HI | **UNAWARE OF AUTHORITY ON POINT** However, in Hawai'i, the elements of the tort of nondisclosure require the parties to be in a business transaction. *See First Hawaiian Bank v. Radomile*, 120 P.3d 1127, 2005 WL 2543112, at *2-3 (Hawai'i 2005) (unpublished opinion). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *See First Hawaiian Bank v. Radomile*, 120 P.3d 1127, 2005 WL 2543112, at *3 (Hawai'i 2005) (stating that required element in nondisclosure claim is whether defendant knew that failure to disclose would induce reliance) (unpublished opinion). | **BUSINESS TRANSACTION[13]** Molokoa Village Dev. Co. v. Kauai Elec. Co., 593 P.2d 375, 381 (Hawai'i 1979); *First Hawaiian Bank v. Radomile*, 120 P.3d 1127, 2005 WL 2543112, at *2-3 (Hawai'i 2005) (unpublished opinion). |

---

[13] Some states adopt *Restatement (Second) of Torts* § 551, that requires disclosure in a business transaction if one party has a duty to disclose "facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts."

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| ID | UNAWARE OF AUTHORITY ON POINT | **CLEAR AND CONVINCING PROOF** *Watts v. Kerbs*, 962 P.2d 387, 391 (Idaho 1998) (requiring clear and convincing evidence in fraudulent concealment case). **OTHER VARIATION** *Jones v. Maestas*, 696 P.2d 920, 922 (Idaho Ct. App. 1985) (holding that duty to disclose arises "only where the information to be conveyed is not already in possession of the other party"). | **RELATIONSHIP OF TRUST AND CONFIDENCE** *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (Idaho 2000). **PARTIAL DISCLOSURE**[14] *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (Idaho 2000). **OTHER CIRCUMSTANCES**[15] *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (Idaho 2000) ("A party may be under a duty to disclose: . . . if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it."). |

---

[14]  A duty to disclose may arise after the defendant has made other disclosures or from the need to prevent other statements from being misleading.

[15]  This title denotes other situations in which a state has found a duty to disclose.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| IL | **NO** <br> *See generally Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996) (holding that duty to disclose must exist and not discussing any element requiring privity). | **INTENT TO INDUCE RELIANCE OR DECEIVE** <br> *Fox v. Heimann*, 872 N.E.2d 126, 138 (Ill. App. Ct. Jul. 10, 2007) (stating, in analyzing concealment claim, that "[t]he defendants' knowledge of the falsity of the statement, or a deliberate concealment with the intent to deceive, is an essential element of common-law fraud"); *Cangemi v. Advocate S. Suburban Hosp.*, 845 N.E.2d 792, 812 (Ill. App. Ct. 2006) ("[A] although an affirmative misrepresentation is normally required to state a claim, a mere concealment may amount to a misrepresentation when it is "done with an intent to deceive under circumstances creating an opportunity and a duty to speak, and the concealed information [is] such that the other party would have acted differently had he been aware of it.") (internal quotations omitted). | **FIDUCIARY RELATIONSHIP** <br> *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996) (stating that duty to disclose arises "if plaintiff and defendant are in a fiduciary or confidential relationship, then defendant is under a duty to disclose all material facts"). <br><br> **RELATIONSHIP OF TRUST AND CONFIDENCE** <br> *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996) (stating that the duty to disclose may arise "out of a situation where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff"). |

11

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| IN | UNAWARE OF AUTHORITY ON POINT | UNAWARE OF AUTHORITY ON POINT | **FIDUCIARY RELATIONSHIP** *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004) ("A duty to disclose may arise by virtue of a fiduciary relationship."). **EXCLUSIVE OR SPECIAL KNOWLEDGE** *Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70, 87 (Ind. Ct. App. 2004) ("A duty to disclose may arise when (1) the material fact is known or accessible only to the defendant; and (2) the defendant knows that the plaintiff is unaware of the fact or cannot reasonably discover the undisclosed fact."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| IA | **NO**<br>*See Wright v. Brooke Group Ltd.*, 652 N.W.2d 159, 174-76 (Iowa 2002) (holding that a manufacturer has a duty to disclose to a consumer "matters known to [the manufacturer] that [it] knows to be necessary to prevent [its] partial or ambiguous statement of the facts from being misleading" and "subsequently acquired information that would prevent a prior statement from being false or misleading"). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999) (treating concealment claim as a fraud claim and explaining that fraud requires a showing of "intent to deceive").<br><br>**CLEAR AND CONVINCING PROOF**<br>*In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999) (treating concealment claim as a fraud claim and explaining that fraud requires clear and convincing evidence). | **BUSINESS TRANSACTION**<br>*See Wright v. Brooke Group Ltd.*, 652 N.W.2d 159, 174-76 (Iowa 2002) (holding that a manufacturer has a duty to disclose to a consumer "matters known to [the manufacturer] that [it] knows to be necessary to prevent [its] partial or ambiguous statement of the facts from being misleading" and "subsequently acquired information that would prevent a prior statement from being false or misleading"). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| KS | **UNAWARE OF AUTHORITY ON POINT** *But see Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078-79 (D. Kan. 2004) (holding that no duty to disclose existed during the performance of a purchase contract). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004) (stating that an element of "fraud by silence" is that "defendant intentionally failed to communicate the material facts to plaintiff"). **JUSTIFIED RELIANCE**[16] *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004) (stating that an element of "fraud by silence" is that "plaintiff justifiably relied on defendant to communicate the material facts to plaintiff"). **CLEAR AND CONVINCING PROOF** *Webb v. Pomeroy*, 655 P.2d 465, 469 (Kan. Ct. App. 1982) ("To support fraudulent concealment, the quality of evidence must be clear and convincing."). | **EXCLUSIVE OR SPECIAL KNOWLEDGE OR FIDUCIARY RELATIONSHIP** *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004) ("Kansas courts have held that the duty to disclose arises in two situations: 1) a contracting party that has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain ; and 2) parties in a fiduciary relationship must disclose material information to one another."). |

---

[16] Many states require that the reliance by the plaintiff be justified. The general common law elements of fraud require only that the plaintiff have relied on the misrepresentation.

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| KY | UNAWARE OF AUTHORITY ON POINT | INTENT TO INDUCE RELIANCE OR DECEIVE *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. 1998) (holding that for fraudulent concealment claim a plaintiff must prove that defendant's failure to disclose a material fact induced him to act). | FIDUCIARY RELATIONSHIP *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. 1998). PARTIAL DISCLOSURE *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. 1998). EXCLUSIVE OR SPECIAL KNOWLEDGE *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 129 (Ky. 1998). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| LA | **N0**<br>*See generally In Re: Ford Motor Company Vehicle Paint Litig.*, 1997 WL 539665 (E.D. La. 1997). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>Louisiana has adopted a two part rather than a four part test for fraudulent concealment. *See In Re: Ford Motor Company Vehicle Paint Litig.*, 1997 WL 539665, at *2 (E.D. La. 1997). (holding plaintiff must prove "(1) an intent to defraud or gain an unfair advantage, and (2) a resulting actual or potential loss or damage"). | **FIDUCIARY RELATIONSHIP**<br>*Bunge Corp. v. Gatx Corp.*, 557 So. 2d 1376, 1383-84 (La. 1990).<br><br>**EXCLUSIVE OR SPECIAL KNOWLEDGE**<br>*Bunge Corp. v. Gatx Corp.*, 557 So. 2d 1376, 1384 (La. 1990). (holding that "when material facts are only accessible to vendor and not within the reach of the diligent attention, observation and judgment of the plaintiff, the vendor is bound to disclose them").<br><br>**OTHER**<br>Louisiana requires a greater duty to disclose information affecting health and safety than information affecting property. Louisiana also has imposed the duty to disclose when "failure to disclose would violate a standard requiring conformity to what the ordinary ethical person would have disclosed. *Bunge Corp. v. Gatx Corp.*, 557 So. 2d 1376, 1384 (La. 1990). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| ME | UNAWARE OF AUTHORITY ON POINT | **OTHER VARIATION**<br>*Kezer v. Mark Stimson Assocs.*, 742 A.2d 898, 905 (Me. 1999) ("Where there is no affirmative misrepresentation by the defendant, in order to prove fraud a plaintiff must demonstrate an active concealment of the truth or a special relationship that imposes a duty to disclose on the defendant."). | **FIDUCIARY RELATIONSHIP**<br>*Glynn v. Atlanta Seaboard Corp.*, 728 A.2d 117, 120 (Me. 1999) ("Where a fiduciary relationship exists between the parties, 'omission by silence may constitute the supplying of false information.'").<br><br>**OTHER CIRCUMSTANCES**<br>*Kezer v. Mark Stimson Assocs.*, 742 A.2d 898, 905 (Me. 1999) (explaining that the a special relationship requires disclosure). |

17

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| MD | **NO**<br>*Lloyd v. Gen. Motors Corp.,* 916 A.2d 257, 266-67 n.3 (Md. Feb. 8, 2007) (noting that the Supreme Court of Maryland has rejected the argument that privity is not necesarrarily required for a duty to arise in tort); *but see Estate of White v. R.J. Reynolds Tobacco Co.,* 109 F. Supp. 2d 424, 431 (D. Md. 2000) ("In this Court's judgment, the arms-length relationship between defendant cigarette manufacturers and White, the consumer of their products, does not create a special relationship that gives rise to a duty to speak."). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Lloyd v. Gen. Motors Corp.,* 916 A.2d 257, 274 (Md. Feb. 8, 2007) (requiring as an element for a concealment claim that "the defendant intended to defraud or deceive the plaintiff").<br><br>**OTHER VARIATION**<br>*Lloyd v. Gen. Motors Corp.,* 916 A.2d 257, 274 (Md. Feb. 8, 2007) (stating that absent a fiduciary duty, a defendant must take an affirmative act by the defendant that is more than mere silence); *Sass v. Andrew,* 832 A.2d 247, 260 (Md. Ct. App. 2003) (stating that "[e]ven in the absence of a duty of disclosure, one who suppresses or conceals facts which materially qualify representations made to another may be guilty of fraud") (quotations omitted). | **FIDUCIARY RELATIONSHIP**<br>*See Estate of White v. R.J. Reynolds Tobacco Co.,* 109 F. Supp. 2d 424, 431 (D. Md. 2000) (noting requirement of a special/fiduciary relationship to create a duty to disclose).<br><br>**RELATIONSHIP OF TRUST AND CONFIDENCE**<br>*Hogan v. Md. State Dental Ass'n,* 843 A.2d 902, 908 (Md. Ct. App. 2004) ("A duty to disclose arises in certain relationships such as a confidential or fiduciary relationship."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| MA | UNAWARE OF AUTHORITY ON POINT | UNAWARE OF AUTHORITY ON POINT | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED** *Healy v. McGhan Med. Corp.,* 2001 WL 717110, at \*6 (Mass. Super. Ct. 2001) (recognizing that a duty to disclose can exist based on a "special relationship" but finding no duty existed in that case).<br><br>**PARTIAL DISCLOSURE** *Gossels v. Fleet Nat. Bank,* 876 N.E.2d 872, 881-82 (Mass. Ct. App. Aug. 22, 2007) ("With respect to the bank's conduct here, the law is well-settled. [A]lthough [t]he rule of nonliability for bare nondisclosure has been stated and followed' for years, that rule has long been tempered with an exception for the uttering of a half truth which may be tantamount to a falsehood.") (internal citations and quotations omitted). |
| MI | UNAWARE OF AUTHORITY ON POINT | **OTHER VARIATION** Michigan recognizes a cause of action for "silent fraud." *The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,* 686 N.W.2d 770, 782 (Mich. Ct. App. 2004) ("Suppression of facts and truths can constitute silent fraud where the circumstances are such that there exists a legal or equitable duty to disclose.). | **PARTIAL DISCLOSURE** *The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust,* 686 N.W.2d 770, 782 (Mich. Ct. App. 2004) ("A legal duty to disclose commonly arises from a circumstance in which the plaintiff inquires regarding something, to which the defendant makes a false or misleading representation by replying incompletely with answers that are truthful but omit material information."). |

19

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| MN | **YES**<br>*See Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Col,* 113 F.3d 1484 (8th Cir. 1997)(stating that "absent any relationship between plaintiffs and Dow Chemical, there can be no duty to speak"). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*See Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Col,* 113 F.3d 1484, 1497 (8th Cir. 1997).<br><br>**OTHER VARIATION**<br>*Flynn v. Am. Home Prods. Corp.,* 627 N.W.2d 342, 350 (Minn. Ct. App. 2001) (stating that an element for a concealment claim is that "one party knowingly conceals a material fact that is peculiarly within his own knowledge") (quotations omitted). | **FIDUCIARY RELATIONSHIP**<br>*Flynn v. Am. Home Prods. Corp.,* 627 NW.2d 342, 349 (Minn. Ct. App. 2001).<br><br>**EXCLUSIVE OR SPECIAL KNOWLEDGE**<br>*Flynn v. Am. Home Prods. Corp.,* 627 NW.2d 342, 350 (Minn. Ct. App. 2001). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| MS | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION** Mississippi requires that defendant took an affirmative act that precluded the discovery of information. *Davidson v. Rogers*, 431 So. 2d 483, 485 (Miss. 1983) ("In order to recover damages for fraudulent concealment, appellant must demonstrate appellee took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim."). **CLEAR AND CONVINCING PROOF** *Mitchell v. Nelson*, 830 So. 2d 635, 639-40 (Miss. 2002) (affirming that proving fraud requires clear and convincing evidence). | **FIDUCIARY RELATIONSHIP** *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1048 (Miss. Ct. App. Apr. 3, 2007) ("In Mississippi, the duty to disclose material facts only arises where there is a fiduciary relationship between the parties."). **BUSINESS TRANSACTION** *Holman v. Howard Wilson Chrysler Jeep, Inc.*, 2007 WL 2792479, at *2-3 (Miss. Sep. 27, 2007) ("The duty to disclose is based upon a theory of fraud that recognizes that the failure of a party to a business transaction to speak may amount to the suppression of a material fact which should have been disclosed and is, in effect, fraud."). **RELATIONSHIP OF TRUST AND CONFIDENCE** *Memphis Hardwood Flooring Co. v. Daniel*, 771 So. 2d 924, 931 (Miss. 2000). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| MO | **NO**<br>*See Gen. Motors Corp. Anti-Lock Brake Prods. Liability Litig.,* 966 F. Supp. 1525, 1535 (E.D. Mo. 1997) (but stating that if privity of contract exists, a duty to disclose could arise). | **OTHER VARIATION**<br>Missouri requires a plaintiff to show that "the [non-disclosed] fact was not within the fair and reasonable reach of the plaintiff." *Littlefield v. Edmonds,* 172 S.W.3d 903, 907 (Mo. Ct. App. 2005). | **FIDUCIARY RELATIONSHIP**<br>*See General Motors Corp. Anti-Lock Brake Products Liability Litigation,* 966 F. Supp. 1525, 1535 (E.D. Mo. 1997).<br><br>**EXCLUSIVE OR SPECIAL KNOWLEDGE**<br>*See General Motors Corp. Anti-Lock Brake Products Liability Litigation,* 966 F. Supp. 1525 (E.D. Mo. 1997). (allowing claim but requiring plaintiff "to show that he exercised due diligence to obtain the information"). |
| MT | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION**<br>In Montana, concealment claims are brought as "constructive fraud" claims. *Houdashelt v. Lutes,* 938 P.2d 665, 672 (Mont. 1997). | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED**<br>*Houdashelt v. Lutes,* 938 P.2d 665, 672 (Mont. 1997) ("This Court has held that constructive fraud requires the breach of a duty."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| NE | **NO** *Drikosen v. Black, Sivalls & Bryson, Inc.*, 64 N.W.2d 88, 98 (Neb. 1954). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Kracl v. Loseke*, 461 N.W.2d 67, 72 (Neb. 1990). <br><br>**OTHER VARIATION** *Kracl v. Loseke*, 461 N.W.2d 67, 72 (Neb. 1990) (requiring as an element for a concealment claim "that this material fact was not within the reasonably diligent attention, observation, and judgment of the plaintiff"). <br><br>**PREPONDERANCE OF THE EVIDENCE** *Kracl v. Loseke*, 461 N.W.2d 67, 72 (Neb. 1990) (explaining that to maintain an action for fraudulent concealment, the plaintiff must prove the elements by a preponderance of the evidence in the vendor/purchaser context). | **FIDUCIARY RELATIONSHIP** *Nat'l Am. Ins. Co. v. Constructors Bonding Co.*, 719 N.W.2d 297, 303 (Neb. 2006) ("As a general rule, a party to a transaction does not have a duty to disclose facts to the other unless there is a fiduciary relationship between the parties."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| NV | **YES** *See Dow Chem. Co. v. Mahlum*, 970 P.2d 98 (Nev. 1998) (holding that before a duty to arise, some form relationship must exist), *overruled in part on other grounds*, GES, Inc. v. Corbitt, 21 P.3d 11 (Nev. 2001). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds, GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). | **FIDUCIARY RELATIONSHIP** *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds, GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). **RELATIONSHIP OF TRUST AND CONFIDENCE** *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998) (stating that duty to disclose may arise when a "special relationship" exists in which "a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence") , *overruled in part on other grounds, GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). **EXCLUSIVE OR SPECIAL KNOWLEDGE** *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998). (stating that duty to speak may arise based on special knowledge even in arm's length transactions) , *overruled in part on other grounds, GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| NH | **NO**<br>*See generally King v. Philip Morris, Inc.,* 2000 WL 34016358, at *11 (N.H. Super. Nov. 2, 2000). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*See King v. Philip Morris, Inc.,* 2000 WL 34016358 (N.H. Super. Nov. 2, 2000).<br><br>**OTHER VARIATION**<br>*See King v. Philip Morris, Inc.,* 2000 WL 34016358, at *10 (N.H. Super. 2000). New Hampshire allows fraud claims when the defendant was consciously indifferent to the truth of a statement. New Hampshire also requires that, in the vendor/purchaser context, the purchaser must not have equal means of information as the vendor. | **PARTIAL DISCLOSURE**<br>*See Ingaharro v. Blanchette,* 440 A.2d 445, 447 (N.H. 1982) (explaining in negligent misrepresentation case that "[e]ven if a seller has no duty originally, partial disclosure by a seller creates a duty for full disclosure"). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| NJ | **NO**<br>*See Cipollone v. Liggett Group, Inc.*, 683 F. Supp. 1487, 1500 (D.N.J. 1988). | **JUSTIFIED RELIANCE**<br>*See Cipollone v. Liggett Group, Inc.*, 683 F. Supp. 1487, 1500 (D.N.J. 1988).<br><br>**INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*See Cipollone v. Liggett Group, Inc.*, 683 F. Supp. 1487, 1500 (D.N.J. 1988).<br><br>**OTHER VARIATION**<br>New Jersey requires that the misrepresented fact be "significant and material." *Cipollone v. Liggett Group, Inc.*, 683 F. Supp. 1487, 1500 (D.N.J. 1988).<br><br>**CLEAR AND CONVINCING PROOF**<br>*N.J. Economic Dev. Authority v. Pavonia Restaurant, Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. 1998). | **PARTIAL DISCLOSURE**<br>*Berman v. Gurwicz*, 458 A.2d 1311, 1313 (N.J. Super. Ct. 1981) ("Partial disclosure may amount to fraud.").<br><br>**EQUITY AND GOOD CONSCIENCE**<br>*City Check Cashing, Inc. v. Mfgs Hanover Trust Co.*, 764 A.2d 411, 417 (N.J. 2001) ("[A] duty to disclose may arise where good faith and common decency require it.").<br><br>**FIDUCIARY RELATIONSHIP OR TRUST AND CONFIDENCE**<br>*N.J. Economic Dev. Authority v. Pavonia Restaurant, Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. 1998). |
| NM | **UNAWARE OF AUTHORITY ON POINT** | **UNAWARE OF AUTHORITY ON POINT** | **FIDUCIARY RELATIONSHIP**<br>*See generally Fate v. Owens*, 27 P.3d 990, 998 (N.M. Ct. App. 2001).<br><br>**DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED**<br>*R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 766 P.2d 928, 932 (N.M. Ct. App. 1988) ("[W]here one is under a duty to speak but remains silent and fails to disclose a material fact, he may be liable for fraud."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| NY | **NO** *See In Re: Ford Motor Co. Vehicle Paint Litig.*, 1997 WL 539665 (E.D. La. 1997) (discussing New York law); *State v. Gen. Motors Corp.*, 466 N.Y.S.2d 124, 127 (N.Y. Super. 1983); *Kuelling v. Roderick Lean Mfg. Co.*, 75 N.E. 1098 (N.Y. 1905) (adopting "the legal principle that one who sells an article, knowing it to be dangerous by reason of concealed defects, is guilty of a wrong, without regard to the contract, and is liable in damages to any person, including one not in privity of contract with him, who suffers an injury by reason of his willful and fraudulent deceit and concealment."). | **UNAWARE OF AUTHORITY ON POINT** | **FIDUCIARY RELATIONSHIP** *In Re: Ford Motor Co. Vehicle Paint Litig.*, 1997 WL 539665, at *5 (E.D. La. 1997) (discussing New York Law).<br><br>**RELATIONSHIP OF TRUST AND CONFIDENCE** *In Re: Ford Motor Co. Vehicle Paint Litig.*, 1997 WL 539665, at *5 (E.D. La. 1997) (discussing New York Law).<br><br>**EXCLUSIVE OR SPECIAL KNOWLEDGE** *State v. Gen. Motors Corp.*, 466 N.Y.S.2d 124, 374 (N.Y. Super. 1983) (discussing New York Law). |
| NC | **YES** *See Burnette v. Nicolet, Inc.* 818 F.2d 1098 (4th Cir. 1986) (affirming holding that "North Carolina has never recognized a cause of action for fraudulent concealment in the absence of a relationship of trust or confidence created by a fiduciary, contractual or other similar relationship which imposes upon the defendant a 'duty to speak' to the plaintiff"). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Osburn v. Danek Med., Inc.*, 520 S.E.2d 88, 93 (N.C. App. 1999) (listing as separate elements that the fact concealed was "reasonably calculated to deceive" and "made with the intent to deceive"). | **FIDUCIARY RELATIONSHIP AND TRUST AND CONFIDENCE** *See Burnette v. Nicolet, Inc.* 818 F.2d 1098 (4th Cir. 1986) ("North Carolina has never recognized a cause of action for fraudulent concealment in the absence of a relationship of trust or confidence created by a fiduciary, contractual or other similar relationship which imposes upon the defendant 'a duty to speak' to the plaintiff"). |

27

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| **ND** | **NO**<br>*See In Re: N.D. Personal Injury Asbestos Litig. No. 1,* 737 F. Supp. 1087 (D.N.D. 1990); N.D. CENT. CODE § 9-10-02(3). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Dvorak v. Dvorak,* 329 N.W.2d 868, 872 (N.D. 1983)(explaining that "the suppression of the truth with intent to induce another to enter into a contract is fraud").<br><br>**PREPONDERANCE OF THE EVIDENCE**<br>N.D. CENT. CODE § 28-01-24 ("Such fraud or fraudulent concealment must be established to the satisfaction of the court or jury, as the case may be, by a fair preponderance of the evidence."); *Hebron Public School Dist. No. 13 of Morton County v. U.S. Gypsum Co.,* 475 N.W.2d 120, 124 (N.D. 1991) (fraudulent concealment must be established to the satisfaction of the jury by a fair preponderance of the evidence). | **OTHER**<br>*See Re: N.D. Personal Injury Asbestos Litig. No. 1,* 737 F. Supp. 1087, 1096 (D.N.D. 1990). (holding that the manufacturer of a product has a fiduciary duty to disclose dangers in its product of which it is aware). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| OH | **NO**<br>*See generally Glassner v. R.J. Reynolds Tobacco Co.,* 223 F.3d 343 (Ohio 2000). | **JUSTIFIED RELIANCE**<br>*Hollar v. Philip Morris Inc.,* 43 F. Supp. 2d 794, 809 (Ohio 1998).<br><br>**INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Hollar v. Philip Morris Inc.,* 43 F. Supp. 2d 794, 809 (Ohio 1998).<br><br>**OTHER VARIATION**<br>*Hollar v. Philip Morris Inc.,* 43 F. Supp. 2d 794, 809 (Ohio 1998). (requiring that the defendant made the statement knowing of its falsity "or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred"). | **OTHER**<br>*Hollar v. Philip Morris Inc.,* 43 F. Supp. 2d 794, 809 (Ohio 1998). (duty to disclose arises when "the party fails to exercise reasonable care to disclose a material fact which may justifiably induce another party to act or refrain from acting, and the non-disclosing party knows that the failure to disclose such information to the other party will render a prior statement or representation untrue or misleading"). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| OK | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION** Oklahoma treats concealment claims as "constructive fraud," which is "the concealment of material facts which one is bound under the circumstances to disclose," but no recovery is allowed if the plaintiff could have discovered the truth through reasonable diligence. *Bankers Trust Co. v. Brown*, 107 P.3d 609, 613 (Okl. Ct. App. 2004). | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED** *Clinesmith v. Harrell*, 992 P.2d 926, 928 (Okl. Ct. App. 1999) ("Silence may constitute a misrepresentation sufficient to support a claim of fraud only where there is a failure to disclose a material fact *by one having a duty to disclose* and who remained silent to that party's benefit and to the detriment of the other party.").<br><br>**PARTIAL DISCLOSURE** *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1352 (Okl. 1988) ("A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| OR | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION** Oregon applies the elements of a fraud claim to a concealment claim, but additionally requires that "silence, concealment, or failure to disclose, however, must relate to something that constitutes a representation." *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1132 (Or. Ct. App. 2003). | **FIDUCIARY RELATIONSHIP** *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1132 (Or. Ct. App. 2003). <br><br>**DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED** *See generally Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1132 (Or. Ct. App. 2003) (acknowledging existence of duty in fiduciary context). <br><br>**PARTIAL DISCLOSURE** *Donald H. Hartvig, Inc. v. Clackamas Town Center Assoc.*, 789 P.2d 679, 682 n.2 (Or. Ct. App. 1990) ("One who discloses a partial truth in an attempt to induce reliance has an affirmative duty to disclose fully."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| PA | **NO**<br>*See Jeter v. Brown & Williamson Tobacco Corp.,* 294 F. Supp. 2d 681, 688 (W.D. Pa. 2003). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Viguers v. Philip Morris USA, Inc.,* 837 A.2d 534, 540 (Pa. Super. 2003) ("Concealment of a material fact can amount to actionable fraud if the seller intentionally concealed a material fact to deceive the purchaser; however, mere silence without a duty to speak will not constitute fraud."). | **FIDUCIARY RELATIONSHIP AND TRUST AND CONFIDENCE**<br>*See Jeter v. Brown & Williamson Tobacco Corp.,* 294 F. Supp. 2d 681, 688 (W.D. Pa. 2003).<br><br>**BUSINESS TRANSACTION**<br>*Jeter v. Brown & Williamson Tobacco Corp.,* 294 F. Supp. 2d 681, 688 (W.D. Pa. 2003).<br><br>**OTHER**<br>*See Jeter v. Brown & Williamson Tobacco Corp.,* 294 F. Supp. 2d 681, 688 (W.D. Pa. 2003). ("Pennsylvania courts have recognized that liability may be imposed for failure to speak when a supplier of chattel fails to use reasonable care to inform likely users of the chattel's dangerous condition."). |
| RI | **NO**<br>*See generally Guilbeault, v. R.J. Reynolds Tobacco Co.,* 84 F. Supp. 2d 263 (D. R.I. 2000). | **UNAWARE OF AUTHORITY ON POINT**<br>However, like most states, Rhode Island requires a duty to speak for concealment claims. *Guilbeault, v. R.J. Reynolds Tobacco Co.,* 84 F. Supp. 2d 263, 268-69 (D. R.I. 2000). | **OTHER**<br>*See Guilbeault, v. R.J. Reynolds Tobacco Co.,* 84 F. Supp. 2d 263, 269 (D. R.I. 2000) (a duty to speak "can arise if a statement is made without knowledge of its falsity and the falsity subsequently becomes known to the speaker"). |
|  |  |  |  |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| SC | **YES**<br>*See Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439, 447 (4th Cir. 2001) (holding that absent fiduciary relations, relations of trust and confidence, or contractual privity, automobile manufacturer had no duty to disclose safety defect); *Ardis v. Cox,* 431 S.E.2d 267, 270 (S.C. Ct. App. 1993). | **OTHER VARIATION**<br>South Carolina has recognized a claim of negligent misrepresentation that requires a plaintiff prove "(1) the defendant negligently made a false statement, (2) the plaintiff suffered an injury or loss as a consequence of relying on the misrepresentation on, and (3) the misrepresentation induced the plaintiff to enter into a contract ore business transaction." *See Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439, 447 (4th Cir. 2001). | **FIDUCIARY RELATIONSHIP**<br>*See Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439, 447-48 (4th Cir. 2001); *Ardis v. Cox,* 431 S.E.2d 267, 270 (S.C. Ct. App. 1993).<br><br>**RELATIONSHIP OF TRUST AND CONFIDENCE**<br>*See Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439, 447-48 (4th Cir. 2001); *Ardis v. Cox,* 431 S.E.2d 267, 270 (S.C. Ct. App. 1993).<br><br>**SPECIAL TRANSACTIONS**<br>*See Jimenez v. DaimlerChrysler Corp.,* 269 F.3d 439, 447-48 (4th Cir. 2001). (recognizing that a duty to disclose may exist for negligent misrepresentation "where the very transaction or contract is intrinsically fiduciary and calls for good faith and fair disclosure"); *Ardis v. Cox,* 431 S.E.2d 267, 270 (S.C. Ct. App. 1993). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| SD | **NO**<br>*See Holmes v. Wegman Oil Co.,* 492 N.W.2d 107, 112 (S.D. 1992) ("Privity is not a requirement in products liability actions premised on fraudulent concealment."). | **OTHER VARIATION**<br>South Dakota additionally requires that the defendant "affirmatively prevent discovery" of the concealed fact. *Cleveland v. BDI Enter., Inc.,* 663 N.W.2d 212, 217-18 (S.D. 2003). | **DUTY EXISTS BUT CIRCUMSTANCES ARE UNSETTLED**<br>S.D. Codified Laws § 20-10-2(3) (imposing liability for deceit by means of "[t]he suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communicating of that fact").<br><br>**FIDUCIARY RELATIONSHIP AND TRUST AND CONFIDENCE**<br>*Cleveland v. BDI Enter., Inc.,* 663 N.W.2d 212, 217-18 (S.D. 2003) ("In the absence of a fiduciary relationship, fraudulent concealment does not exist simply because a cause of action remains undiscovered, but only when the defendant affirmatively prevents discovery."). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| TN | **YES**<br>*See Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721-22 (E.D. Tenn. 2001) (Tennessee law recognizes only three circumstances giving rise to a duty to speak: (1) where a definite fiduciary duty existed between the parties; (2) when a party to a contract expressly reposed a trust or confidence in the other party; and (3) where the contract or transaction was intrinsically fiduciary and, therefore, required perfect good faith."); *but see Agristor Leasing v. Saylor*, 803 F.2d 1401, 1407 (6th Cir. 1986) (holding under Tennessee law that "[i]n cases based upon misrepresentation rather than express or implied warranty, privity of contract is not required *nor is a disclaimer of liability by the seller effective.*"). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*Cherry v. Williams*, 36 S.W.3d 78, 85 (Tenn. Ct. App. 2000) ("Generally speaking, fraudulent concealment exists when a party having a duty to disclose some fact or facts intentionally hides the facts with the intent to mislead the other party."). | **FIDUCIARY RELATIONSHIP**<br>*See Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001).<br><br>**RELATIONSHIP OF TRUST AND CONFIDENCE**<br>*See Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001). (recognizing duty to speak when there is a relationship of trust and confidence but only when expressly provided by contract).<br><br>**SPECIAL TRANSACTIONS**<br>*See Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001). (recognizing duty to speak "where the contract or transaction was intrinsically fiduciary and, therefore, required perfect food faith"). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| TX | **NO** <br> *See generally Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997). | **OTHER VARIATION** <br> *7979 Airport Garage, L.L.C. v. Dollar Rent a Car Sys., Inc.*, 2007 WL 1732223, at *14 n.27 (Tex. Ct. App. Apr. 27, 2007) ("Elements of fraud by nondisclosure are: (1) the defendant failed to disclose facts to the plaintiff; (2) the defendant had a duty to disclose those facts; (3) the facts were material; (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts; (5) the defendant was deliberately silent when it had a duty to speak; (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (7) the plaintiff relied on the defendant's nondisclosure; and (8) the plaintiff was injured as a result of acting without that knowledge."). | **FIDUCIARY RELATIONSHIP AND TRUST AND CONFIDENCE** <br> *Solares v. Solares*, 232 S.W.3d 873, 881 (Tex. Ct. App. Aug. 28, 2007) ("A fiduciary occupies a position of peculiar confidence towards another and owes a duty of full disclosure.") (quotations omitted). <br><br> **OTHER CIRCUMSTANCES** <br> *Playboy Enter., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 260 (Tex. Ct. App. 2006) (stating that "a duty to speak may arise in an arms-length transaction in at least three other situations: (1) when one voluntarily discloses information, he has a duty to disclose the whole truth; (2) when one makes a representation, he has a duty to disclose new information when the new information makes the earlier representation misleading or untrue; and (3) when one makes a partial disclosure and conveys a false impression, he has the duty to speak"). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| UT | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION** *Moore v. Smith*, 158 P.3d 562, 572 (Utah Ct. App. Mar. 22, 2007) (explaining that "a claim for fraudulent nondisclosure rests on three elements: (1) a legal duty to communicate, (2) undisclosed material information, and (3) a showing that the information was known to the party who failed to disclose"). | **OTHER CIRCUMSTANCES** *Moore v. Smith*, 158 P.3d 562, 572 (Utah Ct. App. Mar. 22, 2007) (explaining various circumstances in a relationship, like privity, age, influence, bargaining power, sophistication, and cognitive ability, that may cause a duty to disclose if one party is exposed to an unreasonable degree of risk). |
| VT | **UNAWARE OF AUTHORITY ON POINT** | **OTHER VARIATION** *Fuller v. Banknorth Mortg. Co.*, 788 A.2d 14, 16 (Vt. 2001) (reciting elements for proving a concealment claim as "(1) concealment of facts, (2) affecting the essence of the transaction, (3) not open to the defrauded party's knowledge, (4) by one with knowledge and a *duty to disclose*, (5) with the intent to mislead, and (6) detrimental reliance by the defrauded party"). **CLEAR AND CONVINCING PROOF** *Hughes v. Holt*, 435 A.2d 687, 689 (Vt. 1981). | **RELATIONSHIP OF TRUST AND CONFIDENCE** *Roy v. Mugford*, 642 A.2d 688, 693 (Vt. 1994) ("The duty to disclose can arise from a relationship of trust and confidence, superior knowledge or means of knowledge."). **EXCLUSIVE OR SPECIAL KNOWLEDGE** *Roy v. Mugford*, 642 A.2d 688, 693 (Vt. 1994). |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| VA | **UNAWARE OF AUTHORITY ON POINT** *But see Bd. of Directors of the Lesner Pointe Condo. of the Chesapeake Bay Ass'n, Inc. v. Harbour Point Bldg. Corp.,* 2002 WL 32072394, at *8 (Va. Cir.Ct. 2002) (holding that a manufacturer was not liable under fraudulent misrepresentation because the plaintiff was not a party to the contract). | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Cohn v. Knowledge Connections, Inc.,* 585 S.E.2d 578, 581 (Va. 2003) ("Proof of fraud by nondisclosure 'requires evidence of a knowing and deliberate decision not to disclose a material fact.'"). | **FIDUCIARY RELATIONSHIP** *Augusta Mut. Ins. Co. v. Mason,* 645 S.E.2d 290, 295 (Va. Jun. 8, 2007). |
| WA | **UNAWARE OF AUTHORITY ON POINT** | **UNAWARE OF AUTHORITY ON POINT** | **BUSINESS TRANSACTION** *Oates v. Taylor,* 199 P.2d 924, 927 (Wash. 1949). |
| WV | **UNAWARE OF AUTHORITY ON POINT** | **INTENT TO INDUCE RELIANCE OR DECEIVE** *Trafalgar House Const., Inc. v. ZMM, Inc.,* 567 S.E.2d 294, 300 (W.Va. 2002) ("Fraudulent concealment involves the concealment of facts by one with knowledge or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud."). | **UNAWARE OF AUTHORITY ON POINT** |

| STATE | PRIVITY REQUIRED[1] | ADDITIONAL ELEMENTS AND VARIATIONS IN FRAUD CLAIM[2] | DUTY TO DISCLOSE EXISTS WHEN[3] |
|---|---|---|---|
| WI | **NO**<br>*See Staudt v. Artifex Ltd.,* 16 F. Supp. 2d 1023 (E.D. Wis 1998); *Cali v. Danek Medical, Inc.,* 24 F. Supp. 2d 941 (W.D. Wis. 1998). | **INTENT TO INDUCE RELIANCE OR DECEIVE**<br>*See Staudt v. Artifex Ltd.,* 16 F. Supp. 2d 1023, 1030 (E.D. Wis 1998).<br><br>**CLEAR AND CONVINCING PROOF**<br>*Cali v. Danek Med., Inc.,* 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998). | **BUSINESS TRANSACTION**<br>"A party to a business transaction is under a duty to disclose facts basic to the transaction where the other party would reasonably expect disclosure of those fact." *Cali v. Danek Med., Inc.,* 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998).<br><br>**FIDUCIARY RELATIONSHIP**<br>*Doe v. Archdiocese of Miwaukee,* 700 N.W.2d 180, 193 (Wis. 2005). |
| WY | **TORT NOT RECOGNIZED**<br>*Pittard v. Great Lakes Aviation,* 156 P.3d 964, 976 (Wyo. Apr. 24, 2007) ("Wyoming has not adopted the tort of nondisclosure . . .."). | **TORT NOT RECOGNIZED**<br>*Pittard v. Great Lakes Aviation,* 156 P.3d 964, 976 (Wyo. Apr. 24, 2007) ("Wyoming has not adopted the tort of nondisclosure . . .."). | **TORT NOT RECOGNIZED**<br>*Pittard v. Great Lakes Aviation,* 156 P.3d 964, 976 (Wyo. Apr. 24, 2007) ("Wyoming has not adopted the tort of nondisclosure . . .."). |

LIT\1017318.3