# EXHIBIT H

**VARIATIONS IN STATE LAW REGARDING SOPHISTICATED USER DEFENSE**

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| AL | **DUTY APPROACH[1]**<br>*See Vines v. Beloit Corp.*, 631 So. 2d 1003, 1004-06 (Ala. 1994) (holding that once adequate warnings were provided to the intermediary and the intermediary became sophisticated, the manufacturer is not liable as it made reasonable efforts to convey warnings); *see also Cook v. Branick Mfg., Inc.*, 736 F.2d 1442, 1446-47 (11th Cir. 1984) (discussing the duty to warn under Alabama law); *Purvis v. PPG Indus., Inc.*, 502 So. 2d 714, 719-22 (Ala. 1987) (affirming summary judgment that manufacturer could not be held liable for failure to warn ultimate consumer where proper warnings were given to immediate buyer and discussing *Restatement (Second) of Torts* § 388). |
| AK | **UNSETTLED[2]**<br>Alaska has not explicitly adopted the *Restatement (Second) of Torts* § 388. *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 842 (Alaska 2001) ("Alaska has not explicitly adopted § 388."). Alaska has, however, recognized "a manufacturer's strict liability for failure to warn if a product is defective because of misinformation or inadequate information about risks involved in using the product or about minimizing or avoiding harm from such risks." *Id.* (internal citations and quotations omitted). |
| AZ | **RESTATEMENT APPROACH[3]**<br>*See Dole Food Co. v. N.C. Foam Indus., Inc.*, 935 P.2d 876, 880 (Ariz. Ct. App. 1997) (holding that the sophisticated user defense was a question of fact and the jury was required to consider the factors outlined in the *Restatement (Second) of Torts*). |
| AR | **RESTATEMENT APPROACH**<br>*See Hopkins v. Chip-in-Saw, Inc.*, 630 F.2d 616, 619 (8th Cir. 1980) (indicating that when manufacturers can reasonably foresee that the warnings given to a purchaser will not adequately be conveyed to probable users, then the warnings given to the purchaser do not necessarily insulate the manufacturer from liability to injured users of the product and the jury must be instructed on this duty to warn). |

---

[1] States that hold that a seller or manufacturer have no duty to warn the end user when the intermediaries are sophisticated, knowledgeable and aware of the risks.

[2] States where the existence or nature of the sophisticated user defense is unsettled. States without a footnote have not addressed the issue.

[3] States that determine the applicability of the sophisticated user defense based on the numerous factors listed in *Restatement (Second) of Torts* § 388 cmt. n. The factors are generally issues of fact to be determined by the jury.

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| CA | **UNSETTLED**<br>California has not yet adopted the sophisticated user doctrine but does allow the similar defense of superseding cause. *See In re Related Asbestos Cases*, 543 F. Supp. 1142, 1150-51 (N.D. Cal. 1982) ("The California courts have not yet clearly embraced the sophisticated user doctrine."). |
| CO | **UNAWARE OF RELEVANT AUTHORITY** |
| CT | **STATUTE[4]**<br>*See Sharp v. Wyatt, Inc.*, 627 A.2d 1347, 1359-60 (Conn. App. Ct. 1993) (holding that the failure to warn provision of Connecticut's product liability statute has incorporated the concerns of the sophisticated user doctrine and presenting the issue of user awareness to the trier of fact along with other factors to be weighed); CONN. GEN. STAT. § 52-572q(b) (setting forth a fact-specific balancing test similar to the *Restatement (Second) of Torts* to determine whether instructions and/or warnings to the user were required). |
| DE | **RESTATEMENT APPROACH**<br>*See In re Asbestos Litig. (Mergenthaler)*, 542 A.2d 1205, 1208-13 (Del. Super. Ct. 1986) ("In summary, this Court holds that when a supplier provides a product it knows to be dangerous to a purchaser/employer whom the supplier knows or reasonably believes is aware of that danger, there is no duty on the part of the supplier to warn the employees of that purchaser unless the supplier knows or has reason to suspect that the requisite warning will fail to reach the employees, the users of the product."). |
| DC | **RESTATEMENT APPROACH**<br>*Russell v. GAF Corp.*, 422 A.2d 989, 992 (D.C. 1980); *See East Penn Mfg. Co. v. Pineda*, 578 A.2d 1113, 1119-20 (D.C. 1990). |
| FL | **RESTATEMENT APPROACH**<br>*See Union Carbide Corp. v. Kavanaugh*, 879 So. 2d 42, 44-45 (Fla. Ct. App. 2004) (holding that the trial court properly permitted the jury to determine the adequacy of warnings provided by a learned intermediary by analyzing the factors set forth in the *Restatement (Second) of Torts* § 388); *see also Sowell v. Cyanamid Co.*, 888 F.2d 802, 803-04 (11th Cir. 1989); *Square D Co. v. Hayson*, 621 So. 2d 1373, 1377-78 (Fla. Dist. Ct. App. 1993). |
| GA | **DUTY APPROACH**<br>*See Powell Duffryn Terminals, Inc. v. Calgon Carbon Corp. and Rayonier, Inc.*, 4 F. Supp.2d 1198, 1203-05 (S.D. Ga. 1998) (holding that there is no duty to warn when plaintiff was a sophisticated user and should know or discover the danger of the product); *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95, 100-01, 303 S.E.2d 284, 287-88 (1983) (holding there is also no duty to warn when the person using the product "should know of the danger, or should in using the product discover the danger."). |

---

[4] States that have passed a unique statute addressing the sophisticated user defense.

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| HI | **MIXED APPROACH**[5]<br>*See Keoloha v. E.I. Dupont De Nemours and Co.*, 82 F.3d 894, 899-902 (9th Cir. 1996) (holding that the duty to warn is a question of law). |
| ID | **RESTATEMENT APPROACH**<br>*See Bryant v. Tech. Research Co.*, 654 F.2d 1337, 1345-46 (9th Cir. 1981) (holding that duty and adequacy of warning is a determination of foreseeability and reasonableness and is a question of fact to be left for the jury). |
| IL | **RESTATEMENT APPROACH**<br>*See Manning v. Ashland Oil Co.*, 721 F.2d 192, 193-96 (7th Cir. 1983); *Apperson v. E.I. DuPont de Nemours & Co.*, 41 F.3d 1103, 1107-08 (7th Cir. 1994). |
| IN | **RESTATEMENT APPROACH**<br>*See Natural Gas Odorizing, Inc. v. Downs*, 685 N.E.2d 155, 163-64 (Ind. Ct. App. 1997); *Smock Materials Handling Co. v. Kerr*, 719 N.E.2d 396, 403 (Ind. Ct. App. 1999). |
| IA | **RESTATEMENT APPROACH**<br>*Bergfield v. Unimin Corp.*, 319 F.3d 350, 353 (8th Cir. 2003) ("Iowa has adopted § 388 of the Restatement (Second) of Torts regarding a manufacturer's duty to warn of the dangers associated with the use of its products."). |
| KS | **DUTY APPROACH**<br>*See* KAN. STAT. ANN. § 60-3305(a) (manufacturer or seller of product has no duty to warn or protect sophisticated users of a product); *see also Younger v. Dow Corning Corp.*, 451 P.2d 177, 184 (Kan. 1969) (manufacturer that gives warning of danger of a product to an immediate vendee has no duty to warn vendee's employees of such danger). |
| KY | **UNSETTLED**<br>There appear to be no cases either in state or federal courts that have addressed the sophisticated user doctrine under Kentucky law. *But see Lane v. Deere and Co.*, 2003 WL 1923518, at *8 (Ky. App. 2003) (unpublished opinion noting a sophisticated user of a dozer would have advanced personal knowledge of basic safety considerations). However, Kentucky has adopted *Restatement (Second) of Torts* § 388. *Lloyd v. Lloyd*, 479 S.W.2d 623, 625 (Ky. Ct. App. 1972). Kentucky has also adopted the learned intermediary doctrine set forth under *Restatement (Third) of Torts* § 6(d). *Larkin v. Pfizer, Inc.*, 153 S.W.3d 758, 761-64 (Ky. 2004). |

---

[5] States that determine the applicability of the sophisticated user defense based on the numerous factors listed in *Restatement (Second) of Torts* § 388 cmt. n but decide the issue as a question of law.

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| LA | **DUTY APPROACH**<br>LA. REV. STAT. ANN. § 9:2800.57(B)(2) ("A manufacturer is not required to provide an adequate warning about his product when: . . . (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic."); *see Guidry v. Kem Mfg. Co.*, 693 F.2d 426, 430 (5th Cir. 1982) ("... Louisiana [law] does not hold a manufacturer is compelled to warn sophisticated purchasers of dangers which the buyer either knows or should be aware."); *see also Swope v. Columbian Chem. Co.*, 281 F.3d 185, 205-06 (5th Cir. 2002); *Davis v. Avondale Indus., Inc.*, 975 F.2d 169, 172-73 (5th Cir. 1992) (holding that the Louisiana Products Liability Act is limited by sophisticated user defense under § 2800.57(B)(2) which states that there is no duty owed to purchaser of a product when the user knows or reasonably should be expected to know of the dangers of the product). |
| ME | **UNSETTLED**<br>*See Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 9 (1st Cir. 1985) ("The law of Maine on the duty of a manufacturer to warn of the dangers involved when using its product comes directly from the Restatement...§ 388 (1965)"). However, state and federal cases are unclear as to which approach Maine would follow in applying the sophisticated user defense under Restatement § 388. *See Koken v. Black & Veatch Const., Inc.*, 426 F.3d 39, 45 (1st Cir. 2005) ("The Supreme Judicial Court has not yet explicitly adopted the sophisticate user doctrine that there is no duty to warn sophisticated users of dangers that are obvious to reasonable sophisticated users; however, because that doctrine is simply a corollary of the open and obvious doctrine, it seems that it would be adopted by the Supreme Judicial Court as part of Maine law given its widespread acceptance."). |
| MD | **RESTATEMENT APPROACH**<br>*See Kennedy v. Mobay Corp.*, 579 A.2d 1191, 1194 (Md. App. 1990); *O'Neal v. Celanese Corp.*, 10 F.3d 249, 252 (4th Cir. 1993) (holding that focus for determining the applicability of the sophisticated user defense is on the conduct of the supplier's reasonable reliance upon the intermediary to warn the users). |
| MA | **RESTATEMENT APPROACH**<br>*See MacDonald v. Ortho Pharm. Corp.*, 475 N.E.2d 65 (Mass. 1985) (holding that "a manufacturer may be absolved from blame because of a justified reliance upon . . . a middleman" and citing to *Restatement (Second) of Torts* § 388 comment n.) (citations omitted)); *Hoffman v. Houghton Chem. Corp.*, 751 N.E.2d 848, 855-56 (Mass. 2001) (holding that to avoid liability for failure to warn, a supplier's reasonable reliance on an intermediary to warn the ultimate users is based upon the factors outlined in *Restatement (Second) of Torts* § 388 cmt. n, and is a question for the jury). |

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| MI | **MIXED APPROACH**<br>*See Mills v. Curioni, Inc.*, 238 F. Supp. 2d 876, 894 (E.D. Mich. 2002) ("It is well-settled in Michigan that, where a purchaser is a "sophisticated user" of a manufacturer's product, the purchaser is in the best position to warn the ultimate user of the dangers associated with the product, … relieving the sellers and manufacturers from the duty to warn the ultimate user."); MICH. COMP. LAWS ANN. §§ 600.2945(j), 600.2947(4), 600.2948(2); *Tasca v. GTE Prod. Corp.*, 438 N.W.2d 625, 627-28 (Mich. Ct. App. 1988) (holding that summary judgment on defense is appropriate if it is determined that the sophisticated user of the product was in the best position to warn the ultimate user of the danger); *Mascarenas v. Union Carbide Corp.*, 492 N.W.2d 512 515-16 (Mich. Ct. App. 1992) (same); *Jodway v. Kennametal Inc.*, 525 N.W.2d 883, 888-89 (Mich. Ct. App. 1994) (same). |
| MN | **RESTATEMENT APPROACH**<br>*See Conwed Corp. v. Union Carbide Chem. and Plastics Co.*, 287 F. Supp.2d 997, 999 (D. Minn. 2003); *Solo v. Trus Joist MacMillan*, 2004 WL 524898, *13 (D. Minn.); *Gray v. Badger Mining Corp.*, 676 N.W.2d 268, 279 (Minn. 2004) (holding that adequacy of warning is a question of fact for the jury to decide). |
| MS | **RESTATEMENT APPROACH**<br>*Gordon v. Niagra Mach. & Tool Works*, 574 F.2d 1182, 1185-89 (5th Cir. 1978) (holding that Mississippi has adopted the *Restatement (Second) of Torts* § 388 and that cmt. n provides the test for the sophisticated user defense); *Little v. Liquid Air Corp.*, 952 F.2d 841, 851 (5th Cir. 1992) (holding that the sophisticated user doctrine is a question for the jury). |
| MO | **RESTATEMENT APPROACH**<br>*See Donahue v. Phillips Petroleum Co.*, 866 F.2d 1008, 1012 (8th Cir. 1989); *Malone v. Schapun, Inc.*, 965 S.W.2d 177, 184-85 (Mo. Ct. App. 1998); *Spuhl v. Shiley, Inc.*, 795 S.W.2d 573, 577-80 (Mo. Ct. App. 1990). |
| MT | **UNSETTLED**<br>*See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 923 (9th Cir. 1987) (holding that Montana courts have not adopted *Restatement (Second) of Torts* § 388 but that in the absence of precedent, the Ninth Circuit will apply the Restatement and that reasonableness of defendant's duty to warn was a jury question); *Roadarmel v. Great Western Chem. Co.*, 1993 WL 220264, at *1 (9th Cir. 1993) (same) (unpublished). |
| NE | **MIXED APPROACH**<br>*See Crook v. Farmland Indus., Inc.*, 54 F. Supp.2d 947, 957-58 (D. Neb. 1999) (holding that no duty to warn exists if the user knows or should know of the potential danger); *Erickson v. Monarch Indus., Inc.*, 347 N.W.2d 99, 108-09 (Neb. 1984) (relying upon the *Restatement (Second) of Torts* § 388 to determine that warning of product defect is unnecessary when supplier has reason to believe those using the product will have the special expertise to enable them to perceive the danger). |

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| NV | **UNSETTLED**<br>*Forest v. E.I. Dupont de Nemours and Co.*, 791 F. Supp. 1460, 1463-67 (D. Nev. 1992) (holding that Nevada Supreme Court would likely adopt the sophisticated user defense in both failure to warn and strict liability actions because the *Restatement (Second) of Torts* is generally authoritative in Nevada). |
| NH | **UNSETTLED**<br>*See Murray v. Bullard Co.*, 265 A.2d 309, 314 (N.H. 1970) (providing an instruction which was an adaptation of *Restatement (Second) of Torts* § 388). |
| NJ | **RESTATEMENT APPROACH**<br>*Olencki v. Mead Chem. Co.*, 507 A.2d 803, 806-07 (N.J. Super. Ct. App. Div. 1986). |
| NM | **UNSETTLED**<br>*See Villanueva v. Nowlin*, 420 P.2d 764, 765 (N.M. 1966) (following *Restatement (Second) of Torts* § 388 in determining issue of negligent failure to warn but not addressing sophisticated user doctrine). |
| NY | **RESTATEMENT APPROACH**<br>*See In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 838 (2d Cir. 1992) (holding that sophisticated intermediary doctrine protects manufacturer from liability only if the duty to warn ultimate users falls on an intermediary in the chain of distribution); *Bellinger v. Deere & Co.*, 881 F. Supp. 813, 815-16 (N.D.N.Y. 1995) (holding that whether a party is a knowledgeable user, whether the party's knowledge of danger is sufficient to preclude liability and whether warnings are adequate are questions of fact for a jury). |
| NC | **RESTATEMENT APPROACH**<br>While North Carolina courts have not specifically adopted the sophisticated user defense, they have adopted the *Restatement (Second) of Torts* § 388 with regard to the duty of a manufacturer. *Cook v. Baker Equip. Eng'r Co.*, 582 F.2d 862, 866-67 (4th Cir. 1978) (holding that the adequacy of the manufacturer's warning was a factual issue for the jury to decide). |
| ND | **RESTATEMENT APPROACH**<br>*See Seibel v. Symons Corp.*, 221 N.W.2d 50, 54-55 (N.D. 1974) (holding that the duty and adequacy to warn are provided in *Restatement (Second) of Torts* § 388 cmt. n and are jury questions). |
| OH | **RESTATEMENT APPROACH**<br>*See Adkins v. GAF Corp.*, 923 F.2d 1225, 1229-30 (6th Cir. 1991) (holding that the *Restatement (Second) of Torts* § 388 sophisticated user defense is available under Ohio law and is available after a determination of a fact-specific evaluation of the reasonableness of the supplier's reliance on a third party to provide a warning); *but see Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1456 (6th Cir. 1984) (suggesting that in some circumstances a court may be able to decide reasonableness as a matter of law). |

6

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| OK | **RESTATEMENT APPROACH**<br>*See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1037-38 (10th Cir. 1998) (holding that under Oklahoma law, employees of the United States Air Force are deemed to possess the necessary level of sophistication so that there is no duty to warn the Air Force or its employees of potential dangers of low-level chemical exposure); *Mayberry v. Akron Rubber Mach. Corp.*, 483 F. Supp. 407, 413 (N.D. Okla. 1979) (finding plaintiff's employer knowledgeable in the rubber industry and the construction of rubber mixing mills). |
| OR | **RESTATEMENT APPROACH**<br>*See Seifert v. Vitek, Inc.*, 1993 WL 765636, *2-3 (D. Or. 1993) (considering factors set forth in *Restatement (Second) of Torts* § 388 cmt. n in determining whether a seller acted reasonably in relying on intermediary to provide user with appropriate warning). |
| PA | **UNSETTLED**<br>Pennsylvania law is unclear on whether a sophisticated user defense is available. *See Diggs v. M&J Painting & Wallcovering, Inc.*, 1996 WL 1038814, *9-10 (Pa. Com. Pl. 1996) (stating that existence of defense under Pennsylvania law is unclear); *Phillips v. A-Best Prods. Co.*, 665 A.2d 1167, 1171 n.3 (Pa. 1995) (holding that Superior Court's acknowledgment of the sophisticated user defense in both negligence and product liability constituted dicta); *Alexander v. Morning Pride Mfg., Inc.*, 913 F. Supp. 362, 371-72 (E.D. Pa. 1995) (holding that Pennsylvania is not likely to adopt the sophisticated user defense in a failure to warn strict products liability action). |
| RI | **UNAWARE OF RELEVANT AUTHORITY** |
| SC | **RESTATEMENT APPROACH**<br>*See Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321, 331-32 (S.C. Ct. App. 1995) (acknowledging that sophisticated user defense under the *Restatement (Second) of Torts* § 388 has been adopted by several jurisdictions and holding that trial court properly charged the jury with regard to the sophisticated user defense in accordance with § 388). |
| SD | **RESTATEMENT APPROACH**<br>*See Sterling Drug, Inc. v. Yarrow*, 408 F.2d 978, 992-93 (8th Cir. 1969) (discussing *Restatement (Second) of Torts* § 388 cmt. n). |
| TN | **DUTY APPROACH**<br>*See Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 717-18 (E.D. Tenn. 2001) (holding that United States government and its contractors were in best position to warn of exposure to beryllium and hence manufacturers had no duty to warn); *but cf. Whitehead v. Dycho Co.*, 775 S.W.2d 593, 596-97 (Tenn. 1989) (neither accepting or rejecting the sophisticated user doctrine and granting summary judgment where no duty to warn arose). |
| TX | **MIXED APPROACH**<br>*Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 172-73 n. 3, 181 (Tex. 2004) (citing to *Restatement (Second) of Torts* § 388 cmt. n and holding that whether a duty to warn arose is a question of law). |

| STATE | SOPHISTICATED USER DEFENSE |
|---|---|
| UT | **RESTATEMENT APPROACH**<br>*See Schneider v. Suhrmann*, 327 P.2d 822, 823 (Utah 1958) (adopting *Restatement (First) of Torts § 388*); *Alder v. Bayer Corp.*, 61 P.3d 1068, 1079 (Utah 2002) (holding that adequacy of a warning under *Restatement (Second) of Torts* § 388 is a jury question). |
| VT | **UNAWARE OF RELEVANT AUTHORITY** |
| VA | **MIXED APPROACH**<br>*Willis v. Raymark Indus., Inc.*, 905 F.2d 793, 796 (4th Cir. 1990); *Goodbar v. Whitehead Brothers*, 591 F. Supp. 552 (W.D. Va. 1984) (applying the factors in *Restatement (Second) of Torts* § 388 cmt. n as a question of law); *see also Beale v. Hardy*, 769 F.2d 213, 214-15 (4th Cir. 1985). |
| WA | **UNSETTLED**<br>While Washington adheres to the *Restatement (Second) of Torts* § 388, its courts have not addressed the availability of a sophisticated user defense. *See generally DuVon v. Rockwell Int'l*, 807 P.2d 876, 881 (Wash. 1991) (recognizing adherence to *Restatement (Second) of Torts* § 388). |
| WV | **UNAWARE OF RELEVANT AUTHORITY** |
| WI | **MIXED APPROACH**<br>*Haase v. Badger Mining Corp.*, 669 N.W.2d 737, 743-44 (Wis. Ct. App. 2003) (holding that the Wisconsin Supreme Court would likely adopt some form of the sophisticated user doctrine and affirming trial court's directed verdict because the supplier had no duty to warn the user of a product's dangers). |
| WY | **UNAWARE OF RELEVANT AUTHORITY** |