# EXHIBIT J

## VARIATIONS IN STATE LAW REGARDING "STATE OF THE ART" DEFENSE[1]

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| AL | **NO FOR STRICT LIABILITY**[3]<br>*Elliott v. Brunswick Corp.*, 903 F.2d 1505, 1507-10 (11th Cir. 1990) (applying Alabama law and holding that state of the art evidence goes to whether a product is defective); *Beech v. Outboard Marine Corp.*, 584 So. 2d 447 (Ala. 1991).<br><br>**NO FOR NEGLIGENCE**[4]<br>*Elliott v. Brunswick Corp.*, 903 F.2d 1505, 1507-10 (11th Cir. 1990); *Beech v. Outboard Marine Corp.*, 584 So. 2d 447 (Ala. 1991). | **DATE OF DESIGN**<br>*Veal v. Teleflex, Inc.*, 586 So. 2d 188, 190 (Ala. 1991) ("[T]he unreasonableness of the danger must necessarily be derived from the state of the art at the time of design."), *abrogated by Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc.*, 901 So. 2d 84 (Ala. 2004) (holding that plaintiff can bring a claim for negligence separately from a claim under the AEMLD). |
| AK | **NO FOR STRICT LIABILITY**<br>*Keogh v. W.R. Grasle, Inc.*, 816 P.2d 1343, 1349 (Alaska 1991) ("[C]onformity to the state of the art is not a defense in a product liability action."); *Sturm, Ruger & Co. v. Day*, 594 P.2d 38, 44-45 (Alaska 1979) (holding that conformance with "state-of-the-art," defined as customary practice in the industry, is not a defense in a products liability action but may be considered in determining whether a product is defective), *modified on other issue*, 615 P.2d 621 (Alaska 1980), *on reh'g*, 627 P.2d 204 (1981), *overruled on other grounds*, 703 P.2d 396, 405 (Alaska 1985).<br><br>**NO FOR FAILURE TO WARN**[5]<br>*Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059, 1063 n.12 (Alaska 1979). | **DATE OF MANUFACTURE**<br>*Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059, 1063-64 (Alaska 1979). |

---

[1] "State of the art" is used to describe a product that, when built, designed, or sold (depending on jurisdiction), was "state of the art" as there was no safer alternative design. Although similar to the consideration of whether there was a feasible alternative design, which must be proved by the plaintiff, the defendant bears the burden of proof that a product was "state of the art."

[2] This category is the time to which one must look to determine the applicable state of the art. "Design" is the time at which the product is designed. "Manufactured" is the time at which the product was manufactured. "Stream of Commerce" is the time at which the product was sold or entered the stream of commerce.

[3] "Yes" indicates that evidence of state of the art is admissible to determine existence of defect. In some states state of the art is an absolute defense to strict liability.

[4] "Yes" indicates that evidence of state of the art is admissible in a negligence product liability action. For purposes of this survey, only cases that specifically address state of the art in a negligence claim are included.

1

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| AZ | **YES FOR STRICT LIABILITY** *Gosewich v. American Honda Motor Co.*, 737 P.2d 365, 369-70 (Ariz. Ct. App. 1985) (citing Ariz. Rev. Stat. Ann. § 12-683(1)), *vacated in part on other grounds*, 737 P.3d 376 (Ariz. 1987).<br><br>**YES FOR NEGLIGENCE** *Golonka v. General Motors Corp.*, 65 P.3d 956, 965 (Ariz. Ct. App. 2003) (stating that state of the art applies equally to negligence and strict liability claims). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE** ARIZ. REV. STAT. § 12-683(1)(1992) (providing affirmative defense to products liability claim based on inadequate design if design was state of the art at the time the product was first sold by the manufacturer). |
| AR | **YES FOR STRICT LIABILITY** ARK. CODE ANN. § 16-116-104(a)(1) ("[S]tate of scientific and technological knowledge available to the manufacturer . . . at the time product was placed on market . . . may be considered as evidence [of defect]").<br><br>**NO FOR NEGLIGENCE** *Buchanna v. Diehl Mach, Inc.*, 98 F.3d 366, 371 (8th Cir. 1996) (declining to grant defendant judgment as a matter of law because of defendant's compliance with industry standards). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE** ARK. CODE ANN. § 16-116-104(a)(1). |

---

[5] "Yes" indicates that evidence of state of the art is admissible in a failure to warn case or that state of the art is an absolute defense. Some states have specifically addressed the admissibility of state of the art evidence in a failure to warn case. Generally, if evidence of state of the art is admissible in a strict liability case it will also be admissible in a failure to warn case. For purposes of this survey only cases that specifically address state of the art in a failure to warn case were included.

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| CA | **YES FOR STRICT LIABILITY**<br>*McLaughlin v. Sikorsky Aircraft*, 148 Cal. App. 3d 203, 209-10 (Cal. Ct. App. 1983) (holding that state of the art is one of the factors to consider in applying the risk utility test).<br><br>**YES FOR NEGLIGENCE**<br>*Rosburg v. Minn. Mining & Mfg. Co.*, 181 Cal. App. 3d 726, 735 (Cal. Ct. App. 1986).<br><br>**YES FOR FAILURE TO WARN**<br>*Anderson v. Owens-Corning Fiberglas Corp.*, 810 P. 2d 549, 559-60 (Cal. 1991) (holding that evidence that a product was state of the art is admissible in a strict liability action for failure to warn). | **DATE OF DESIGN**<br>*Vermeulen v. Superior Court*, 204 Cal. App. 3d 1192, 1202 (Cal. Ct. App. 1988) (defining "state of the art" as "facts which were either known or discoverable in light of the scientific and technological knowledge available to defendants at the time the products were produced and distributed"). |
| CO | **YES FOR STRICT LIABILITY**<br>COLO. REV. STAT. § 13-21-403(1)(a) (conformance with the "state-or-the-art," as distinguished from compliance with industry practices, creates a presumption of non-defectiveness).<br><br>**YES FOR NEGLIGENCE**<br>State of the art is one factor in assessing the defendant's due care. *Belle Bonfils Memorial Blood Bank v. Hansen*, 665 P.2d 118, 124 n.10 (Colo. 1983), *superseded by statute on other grounds*, COLO. REV. STAT. § 13-22-104.<br><br>**YES FOR FAILURE TO WARN**<br>*Fiberboard v. Fenton*, 845 P.2d 1168, 1177 (Colo. 1993) (allowing state of the art evidence "to establish that a product is not defective and unreasonably dangerous because of a failure-to-warn"). | **DATE OF MANUFACTURE AND DESIGN**<br>*Belle Bonfils Memorial Blood Bank v. Hansen*, 665 P.2d 118, 124 (Colo. 1983) (defining "state of the art" as "the point of scientific and technological advance with respect to a given product at the time of the product's manufacture and design"), *superseded by statute on other grounds*, COLO. REV. STAT. § 13-22-104. |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| CT | **YES FOR STRICT LIABILITY**<br>*Potter v. Chicago Pneumatic Tool Co.*, 694 A.2d 1319, 1346-47 (Conn. 1997) (holding that state of the art is admissible in design defect cases to assist the jury in determining expectations of the ordinary consumer and with respect to risk utility factors of alternative design safety features available at the time of manufacturing).<br><br>**YES FOR FAILURE TO WARN**<br>*Potter v. Chicago Pneumatic Tool Co.*, 694 A.2d 1319, 1347 (Conn. 1997). | **DATE OF DESIGN**<br>*Potter v. Chicago Pneumatic Tool Co.*, 694 A.2d 1319, 1347 (Conn. 1997) (defining "state of the art" as "the level of relevant scientific, technological and safety knowledge existing and reasonably feasible at the time of design"). |
| DE | **YES FOR STRICT LIABILITY**<br>*Slover v. Fabtek, Inc.*, 517 A.2d 293, 295 (Del. Super. Ct. 1986) (admitting evidence of nationally accepted standard in design defect case). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>*Slover v. Fabtek, Inc.*, 517 A.2d 293, 295 (Del. Super. Ct. 1986). |
| DC | **NO FOR STRICT LIABILITY**<br>*Artis v. Corona corp. of Japan*, 703 A.2d 1214, 1217 (D.C. 1997) (requiring showing of feasible alternative design as part of plaintiff's prima facie case).<br><br>**NO FOR NEGLIGENCE**<br>*Artis v. Corona corp. of Japan*, 703 A.2d 1214, 1217 (D.C. 1997) (requiring showing of feasible alternative design as part of plaintiff's prima facie case).<br><br>**YES FOR FAILURE TO WARN**<br>*Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1164 (4th Cir. 1986) (applying Maryland law). | **DATE OF MANUFACTURE**<br>*Artis v. Corona corp. of Japan*, 703 A.2d 1214, 1217 n.6 (D.C. 1997). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| FL | **YES FOR STRICT LIABILITY**<br>*Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 904 (Fla. Dist. Ct. App. 2004) (citing FLA. STAT. § 768.1257) ("In an action based upon defective design, brought against the manufacturer of a product, the finder of fact shall consider the state of the art of scientific and technical knowledge and other circumstances that existed at the time of manufacture, not at the time of loss or injury.")). | **DATE OF MANUFACTURE**<br>*Norton v. Snapper Power Equip. div. of Fuqua Indus. Inc.*, 806 F.2d 1545, 1549-50 (11th Cir. 1987). |
| GA | **NO FOR STRICT LIABILITY**<br>*Banks v. ICI Americas*, 450 S.E.2d 671, 675 (Ga. 1994) ("[A] manufacturer's proof of compliance with industry-wide practices, state of the art, or federal regulations does not eliminate conclusively its liability for its design of allegedly defective products.").<br><br>**YES FOR NEGLIGENCE**<br>*Banks v. ICI Americas*, 450 S.E.2d 671, 675 (Ga. 1994). | **DATE OF MANUFACTURE**<br>*Banks v. ICI Americas*, 450 S.E.2d 671, 675 (Ga. 1994). |
| HI | **NO FOR STRICT LIABILITY**<br>*In re Haw. Fed. Asbestos Cases*, 665 F. Supp. 1454, 1456-60 (D. Haw. 1986).<br><br>**YES FOR NEGLIGENCE**<br>*Johnson v. Raybestos- Manhattan, Inc.*, 740 P.2d 548, 549 (Haw. 1987). | **DATE OF MANUFACTURE**<br>*Brown v Clark Equip. Co.*, 618 P.2d 267, 272 (Haw. 1980) (involving a negligence claim). |
| ID | **NO FOR STRICT LIABILITY**<br>IDAHO CODE § 6-1406(1).<br><br>**NO FOR FAILURE TO WARN**<br>IDAHO CODE § 6-1406(1). | |
| IL | **NO FOR STRICT LIABILITY**<br>*Jackson v. Nestle-Beich, Inc.*, 589 N.E.2d 547, 550 (Ill. 1992) ("[T]he state of the art has never been a defense to strict products liability."). | **DATE OF MANUFACTURE**<br>*Modelski v. Navistar Mfg. Int'l Transp. Corp.*, 707 N.E.2d 239, 247 (Ill. App. Ct. 1999) (refusing to place a continuing duty to warn upon manufacturers). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| IN | **YES FOR STRICT LIABILITY**<br>IND. CODE ANN. § 34-20-5-1 (rebuttable presumption that product is not defective if it conforms with the state of the art).<br><br>**YES FOR NEGLIGENCE**<br>IND. CODE § 34-20-5-1 (manufacturers may rebut charge of negligent design by showing conformity with state of the art). | **DATE OF MANUFACTURE**<br>IND. CODE § 34-20-5-1 (measuring relevant time period as when product was designed or manufactured). |
| IA | **YES FOR STRICT LIABILITY**<br>IOWA CODE § 668.12.<br><br>**NO FOR FAILURE TO WARN**<br>IOWA CODE § 668.12 (state of the art defense does not diminish duty to warn concerning subsequently acquired knowledge of defect). | **DATE OF MANUFACTURE**<br>IOWA CODE ANN. § 668.12 (relevant time is when product was manufactured or labeled). |
| KS | **UNAWARE OF AUTHORITY ON POINT** | **UNAWARE OF AUTHORITY ON POINT** |
| KY | **YES FOR STRICT LIABILITY**<br>KY. REV. STAT. §411.310(2) (rebuttable presumption that product is not defective if it conforms to state of the art). Proof that technology existed that could have feasibly avoided the dangerous condition does not alone establish a product's defectiveness. *Sexton v. Bell Helmets, Inc.*, 926 F. 2d 331, 334-38 (4th Cir. 1991).<br><br>**YES FOR NEGLIGENCE**<br>KY. REV. STAT. §411.310(2). *Sexton v. Bell Helmets, Inc.*, 926 F. 2d 331, 335-36 (4th Cir. 1991) (holding that a product liability action based on a manufacturer's negligent failure to make a product reasonably safe focuses on a product's defectiveness).<br><br>**YES FOR FAILURE TO WARN**<br>*Sexton v. Bell Helmets, Inc.*, 926 F. 2d 331, 338 (4th Cir. 1991) (holding that a manufacturer's liability for failure to warn depends on whether a product is defective). | **DATE OF DESIGN AND MANUFACTURE**<br>KY. REV. STAT. §411.310(2). |

6

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| LA | **YES FOR STRICT LIABILITY**<br>*Brodtmann v. Duke,* 708 So. 2d 447, 457 (La. Ct. App. 1998).<br><br>**YES FOR NEGLIGENCE**<br>*Brodtmann v. Duke,* 708 So. 2d 447, 457 (La. Ct. App. 1998).<br><br>**YES TO FAILURE TO WARN**<br>*Asbestos v. Bordelon, Inc.,* 726 So. 2d 926, 954-55 (La. Ct. App. 1998). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>LA. REV. STAT. ANN. §§ 9:2800.56, 9:2800.59 (manufacturer not liable if it could not have known of the risk of harm or the availability of an alternative design). |
| ME | **YES FOR FAILURE TO WARN**<br>*Bernier v. Raymark Indus., Inc.,* 516 A.2d 534, 540 (Me. 1986) ("[S]tate-of-the-art evidence is relevant in determining whether the defendant is liable in a failure-to-warn case . . . ."). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>*Bernier v. Raymark Indus.,* 516 A.2d 534, 538 (Me. 1986). |
| MD | **NO FOR STRICT LIABILITY**<br>Plaintiff must show product's defectiveness by showing technological feasibility of safeguard at time of manufacture. *Troja v. Black & Decker Mfg. Co.,* 488 A.2d 516, 519-20 (Md. Ct. Spec. App. 1985).<br><br>**ADMISSIBLE FOR NEGLIGENCE**<br>*United States Gypsum Co. v. Mayor of Baltimore,* 647 A.2d 405, 414-16 (Md. 1994) (addressing admissibility but not the issue of whether state of the art evidence can be introduced as an affirmative defense).<br><br>**NO FOR FAILURE TO WARN**<br>*Owens-Illinois, Inc. v. Zenobia,* 601 A.2d 633, 641 n.8 (Md. 1992) ("[K]nowledge or state of the art component is an element to be proven by the plaintiff."). | **DATE OF MANUFACTURE**<br>*Troja v. Black & Decker Mfg. Co.,* 488 A.2d 516, 519-20 (Md. Ct. Spec. App. 1985). |

7

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| MA | **YES FOR ANALOGOUS THEORY OF STRICT LIABILITY**<br>*Commonwealth v. Johnson Insulation*, 682 N.E.2d 1323, 1326 (Mass. 1997) (recognizing the theory of implied warranty of merchantability as equivalent to claims for strict liability); *Back v. Wickes Corp.*, 378 N.E.2d 964, 970 (Mass. 1978) (considering evidence of conformity with industry practice material to warranty count).<br><br>**YES FOR NEGLIGENCE**<br>*Wiska v. St. Stanislaus Social Club Inc.*, 390 N.E.2d 1133, 1138 (Mass. App. Ct. 1979).<br><br>**YES FOR FAILURE TO WARN**<br>*Hayes v. Ariens Co.*, 462 N.E.2d 273, 277-78 (Mass. 1984) (state-of-the-art evidence is irrelevant in a failure to warn case), *abrogated by Vassallo v. Baxter Healthcare Corp.*, 696 N.E.2d 909, 922 - 924 (Mass. 1998) (rejecting jury instruction formulated based on *Hayes* and holding that manufacturer will no longer be held liable for failure to warn of risks that were not reasonably foreseeable based on the then state of the art). | **DATE PRODUCT ENTERED INTO THE STREAM OF COMMERCE**<br>*Lewis v. Ariens Co.*, 751 N.E.2d 862, 865-66 (Mass. 2001). |
| MI | **YES FOR STRICT LIABILITY**<br>MICH. COMP. LAWS § 600.2946(2) (plaintiff must establish a feasible alternative design that would have prevented the harm based on the then available technical, medical, or scientific knowledge).<br><br>**YES FOR NEGLIGENCE**<br>MICH. COMP. LAWS § 600.2946(2). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>MICH. COMP. LAWS § 600.2946(2) (measuring at the time the product left the control of the manufacturer or seller). |
| MN | **YES FOR STRICT LIABILITY**<br>*Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 96-97 (Minn. 1987) (allowing jury to consider state of the art in determining whether product was unreasonably dangerous). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>*Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 96-97 (Minn. 1987) |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| MS | **YES FOR STRICT LIABILITY**<br>MISS. CODE ANN. § 11-1-63(f)(ii)(1993); *Hall v. Mississippi Chem. Express, Inc.*, 528 So. 2d 796, 799-800 (Miss. 1988).<br><br>**YES FOR NEGLIGENCE**<br>*Hall v. Mississippi Chem. Express, Inc.*, 528 So. 2d 796, 800 (Miss. 1988).<br><br>**YES FOR FAILURE TO WARN**<br>*Brown v. Williams*, 504 So. 2d 1188, 1191 (Miss. 1987) (affirming chancellor's decision to decline imposing liability for failure to warn because elevator was in compliance with state of the art). | **DATE OF MANUFACTURE**<br>*Brown v. Williams*, 504 So. 2d 1188, 1191 (Miss. 1987). |
| MO | **YES FOR FAILURE TO WARN ONLY**<br>State of the art is a complete defense in failure to warn cases only. MO. REV. STAT. § 537.764(2). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>MO. REV. STAT. § 537.764(1). |
| MT | **NO FOR STRICT LIABILITY**<br>*Sternhagen v. Dow Co.*, 935 P.2d 1139, 1142 (Mont. 1997). | **DATE OF MANUFACTURE**<br>*Preston v. Mont. Eighteenth Judicial Dist. Ct., Gallatin County*, 936 P.2d 814, 820 (Mont. 1997) ("[E]vidence of alternative designs is only admissible where the alternative design existed prior to, or concurrent with, the manufacture of the product in question."). |
| NE | **YES FOR ALL PRODUCT LIABILITY BASED ACTIONS**<br>State of the art is a complete defense to "any product liability action based upon negligent or defective design, testing, or labeling." NEB. REV. STAT. § 25-21, 182. | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>NEB. REV. STAT. § 25-21, 182 (relevant time period when the product "was first sold to any person not engaged in the business of selling such product."). |
| NV | **YES FOR STRICT LIABILITY**<br>*Robinson v. G.G.C., Inc.*, 808 P.2d 522, 524-25 (Nev. 1991) (holding that product is defective, despite warnings, if it lacks a safety device that was within the state of the art). | **DATE PRODUCT ENTERED INTO THE STREAM OF COMMERCE**<br>*Robinson v. G.G.C., Inc.*, 808 P.2d 522, 524 (Nev. 1991). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| NH | **STRICT LIABILITY UNSETTLED**<br>*Heath v. Sears, Roebuck & Co.*, 464 A.2d 288, 298-99 (N.H. 1983) (affirming the state of the art defense as both "reasonable and constitutionally permissible" but voiding state statute containing the defense because of its unconstitutionality on other grounds). | **DATE PRODUCT ENTERED INTO THE STREAM OF COMMERCE**<br>*Heath v. Sears, Roebuck & Co.*, 464 A.2d 288, 298-99 (N.H. 1983). |
| NJ | **YES FOR STRICT LIABILITY (ABSOLUTE DEFENSE)**<br>N.J. STAT. ANN. § 2A:58C-3 (manufacturer not liable if technically feasible alternative was not available at time product left the control of the manufacturer).<br><br>**YES FOR NEGLIGENCE**<br>*Becker v. Baron Bros.*, 649 A.2d 613, 616-17 (N.J. 1994) (allowing state of the art defense except in asbestos related cases).<br><br>**YES FOR FAILURE TO WARN**<br>*Becker v. Baron Bros.*, 649 A.2d 613, 616-17 (N.J. 1994) (allowing state of the art defense except in asbestos related cases). | **DATE PRODUCT ENTERED INTO THE STREAM OF COMMERCE**<br>N.J. STAT. ANN. § 2A: 58C-3(1). |
| NM | **STRICT LIABILITY UNSETTLED**<br>*Brooks v. Beech Aircraft Corp.*, 902 P.2d 54, 63 (N.M. 1995) (rejecting state of the art defense while at the same time reserving it for future consideration). | **DATE OF MANUFACTURE**<br>*Brooks v. Beech Aircraft Corp.*, 902 P.2d 54, 63 (N.M. 1995). |
| NY | **YES FOR STRICT LIABILITY (EXCEPT ULTRAHAZARDOUS PRODUCTS)**<br>*Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 210 (N.Y. 1983).<br><br>**YES FOR NEGLIGENCE**<br>*Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 210 (N.Y. 1983). | **DATE OF MANUFACTURE**<br>*Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 210 (N.Y. 1983). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| NC | **N/A** North Carolina does not recognize strict liability product liability actions. *Warren v. Colombo*, 377 S.E.2d 249, 255 (N.C. Ct. App. 1989). **YES FOR NEGLIGENCE** N.C. GEN. STAT. § 99B-6. *Warren v. Colombo*, 377 S.E.2d 249, 251-52 (N.C. Ct. App. 1989) (recognizing theory of enhanced injury). | **DATE OF MANUFACTURE** N.C. GEN. STAT. § 99B-6. |
| ND | **NO FOR STRICT LIABILITY** *Spieker v. Westgo, Inc.*, 479 N.W.2d 837, 843-44 (N.D. 1992) (citing Olson v. A.W. Chesterton Co., 256 N.W.2d 530, 540 (N.D. 1977) for the proposition that state of the art evidence is less probative in strict liability actions than in negligence actions). **YES FOR NEGLIGENCE** *Spieker v. Westgo, Inc.*, 479 N.W. 2d 837, 843-44 (N.D. 1992). | **DATE OF MANUFACTURE** *Spieker v. Westgo, Inc.*, 479 N.W. 2d 837, 843-44 (N.D. 1992). |
| OH | **YES FOR STRICT LIABILITY** OHIO REV. CODE ANN. § 2307.75(F) (design not defective if technically feasible alternative was not available at the time the product left the control of its manufacturer). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE** OHIO REV. CODE ANN. § 2307.75(F). |
| OK | **NO FOR STRICT LIABILITY** *Smith v. Minster Mach. Co.*, 689 F. 2d 628, 533-34 (10th Cir. 1984) (holding that state of the art is not an absolute defense, but is relevant to whether there are safer alternative designs). **NO FOR NEGLIGENCE** *Smith v. Minster Mach. Co.*, 689 F. 2d 628, 533-34 (10th Cir. 1984) (same rule as applies to strict liability applies to negligence). | **DATE OF MANUFACTURE** *Smith v. Minster Mach. Co.*, 689 F. 2d 628, 632 (10th Cir. 1984). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| OR | **FAILURE TO WARN UNSETTLED**<br>*Hoyt v. Vitek, Inc.*, 894 P.2d 1225, 1231 (Or. Ct. App. 1995) (acknowledging that seller must give warning if seller knows or by reasonable application of available knowledge should have known of the danger). | **UNAWARE OF AUTHORITY ON POINT** |
| PA | **NO FOR STRICT LIABILITY**<br>*Carrecter v. Colson Equip. Co.*, 499 A.2d 326, 330-31 (Pa. Super. Ct. 1985).<br><br>**YES FOR NEGLIGENCE**<br>LaBelle v. Philip Morris, Inc., 243 F. Supp. 2d 508, 520 (D.S.C. 2001) (applying Pennsylvania law to hold that state of the art evidence is relevant to establish due care in a negligence claim).<br><br>**NO FOR FAILURE TO WARN**<br>*Carrecter v. Colson Equip. Co.*, 499 A.2d 326, 330-31 (Pa. Super. Ct. 1985). | **DATE OF MANUFACTURE**<br>*Labelle v. Phillip Morris, Inc.*, 243 F. Supp. 2d 508, 520 (D.S.C. 2001) (applying Pennsylvania law). |
| RI | **YES FOR FAILURE TO WARN**<br>*Gray v. Derderian*, 365 F.Supp.2d 218, 228 (D.R.I. 2005) ("In an action for negligent failure to warn, plaintiff must demonstrate that defendant had reason to know about the product's dangerous propensities which caused plaintiff's injury. In an action for strict liability, the seller must warn of dangers that are reasonably foreseeable. Failure to warn of foreseeable dangers constitutes a product defect."). | **DATE OF MANUFACTURE, DISTRIBUTION, AND MARKETING**<br>*Gray v. Derderian*, 365 F.Supp.2d 218, 228 (D.R.I. 2005). |
| SC | **YES FOR STRICT LIABILITY**<br>*Bragg v. Hi-Ranger Inc.*, 462 S.E. 2d 321, 328 (S.C. Ct. App. 1995) (state of the art admissible to show both the reasonableness of the design and that the product is dangerous beyond the expectation of the ordinary customer). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>*Bragg v. Hi-Ranger Inc.*, 462 S.E. 2d 329, 328 (S.C. Ct. App. 1995) (defect must have existed at time product left defendant's control). |

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| SD | **YES FOR ALL PRODUCT LIABILITY BASED ACTIONS**<br>S.D. CODIFIED LAWS ANN. § 20-9-10.1 (setting forth state of the art defense). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>S.D. CODIFIED LAWS ANN. § 20-9-10.1 (state of the art determined when product first sold to person not engaged in the business of selling such products). |
| TN | **YES FOR ALL PRODUCT LIABILITY BASED ACTIONS**<br>TENN. CODE ANN. § 29-28-105(b). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>TENN. CODE ANN. § 29-28-105(b) (state of the art determined as of time when item leaves manufacturer's or seller's control). |
| TX | **YES FOR ALL PRODUCT LIABILITY DESIGN DEFECT CLAIMS**<br>TEX. CIV. PRAC. & REM. CODE ANN. § 82.005 (claimant in products liability action must offer proof of safer alternative design that was "economically and technologically feasible . . . by the application of existing or reasonably achievable scientific knowledge"). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>TEX. CIV. PRAC. & REM. CODE ANN. § 82.005. |
| UT | **YES FOR STRICT LIABILITY**<br>*Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 447 (10th Cir. 1976) (holding state of the art evidence relevant to prove whether consumer expected product's danger). | **DATE PRODUCT ENTERED INTO STREAM OF COMMERCE**<br>*Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 447 (10th Cir. 1976). |
| VT | UNAWARE OF AUTHORITY ON POINT | UNAWARE OF AUTHORITY ON POINT |
| VA | **DOES NOT RECOGNIZE STRICT LIABILTIY**<br><br>**YES FOR NEGLIGENCE**<br>*Turner v. Manning, Maxwell & Moore, Inc.*, 217 S.E.2d 863, 868 (Va. 1975) ("[E]vidence of industry custom does not establish conclusively that due care was exercised. However, such custom or usage may be conclusive when there is no evidence to show that it was not reasonably safe."). | UNAWARE OF AUTHORITY ON POINT |
| WA | **YES FOR ALL PRODUCT LIABILITY BASED ACTIONS**<br>WASH. REV. CODE § 7.72.050(1). | **DATE OF MANUFACTURE**<br>WASH. REV. CODE 7.22.030(1)(a). |

13

| STATE | AFFIRMATIVE DEFENSE | TIME AT WHICH STATE OF THE ART IS DETERMINED[2] |
|---|---|---|
| WV | **YES FOR STRICT LIABILITY**<br>*Church v. Wesson,* 385 S.E. 2d 393, 396 n.6 (W. Va. 1989).<br><br>**YES FOR FAILURE TO WARN**<br>*Church v. Wesson,* 385 S.E. 2d 393, 396 n.6 (W. Va. 1989). | **DATE OF MANUFACTURE**<br>*Church v. Wesson,* 385 S.E. 2d 393, 396 n.6 (W. Va. 1989). |
| WI | **YES FOR STRICT LIABILITY**<br>*Sumnicht v. Toyota Motor Sales, U.S.A., Inc.,* 360 N.W.2d 1, 18-19 (Wis. 1984) (state of the art is a factor in determining whether a product is unreasonably dangerous). | **DATE OF MANUFACTURE**<br>*Sumnicht v. Toyota Motor Sales, U.S.A., Inc.,* 360 N.W.2d 1, 18-19 (Wis. 1984). |
| WY | **UNAWARE OF AUTHORITY ON POINT** | **UNAWARE OF AUTHORITY ON POINT** |

LIT\1017234.2