# EXHIBIT L

**VARIATIONS IN STATE LAW REGARDING PUNITIVE DAMAGES**

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| AL | **YES; CLEAR & CONVINCING STANDARD** "Punitive damages may not be awarded in any civil action . . . other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." ALA. CODE § 6-11-20. | **YES** *See* ALA. CODE § 6-11-21 (limiting recovery of punitive damages in civil actions to three times compensatory damages or $500,000, whichever is greater, or $1,500,000 in civil actions for physical injury). |
| AK | **YES; CLEAR & CONVINCING STANDARD** "The fact finder may make an award of punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant's conduct (1) was outrageous, including acts done with malice or bad motives; or (2) evidenced reckless indifference to the interest of another person." ALASKA STAT. § 09.17.020(b). | **YES** "[A]n award of punitive damages may not exceed the greater of (1) three times the amount of compensatory damages awarded to the plaintiff in the action; or (2) the sum of $500,000 . . . . [I]f the fact finder determines that the conduct . . . was motivated by financial gain and the adverse consequences of the conduct were actually known by the defendant . . . it may award an amount of punitive damages not to exceed the greatest of (1) four times the amount of compensatory damages awarded to the plaintiff in the action; (2) four times the aggregate amount of financial gain that the defendant received as a result of the defendant's misconduct; or (3) the sum of $7,000,000." ALASKA STAT. § 09.17.020(f), (g). |

1

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| AZ | **YES; CLEAR & CONVINCING STANDARD**<br>"In Arizona, to recover punitive damages, a plaintiff must prove by clear and convincing evidence that a 'defendant's wrongful conduct was guided by evil motives or willful or wanton disregard of the interests of others.'" *Saucedo ex rel. Sinaloa v. Salvation Army*, 24 P.3d 1274, 1277 (Ariz. Ct. App. 2001) (citations omitted).<br><br>**REQUIRES MORE THAN GROSS NEGLIGENCE**<br>"The punitive damages standard in Arizona requires 'something more' than gross negligence." *Volz v. Coleman Co.*, 748 P.2d 1191, 1194 (1987). | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| AR | **YES**<br>"In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded: (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred; (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage." ARK. CODE ANN. § 16-55-206. | **YES**<br>"[A] punitive damages award for each plaintiff shall not be more than the greater of the following: (1) Two hundred fifty thousand dollars ($250,000); or (2) Three (3) times the amount of compensatory damages awarded in the action, not to exceed one million dollars ($1,000,000)." ARK. CODE ANN. § 16-55-208.<br><br>**PLAINTIFF WAIVES RIGHT TO INTRODUCE EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION IF SUING MULTIPLE DEFENDANTS**<br>"Proof of financial condition where punitive damages are claimed is allowed as against a single defendant, however, we have held that because of the obvious prejudice that results when one of several defendants is singled out by the introduction of his financial condition, the right to make such proof is waived where there are two or more defendants." *Berkely Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128, 136 (Ark. 1983). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| CA | **YES; CLEAR & CONVINCING STANDARD** <br> "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." CAL. CIV. CODE § 3294(a). <br><br> **GROSS NEGLIGENCE NOT ENOUGH** <br> "Mere spite or ill will is not sufficient; and mere negligence, even gross negligence is not sufficient to justify an award of punitive damages." *Ebaugh v. Rabkin*, 99 Cal. Rptr. 706, 709 (Cal. Ct. App. 1972). <br><br> **NO FOR BREACH OF WARRANTY OR CONTRACT** <br> "In an action for the breach of an obligation not arising from contract . . . ." CAL. CIV. CODE § 3294(a). *See* CAL. COM. CODE §§ 2314-2315. | **UNAWARE OF STATUTORY LIMITS** <br> *But see* CAL. CIVIL CODE § 3295 (guiding the calculation of damages). |

4

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| CO | **YES**<br>"In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages." COLO. REV. STAT. ANN. § 13-21-102(1)(a).<br><br>**REASONABLE DOUBT STANDARD**<br>"Exemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102. Nothing in this subsection (2) shall be construed as preventing a party asserting the claim from being awarded money damages or other appropriate relief, other than exemplary damages, if he sustains the burden of proof by a preponderance of the evidence." COLO. REV. STAT. ANN. § 13-25-127(2). | **YES**<br>"The amount of . . . exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party." COLO. REV. STAT. ANN. § 13-21-102(1)(a). "[T]his section plac[es] monetary limitations on . . . damages for noneconomic losses or injuries . . . . In any civil action other than medical malpractice actions in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum of two hundred fifty thousand dollars, unless the court finds justification by clear and convincing evidence therefor. In no case shall the amount of noneconomic loss or injury damages exceed five hundred thousand dollars . . . . The limitations on damages . . . shall apply in any civil action to the aggregate sum of any noneconomic damages awarded under this section for breach of contract including but not limited to bad faith breach of contract." Id. § 13-21-102.5. |

5

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| CT | **YES**<br>"Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product. If the trier of fact determines that punitive damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff." CONN. GEN. STAT. § 52-240b.<br><br>**ORDINARY TORT STANDARD**<br>"Absent evidence of legislative intent to the contrary, we continue to presume that when a statutory private right of action includes multiple damages, the plaintiff's burden of proof is the same as that in other tort cases." *Freeman v. Alamo Mgmt. Co.*, 607 A.2d 370, 375 (Conn. 1992).<br><br>**NO RECOVERY FOR PROPERTY DAMAGES CLAIMS; PHYSICAL INJURY REQUIRED**<br>"Accordingly, the court holds under General Statutes § 52-240b, punitive damages are not awardable where the plaintiff's product liability action seeks recovery only for property damage." *Sacred Heart Church v. F. F. Hitchcock Co.*, No. 123104, 1995 WL 299647, at *2 (Conn. Super. Ct. May 9, 1995). | **YES**<br>Limited to "twice the damages awarded to the plaintiff." CONN. GEN. STAT. § 52-240b. |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| DE | **YES**<br>"Exemplary or punitive damages are awarded to punish a tortfeasor for willful or reckless conduct which is particularly reprehensible." *Sheppard v. A.C. and S. Co.*, 484 A.2d 521, 524 (Del. Super. Ct. 1984).<br><br>**MERE NEGLIGENCE NOT ENOUGH**<br>"Mere inadvertence, mistake or errors of judgment which constitute mere negligence will not suffice." *Jardel Co. v. Hughes*, 523 A.2d 518, 530 (Del. 1987). | **YES**<br>"Although no mathematical formula governs the award of such damages, they must not be disproportionate to compensatory damages attributable to the same conduct." *Sheppard v. A.C. and S. Co.*, 484 A.2d 521, 524 (Del. Super. Ct. 1984). |
| DC | **YES; CLEAR & CONVINCING STANDARD**<br>"Therefore, for these reasons and for the reasons expressed by the authorities cited above, we hold that in order to sustain an award of punitive damages, the plaintiff must prove, by a preponderance of the evidence, that the defendant committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Jonathan Woodner, Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995). | **UNAWARE OF STATUTORY LIMITS** |

7

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| FL | **YES; CLEAR & CONVINCING STANDARD** "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." FLA. STAT. ANN. § 768.72(2). <br><br> "In all civil actions, the plaintiff must establish at trial, by clear and convincing evidence, its entitlement to an award of punitive damages. The 'greater weight of the evidence' burden of proof applies to a determination of the amount of damages." FLA. STAT. ANN. § 768.725. | **YES** "(1) . . . [A]n award of punitive damages may not exceed the greater of: 1.  Three times the amount of compensatory damages awarded to each claimant entitled thereto, consistent with the remaining provisions of this section; or 2.  The sum of $500,000. (b) Where the fact finder determines that the wrongful conduct proven under this section was motivated solely by unreasonable financial gain and determines that the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant, it may award an amount of punitive damages not to exceed the greater of: 1.  Four times the amount of compensatory damages awarded to each claimant entitled thereto, consistent with the remaining provisions of this section; or 2.  The sum of $2 million. (c) Where the fact finder determines that at the time of injury the defendant had a specific intent to harm the claimant and determines that the defendant's conduct did in fact harm the claimant, there shall be no cap on punitive damages." FLA. STAT. ANN. § 768.73. |

8

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| GA | **YES; CLEAR & CONVINCING STANDARD** "(a) As used in this Code section, the term 'punitive damages' is synonymous with the terms 'vindictive damages,' 'exemplary damages,' and other descriptions of additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant. (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. (c) Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant." O.C.G.A. § 51-12-5.1. | **NO LIMIT FOR PRODUCT LIABILITY CASES; 75% OF AWARD MUST GO TO THE STATE** O.C.G.A. § 51-12-5.1 (e)-(g) (providing no limitation on damages in a product liability action, but "[o]nly one award of punitive damages may be recovered . . . from a defendant for any act or omission if the cause of action arises from product liability, regardless of the number of causes of action which may arise from such act or omission"; in other tort cases, imposing no limitation on damages "if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, or that the defendant acted or failed to act while under the influence of alcohol [or] drugs"; for any other cause of action, imposing a punitive damages maximum of $250,000).<br><br>O.C.G.A. § 51-12-5.1 (e)(2) ("Seventy-five percent of any amounts awarded under this subsection as punitive damages, less a proportionate part of the costs of litigation, including reasonable attorney's fees, all as determined by the trial judge, shall be paid into the treasury of the state through the Office of Treasury and Fiscal Services . . . ."). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| HI | **YES; CLEAR & CONVINCING STANDARD**<br>"The plaintiff must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Maski v. Gen. Motors Corp.*, 780 P.2d 566, 575 (Haw. 1989).<br><br>**NOT ALLOWED FOR MISTAKE**<br>"Thus, punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment." *Maski v. Gen. Motors Corp.*, 780 P.2d 566, 571 (Haw. 1989). | **UNAWARE OF STATUTORY LIMITS**<br>*But see Beerman v. Toro Mfg. Corp.*, 615 P.2d 749, 755 (Haw. Ct. App. 1980) ("The measure of punitive damages 'should be the degree of malice, oppression, or gross negligence which forms the basis for the award and the amount of money required to punish the defendant, considering his financial condition.'" (internal citations omitted)). |
| ID | **YES; CLEAR & CONVINCING STANDARD**<br>*See* IDAHO CODE ANN. § 6-1601 (defining "punitive damages" as "damages awarded to a claimant, over and above what will compensate the claimant for actual personal injury and property damage, to serve the public policies of punishing a defendant for outrageous conduct and of deterring future like conduct"); *id.* § 6-1604(1) ("In any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted."). | **YES**<br>"No judgment for punitive damages shall exceed the greater of two hundred fifty thousand dollars ($250,000) or an amount which is three (3) times the compensatory damages contained in such judgment. The limitations on noneconomic damages . . . are not applicable to punitive damages." IDAHO CODE ANN. § 6-1604(3). |

10

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| IL | **YES**<br><br>"It has long been established in this State that punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.*, 516 N.E.2d 260, 263 (Ill. 1987).<br><br>*See* 735 ILL. COMP. STAT. 5/2-604 (setting forth standards for the pleading of punitive damages); *id.* 5/2-1207 (providing that a trial court may decide when an award for punitive damages is excessive as well as apportion the punitive damage award among the plaintiff, the plaintiff's attorney, and the State).<br><br>**NO RECOVERY IN WARRANTY ACTIONS UNLESS BREACH AMOUNTS TO AN INDEPENDENT, WILLFUL TORT**<br>"While punitive damages may be recovered in exceptional cases involving a breach of contract when the breach amounts to an independent wilful tort, this is not such a case." *McGrady v. Chrysler Motors Corp.*, 360 N.E.2d 818, 822 (Ill. App. Ct. 1977) (internal citations omitted). | **YES**<br>"(a) In all cases on account of bodily injury, or physical damage to property based on negligence, or product liability based on any theory or doctrine, . . . punitive damages may be awarded only if actual damages are awarded.   The amount of punitive damages that may be awarded for a claim in any civil action subject to this Section shall not exceed 3 times the amount awarded to the claimant for the economic damages on which such claim is based.   (b) To recover punitive damages in cases described in subsection (a), a plaintiff must show by clear and convincing evidence that the defendant's conduct was with evil motive or with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the rights and safety of others."   735 ILL. COMP. STAT. 5/2-1115.05. |

11

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| IN | **YES; CLEAR & CONVINCING STANDARD**<br>"Punitive damages may be awarded only if there is clear and convincing evidence that defendant 'acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.'" *Williams v. Younginer*, 851 N.E.2d 351, 358 (Ind. Ct. App. 2006) (citations omitted). IND. CODE § 34-51-3-2.<br><br>**YES FOR NEGLIGENCE AND STRICT LIABILITY; NO FOR BREACH OF CONTRACT**<br>*Sipes v. Osmose Wood Preserving Co. of Am.*, 546 N.E.2d 1223, 1224-25 (Ind. 1989) (allowing punitive damages claim in strict liability and tort case). But see *Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 981-84 (Ind. 1993) (stating the general rule that punitive damages are not allowed in a breach of contract action).<br><br>**REQUIRES MENTAL STATE OF OBDURACY**<br>*Austin v. Disney Tire Co.*, 815 F. Supp. 285, 288 (S.D. Ind. 1993) (requiring malfeasor to act with subjective mental state of obduracy). | **YES**<br>"A punitive damage award may not be more than the greater of: (1) three (3) times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000)." IND. CODE § 34-51-3-4.<br><br>**75% OF AWARD MUST BE PAID TO THE STATE TREASURER IN MOST CASES**<br>Requiring 75% of award of punitive damages to be paid to the State treasurer. IND. CODE § 34-51-3-6. |

12

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|-------|---------------------------------------------|-------------------|
| IA | **YES; PREPONDERANCE OF CLEAR, CONVINCING, AND SATISFACTORY EVIDENCE STANDARD**<br>"In a trial of a claim involving the request for punitive or exemplary damages, the court shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating all of the following: a.    Whether, by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another.  b. Whether the conduct of the defendant was directed specifically at the claimant, or at the person from which the claimant's claim is derived."   IOWA  CODE § 668A.1(1).<br><br>**NO FOR BREACH OF CONTRACT / WARRANTY UNLESS BREACH AMOUNTS TO AN INDEPENDENT, WILLFUL TORT**<br>"Generally, a breach of contract, even if intentional, is insufficient to support an award of punitive damages.  We will only uphold an award of punitive damages for breach of contract when the breach (1) constitutes an intentional tort, and (2) is committed maliciously, in a manner that meets the standards of Iowa Code section 668A.1 (1995)."   *Seastrom v. Farm Bureau Life Ins. Co.*, 601 N.W.2d 339, 347 (Iowa 1999) (citations omitted). | **UNAWARE OF STATUTORY LIMITATIONS**<br><br>**75% OF PUNITIVE DAMAGES MAY BE REQUIRED TO BE PAID TO TRUST FUND**<br>If    conduct   was   not   directed specifically at the claimant, or at the person from which the claimant's claim is derived, 75% of the award must be paid to the civil reparations trust.  IOWA CODE § 668A.1(2)(b). |

13

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| KS | **YES; CLEAR & CONVINCING STANDARD** "In any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice." KAN. STAT. ANN. § 60-3701(c). | **YES** "(e) Except as provided by subsection (f), no award of exemplary or punitive damages pursuant to this section shall exceed the lesser of: (1) The annual gross income earned by the defendant, as determined by the court based upon the defendant's highest gross annual income earned for any one of the five years immediately before the act for which such damages are awarded; or (2) $5 million.   (f) In lieu of the limitation provided by subsection (e), if the court finds that the profitability of the defendant's misconduct exceeds or is expected to exceed the limitation of subsection (e), the limitation on the amount of exemplary or punitive damages which the court may award shall be an amount equal to 1 1/2 times the amount of profit which the defendant gained or is expected to gain as a result of the defendant's misconduct." KAN. STAT. ANN. §§ 60-3701(e)-(f). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| KY | **YES; GROSS NEGLIGENCE REQUIRED (SPECIALLY DEFINED)**<br>"The plaintiff must prove, in addition to an injury-causing product defect, that something about the defendant's conduct was outrageous, was at least grossly negligent, and amounted to reckless indifference." *Sufix, U.S.A., Inc. v. Cook*, 128 S.W.3d 838, 841, (Ky. Ct. App. 2004).<br><br>"His conduct must constitute gross negligence in order to award punitive damages. Gross negligence is a wanton or reckless disregard for the safety of other persons. It is not necessary that the jury find the defendant to have acted with express malice; rather, it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Gersh v. Bowman*, No. 2006-CA-001566, ---S.W.3d ---, 2007 WL 2892952, at \*3 (Ky. Ct. App. Oct. 5, 2007) (non-final opinion) (internal citations and quotations omitted). *But see* KY. REV. STAT. ANN. § 411.184, *invalidated by Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998).<br><br>**ALLOWED IN PRODUCT LIABILITY ACTION**<br>"It is well established that punitive damages may be appropriate in a products liability action, notwithstanding that such actions initially focus on the state of the product rather than on the defendant's culpability." *Sufix, U.S.A., Inc. v. Cook*, 128 S.W.3d 838, 840 (Ky. Ct. App. 2004). | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| LA | **NO**<br>"Louisiana, however, has consistently rejected punitive damages in civil actions." *Pittman v. Kaiser Aluminum and Chemical Corp.*, 559 So. 2d 879, 883 (La. Ct. App. 1990).<br><br>**BUT ALLOWED IF AUTHORIZED BY ANOTHER STATE'S LAW**<br>"Punitive damages may not be awarded by a court of this state unless authorized: (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled." LA. CIV. CODE ANN. art. 3546. | NOT APPLICABLE |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| ME | **YES - REQUIRES MALICE; CLEAR & CONVINCING STANDARD**<br>"We hold that, in order to recover punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant acted with malice." *Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me. 1985).<br><br>**UNCLEAR IN PRODUCTS LIABILITY CONTEXT**<br>*Thorndike v. DaimlerChrysler Corp.*, 288 F. Supp. 2d 50, 54 n.1 (D. Me. 2003) (noting that a Maine Court is unlikely to adopt a "conscious disregard" punitive damages standard in product liability cases in place of *Turtle's* "implied malice" standard). | **UNAWARE OF STATUTORY LIMITATIONS** |

17

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MD | **YES - REQUIRES ACTUAL MALICE FOR NON-INTENTIONAL TORT**<br>"In a non-intentional tort action, the trier of facts may not award punitive damages unless the plaintiff has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.,* 'actual malice.'" *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 652 (Md. 1992).<br><br>**CLEAR & CONVINCING STANDARD**<br>"Consequently, in *any* tort case a plaintiff must establish by clear and convincing evidence the basis for an award of punitive damages." *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 657 (Md. 1992).<br><br>**TWO-PART TEST REQUIRED FOR PRODUCT LIABILITY CASES**<br>"[I]n order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the plaintiff must prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect." *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 653 (Md. 1992). | **YES**<br>*Darcars Motors of Silver Spring v. Borzym*, 818 A.2d 1159, 1196-97 (2003) (discussing factors to consider in deciding appropriateness of punitive damages award). |

18

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MA | **NO - ONLY ALLOWED WHEN SPECIFICALLY AUTHORIZED BY STATUTE** "Punitive or exemplary damages are not allowed in Massachusetts except under statutory authority. " *Santana v. Registarars of Voters of Worcester*, 502 N.E.2d 132, 135 (Mass. 1986).<br><br>**UNAWARE OF STATUTES REGARDING PRODUCT LIABILITY ACTIONS AUTHORIZING PUNITIVE DAMAGES** | **UNAWARE OF STATUTORY LIMITS** |

19

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MI | **YES; CLEAR & CONVINCING STANDARD; DELIBERATE DISREGARD** "(a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others. (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and: (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others." MINN. STAT. ANN. § 549.20 Subd. 1(a). | **YES** "Any award of punitive damages shall be measured by those factors which justly bear upon the purpose of punitive damages, including the seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved in causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject." MINN. STAT. ANN. § 549.20 Subd. 3. |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MN | **YES, GENERALLY; CLEAR & CONVINCING STANDARD** "(a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.  (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and: (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others." MINN. STAT. ANN. § 549.20. | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MS | **YES, BUT SELLER'S LIABILITY LIMITED; CLEAR & CONVINCING STANDARD**<br>"(1) In any action in which punitive damages are sought: (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud . . . . (2) The seller of a product other than the manufacturer shall not be liable for punitive damages unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; the seller had actual knowledge of the defective condition of the product at the time he supplied same." MISS. CODE ANN. § 11-1-65. | **YES**<br>MISS. CODE ANN. § 11-1-65(3)(a) (basing limitations on punitive damages in civil actions on defendant's net worth). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| MO | **YES**<br>"To justify punitive damages, there must be evidence that the Appellants acted wrongfully and intentionally and did so without just cause or excuse." *Harrell v. Cochran*, 233 S.W.3d 254, 259 (Mo. Ct. App. Sep. 25, 2007) (internal citations and quotations omitted).<br><br>**CLEAR & CONVINCING STANDARD**<br>"Because punitive damages are extraordinary and harsh, this Court concludes that a higher standard of proof is required: For common law punitive damage claims, the evidence must meet the clear and convincing standard of proof." *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 111 (Mo. 1996) (en banc). | **YES**<br>"No award of punitive damages against any defendant shall exceed the greater of: (1) Five hundred thousand dollars; or (2) Five times the net amount of the judgment awarded to the plaintiff against the defendant." MO. REV. STAT. § 510.265(1). |
| MT | **YES, BUT NOT FOR BREACH OF CONTRACT**<br>"Unless otherwise expressly provided by statute, punitive damages may not be recovered in any action arising from: (i) contract; or (ii) breach of contract." MONT. CODE ANN. § 27-1-220(2)(a). | **YES**<br>"An award for punitive damages may not exceed $10 million or 3% of a defendant's net worth, whichever is less." MONT. CODE ANN. § 27-1-220(3). |
| NE | **NO**<br>"It is a fundamental rule of law in this state that punitive, vindictive, or exemplary damages are not allowed." *Miller v. Kingsley*, 230 N.W.2d 472, 474 (Neb. 1975). | **NOT APPLICABLE** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| NV | **YES; CLEAR & CONVINCING STANDARD**<br>"[I]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant . . . ." NEV. REV. STAT. § 42.005(1).<br><br>**NO FOR BREACH OF CONTRACT**<br>"[I]n an action for the breach of an obligation not arising from contract . . . ." NEV. REV. STAT. § 42.005(1). | **YES**<br>"Except as otherwise provided in this section or by specific statute, an award of exemplary or punitive damages made pursuant to this section may not exceed: (a) Three times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more; or (b) Three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." NEV. REV. STAT. § 42.005(1).<br><br>**NO LIMITS IN ACTION BROUGHT AGAINST MANUFACTURER OF A DEFECTIVE PRODUCT**<br>"The limitations on the amount of an award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against: (a) A manufacturer, distributor or seller of a defective product . . . ." NEV. REV. STAT. § 42.005(2). |
| NH | **NO, UNLESS PROVIDED BY STATUTE**<br>"No punitive damages shall be awarded in any action, unless otherwise provided by statute." N.H. REV.STAT. § 507:16. | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| NJ | **YES**<br>"'Punitive damages' includes exemplary damages and means damages awarded against a party in a civil action because of aggravating circumstances in order to penalize and to provide additional deterrence against a defendant to discourage similar conduct in the future. Punitive damages do not include compensatory damages or nominal damages." N.J. STAT. ANN. 2A:15-5.10 (proposed legislation pending).<br><br>**CLEAR & CONVINCING STANDARD**<br>"Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." *Id.* 2A:15-5.12(a). | **YES**<br>"No defendant shall be liable for punitive damages in any action in an amount in excess of five times the liability of that defendant for compensatory damages or $350,000, whichever is greater." N.J. STAT. ANN. 2A:15-5.14(b) (proposed legislation pending). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| NM | **YES**<br><br>"Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses." N.M. R. CIV. U.J.I. 13-1827.<br><br>**MERE NEGLIGENCE AND GROSS NEGLIGENCE INSUFFICIENT**<br>"In New Mexico, punitive damages may be awarded in tort actions, and in breach of contract actions.  In either action, the damages are awarded only when there is a showing of malice or of reckless or wanton conduct by the defendant." *Robinson v. Katz*, 610 P.2d 201, 208 (N.M. Ct. App. 1980). *See also* N.M. R. CIV. U.J.I. 13-861, 13-1827; *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300, 308-10 (N.M. 1994) (rejecting gross negligence as basis for punitive damages in contract action). | **YES**<br><br>"The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances." N.M. R. CIV. U.J.I. 13-1827.<br><br>*See also Allsup's Convenience Stores v. N. River Ins. Co.*, 976 P.2d 1, 18-19 (N. M. 1998) (considering Constitutional limitations in light of punitive damages award). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| NY | **YES**<br>"The nature of the conduct which justifies an award of punitive damages has been variously described, but, essentially, it is conduct having a high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.  Such conduct need not be intentionally harmful but may consist of actions which constitute willful or wanton negligence or recklessness ." *Home Ins. Co. v. American Home Prods.*, 550 N.E.2d 930, 934-35 (N.Y. 1990) (internal citations and quotations omitted) (stating that punitive damages are allowed for negligence and strict product liability actions).<br><br>**REQUIRES CLEAR, UNEQUIVOCAL AND CONVINCING EVIDENCE**<br>"An award for punitive damages must be supported by clear, unequivocal and convincing evidence." *Camillo v. Geer,* 185 A.D.2d 192, 194 (N.Y. 1992).<br><br>**RESTRICTION FOR CORPORATIONS**<br>"Finally with respect to punitive damages, under New York Law, a corporation cannot be held liable for such damages unless it can be shown that a superior officer [of the corporation] in the course of employment orders, participates in, or ratifies outrageous conduct." *Camillo v. Geer*, 185 A.D.2d 192, 195-96 (N.Y. 1992) (internal citations and quotations omitted). | **UNAWARE OF STATUTORY LIMITATIONS** |

27

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| NC | **YES; CLEAR & CONVINCING STANDARD**<br>"Punitive damages may be awarded . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. GEN. STAT. ANN. § 1D-1.<br><br>"(a) Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) Fraud. (2) Malice. (3) Willful or wanton conduct. (b) The claimant must prove the existence of an aggravating factor by clear and convincing evidence." N.C. GEN. STAT. ANN. § 1D-15.<br><br>**REQUIRES MORE THAN GROSS NEGLIGENCE**<br>N.C. GEN. STAT. ANN. §§ 1D-15(a), (b). | **YES**<br>"Punitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater." N.C. GEN. STAT. ANN. § 1D-25(b). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| ND | **YES, BUT LIMITED IN PRODUCT LIABILITY CONTEXT; CLEAR AND CONVINCING STANDARD** "1. In any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant . . . ." N.D. CENT. CODE § 32-03.2-11. **NOT AVAILABLE FOR BREACH OF CONTRACT** "1. In any action for the breach of an obligation not arising from contract . . . ." N.D. CENT. CODE § 32-03.2-11. **NOT AVAILABLE IF PRODUCT COMPLIED WITH REGULATIONS OR RECEIVED PRE-MARKET APPROVAL** "6. Exemplary damages may not be awarded against a manufacturer or seller if the product's manufacture, design, formulation, inspection, testing, packaging, labeling, and warning complied with: a. Federal statutes existing at the time the product was produced; b. Administrative regulations existing at the time the product was produced that were adopted by an agency of the federal government which had responsibility to regulate the safety of the product or to establish safety standards for the product pursuant to a federal statute; or c. Premarket approval or certification by an agency of the federal government." N.D. CENT. CODE § 32-03.2-11. | **YES** "If the trier of fact determines that exemplary damages are to be awarded, the amount of exemplary damages may not exceed two times the amount of compensatory damages or two hundred fifty thousand dollars, whichever is greater; provided, however, that no award of exemplary damages may be made if the claimant is not entitled to compensatory damages." N.D. CENT. CODE § 32-03.2-11(4). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| OH | **YES**<br>*See* OHIO REV. CODE ANN. § 2315.21 (allowing for a bifurcated trial when plaintiff claims compensatory and punitive or exemplary damages and stating that "[P]unitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply: (1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate. (2) The trier of fact has returned a verdict or has made a determination . . . of the total compensatory damages recoverable by the plaintiff from that defendant"). | **YES**<br>"(2) Except as provided in division (D)(6) of this section, all of the following apply regarding any award of punitive or exemplary damages in a tort action: (a) The court shall not enter judgment for punitive or exemplary damages in excess of two times the amount of the compensatory damages awarded to the plaintiff from that defendant, as determined pursuant to division (B)(2) or (3) of this section. (b) If the defendant is a small employer or individual, the court shall not enter judgment for punitive or exemplary damages in excess of the lesser of two times the amount of the compensatory damages awarded to the plaintiff from the defendant or ten percent of the employer's or individual's net worth when the tort was committed up to a maximum of three hundred fifty thousand dollars, as determined pursuant to division (B)(2) or (3) of this section. (c) Any attorneys fees awarded as a result of a claim for punitive or exemplary damages shall not be considered for purposes of determining the cap on punitive damages." OHIO REV. CODE ANN. § 2315.21(D)(2)(a). |

30

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| OK | **YES**<br>"In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may . . . award punitive damages for the sake of example and by way of punishing the defendant based upon the following factors: 1. The seriousness of the hazard to the public arising from the defendant's misconduct; 2. The profitability of the misconduct to the defendant; 3. The duration of the misconduct and any concealment of it; 4. The degree of the defendant's awareness of the hazard and of its excessiveness; 5. The attitude and conduct of the defendant upon discovery of the misconduct or hazard; 6. In the case of a defendant which is a corporation or other entity, the number and level of employees involved in causing or concealing the misconduct; and 7. The financial condition of the defendant." OKLA STAT. tit. 23, § 9.1(A).<br><br>**NOT ALLOWED FOR BREACH OF CONTRACT / WARRANTY**<br>"In an action for the breach of an obligation not arising from contract . . . ." OKLA STAT. tit. 23, § 9.1(A).<br><br>"[N]o person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides, except in cases where recovery may be for exemplary damages and penal damages . . . ." OKLA STAT. tit. 23, § 96. | **YES - LIMITATIONS VARY DEPENDING ON CONDUCT**<br>Where the defendant acts recklessly, the jury may award punitive damages "in an amount not to exceed the greater of: a. One Hundred Thousand Dollars ($100,000.00), or b. The amount of the actual damages awarded." OKLA STAT. tit. 23, § 9.1 (limiting punitive damages).<br><br>Where the defendant acts intentionally and with malice, the jury may award punitive damages "in an amount not to exceed the greatest of: a. Five Hundred Thousand Dollars ($500,000.00), b. twice the amount of actual damages awarded, or c. the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities." OKLA STAT. tit. 23, § 9.1.<br><br>Where the defendant acts recklessly and with malice, and there is evidence beyond a reasonable doubt that the defendant engaged in conduct life-threatening to humans, no limitations apply. OKLA STAT. tit. 23, § 9.1. |

31

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| OR | **YES; CLEAR & CONVINCING STANDARD** "Punitive damages are not recoverable in a civil action unless it is proven by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." OR. REV. STAT. § 31.730(1), *preempted by Eastwood v. Am. Family Mut. Ins. Co.*, No. Civ. 05-1579-HA, 2006 WL 2934260 (D. Or. Oct. 12, 2006) (holding that Oregon pleading requirement for punitive damages is preempted by Rule 15 of the Federal Rules of Civil Procedure). | **YES** "(2) Punitive damages, if any, shall be determined and awarded based upon the following criteria: (a) The likelihood at the time that serious harm would arise from the defendant's misconduct; (b) The degree of the defendant's awareness of that likelihood; (c) The profitability of the defendant's misconduct; (d) The duration of the misconduct and any concealment of it; (e) The attitude and conduct of the defendant upon discovery of the misconduct; (f) The financial condition of the defendant; and (g) The total deterrent effect of other punishment imposed upon the defendant as a result of the misconduct, including, but not limited to, punitive damage awards to persons in situations similar to the claimant's and the severity of criminal penalties to which the defendant has been or may be subjected." OR. REV. STAT. § 30.925(2)(a)-(g).<br><br>*Waddill v. Anchor Hocking, Inc.*, 78 P.3d 570, 575-77 (Or. Ct. App. 2003) (discussing constitutional limitations regarding punitive damages). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| PA | **YES FOR STRICT LIABILITY AND NEGLIGENCE**<br>"Punitive damages are a recoverable item of relief so long as the conduct exhibited by the defendant with respect to that individual plaintiff can be termed as 'outrageous' and a reckless indifference to the rights of that plaintiff." *Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357, 377 (D. Pa. 1982) (involving negligence and strict liability claims).<br><br>"A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent. Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (internal citations and quotations omitted).<br><br>**NO FOR BREACH OF WARRANTY / CONTRACT**<br>"The law of Pennsylvania clearly provides, however, that punitive damages are not recoverable in an action solely based upon breach of contract." *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. Ct. 1997). | **UNAWARE OF STATUTORY LIMITS**<br><br>**REASONABLY RELATED REQUIREMENT**<br>"Pennsylvania law requires that punitive damages be reasonably related to the amount of actual damages suffered by the plaintiff." *Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357, 377 (D. Pa. 1982). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| RI | **YES BUT SEVERELY RESTRICTED**<br><br>"[T]he party seeking punitive damages has the burden of producing evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished." *Zarella v. Minnesota Mut. Life Ins. Co.*, 824 A.2d 1249, 1262 (R.I. 2003) (internal citations and quotations omitted). *Bourque v. Stop & Shop Co., Inc.*, 814 A.2d 320, 326 (R.I. 2003).<br><br>"[W]e have recognized that punitive damages are severely restricted under Rhode Island law. Such damages are appropriate only when a defendant's conduct requires deterrence and punishment over and above that provided in an award of compensatory damages, such as when a defendant acts with malice or in bad faith." *Pier House Inn, Inc. v. 421 Corp.*, 812 A.2d 799, 803 (R.I. 2002). | **UNAWARE OF STATUTORY LIMITATIONS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| SC | **YES**<br>"In order for a plaintiff to recover punitive damages, there must be evidence the defendant's conduct was wilful, wanton, or in reckless disregard of the plaintiff's rights." *McCourt v. Abernathy*, 457 S.E.2d 603, 607 (S.C. 1995).<br><br>**CLEAR & CONVINCING STANDARD**<br>"In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence." S.C. CODE ANN. § 15-33-135.<br><br>**NO PUNITIVE DAMAGES FOR STRICT LIABILITY OR WARRANTY**<br>"We hold that punitive damages are not recoverable in a cause of action based *solely* upon the theory of strict liability." *Barnwell v. Barber-Colman Co.*, 393 S.E.2d 162, 162 (1990).<br><br>"Mere breach of contract does not justify an award of punitive damages." *Freeman Dodge, Inc. v. MCC Fin. Servs., Inc.*, 249 S.E.2d 897, 898 (S.C. 1978). | **UNAWARE OF STATUTORY LIMITATIONS**<br><br>**EIGHT-FACTOR REVIEW TO DETERMINE IF AWARD COMPORTS WITH DUE PROCESS**<br>"Hereafter, to ensure that a punitive damage award is proper, the trial court shall conduct a post-trial review and may consider the following: (1) defendant's degree of culpability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and finally, (8) as noted in [*Pacific Mutual Life Ins. Co. v. Haslip*, 449 U.S. 1 (1991)] 'other factors' deemed appropriate." *Gamble v. Stevenson*, 406 S.E.2d 350, 354 (S.C. 1991). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| SD | **YES; CLEAR & CONVINCING STANDARD**<br>"The general remedy by damages does not include exemplary or penal damages nor interest on any damages unless expressly provided by statute." S.D. CODIFIED LAWS § 21-1-4.<br><br>"In any claim alleging punitive or exemplary damages . . . the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against." S.D. CODIFIED LAWS § 21-1-4.1.<br><br>"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant." S.D. CODIFIED LAWS § 21-3-2.<br><br>**NOT FOR BREACH OF CONTRACT / WARRANTY**<br>"In any action for the breach of an obligation not arising from contract . . . ." S.D. CODIFIED LAWS § 21-3-2. | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| TN | **YES BUT ONLY IN MOST EGREGIOUS CASES**<br>"We agree with those States that have refined their laws to restrict the awarding of punitive damages to cases involving only the most egregious of wrongs. In Tennessee, therefore, a court may henceforth award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992) (internal citations and quotations omitted).<br><br>**ALLOWED IN PRODUCT LIABILITY ACTIONS**<br>*Cathey v. Johns-Manville Sales Corp.*, 776 F.2d 1565, 1570 (6th Cir. 1985) (allowing punitive damages in product liability context).<br><br>**ACTUAL DAMAGES MUST BE SHOWN**<br>"In order to recover exemplary damages, actual damages must be shown." *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 942-43 (Tenn. Ct. App. 1989).<br><br>**CLEAR & CONVINCING STANDARD**<br>"[P]laintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence." *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| TX | **YES, BUT ONLY UPON UNANIMOUS JURY VERDICT; CLEAR & CONVINCING STANDARD**<br>"(a) . . . [E]xemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence. (b) The claimant must prove by clear and convincing evidence the elements of exemplary damages as provided by this section.   (c) If the claimant relies on a statute establishing a cause of action and authorizing exemplary damages in specified circumstances or in conjunction with a specified culpable mental state, exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the damages result from the specified circumstances or culpable mental state. (d) Exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages." TEX. CIV. PRAC. & REM. CODE ANN. § 41.003. | **YES**<br>"[E]xemplary damages may be awarded only if damages other than nominal damages are awarded.  (b) Exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute." TEX. CIV. PRAC. & REM. CODE ANN. § 41.004(a).<br><br>"Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| UT | **YES – WILLFUL OR MALICIOUS; CLEAR & CONVINCING STANDARD** "Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." UTAH CODE ANN. § 78-18-1(1)(a). <br><br> **ONLY IF COMPENSATORY DAMAGES ARE AWARDED** "Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded . . . ." UTAH CODE ANN. § 78-18-1(1)(a). <br><br> **NO FOR BREACH OF WARRANTY / CONTRACT WITHOUT AN INDEPENDENT TORT** "It is settled as a general rule (subject to exceptions not here pertinent) that a plaintiff cannot recover punitive damages for a breach of contract. However, where an independent tort is committed in the context of the performance or breach of a contract, punitive damages may be recovered together with compensatory damages for that tort." *Cook Assocs., Inc. v. Warnick*, 664 P.2d 1161, 1168 (Utah 1983) (internal citations and quotations omitted). | **YES** "In any case where punitive damages are awarded, the judgment shall provide that 50% of the amount of the punitive damages in excess of $20,000 shall, after an allowable deduction for the payment of attorneys' fees and costs, be remitted by the judgment debtor to the state treasurer for deposit into the General Fund." UTAH CODE ANN. § 78-18-1(3)(a). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| VT | **YES – INTENTIONAL AND DELIBERATE**<br>"Punitive damages are permitted where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime. It is not enough to show that defendant's acts are wrongful or unlawful- there must be proof of defendant's "bad spirit and wrong intention." *Brueckner v. Norwich Univ.*, 730 A.2d 1086, 1095 (Vt. 1999) (internal citations and quotations omitted).<br><br>**ALLOWED IN CONTRACT / WARRANTY ACTIONS**<br>"Vermont, however, has consistently followed a different rule that punitive damages are appropriate in contract actions in certain extraordinary cases where the breach *has the character of* a willful and wanton or fraudulent tort." *Ainsworth v. Franklin County Cheese Corp.*, 592 A.2d 871, 874 (Vt. 1991) (internal citations and quotations omitted).<br><br>**COMPENSATORY DAMAGES REQUIRED**<br>"Although a jury can award punitive damages only if it has awarded compensatory damages, we have no requirement that there be any particular ratio between the two awards." *Sweet v. Roy*, 801 A.2d 694, 715 (Vt. 2002). | **UNAWARE OF STATUTORY LIMITS**<br><br>**NO PARTICULAR RATIO REQUIRED**<br>"Although a jury can award punitive damages only if it has awarded compensatory damages, we have no requirement that there be any particular ratio between the two awards." *Sweet v. Roy*, 801 A.2d 694, 715 (Vt. 2002) (discussing circumstances where punitive damages award would be overturned). |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| VA | **YES BUT REQUIRES MORE THAN SIMPLE NEGLIGENCE**<br>"Punitive damages do not arise from ordinary negligence. They may be recovered only in cases where a tort has been committed under certain aggravating circumstances. Their primary purpose is to warn others and punish the wrongdoer if he has acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations. Willful or wanton conduct imports *knowledge and consciousness that injury will result* from the act done." *Wallen v. Allen*, 343 S.E.2d 73, 78 (Va. 1986) (internal citations and quotations omitted).<br><br>VA. CODE ANN. § 8.01-38.1 (recognizing recovery of punitive damages).<br><br>**IN WARRANTY ACTION, CONDUCT MUST AMOUNT TO AN INDEPENDENT, WILLFUL TORT**<br>"We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, wilful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach." *Kamlar Corp. v. Haley*, 299 S.E.2d 514, 518 (Va. 1983). | **YES**<br>"In no event shall the total amount awarded for punitive damages exceed $350,000." VA. CODE ANN. § 8.01-38.1. |

41

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| WA | **ALLOWED ONLY IF AUTHORIZED BY STATUTE**<br>"Under the law of this state, punitive damages are not allowed unless expressly authorized by the legislature." *Barr v. Interbay Citizens Bank*, 635 P.2d 441, 443 (Wash. 1981) (en banc), *amended,* 649 P.2d 827 (Wash. 1982) (100-year history disfavoring punitive damages). *Winchester v. Stein*, 959 P.2d 1077, 1088 (Wash. 1998) (en banc) ("Punitive damages are allowed when expressly authorized by the Legislature.").<br><br>**AGAINST PUBLIC POLICY**<br>"Since its earliest decisions, this court has consistently disapproved punitive damages as contrary to public policy. Punitive damages not only impose on the defendant a penalty generally reserved for criminal sanctions, but also award the plaintiff with a windfall beyond full compensation." *Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996) (internal citations and quotations omitted).<br><br>**NOT ALLOWED IN PRODUCT LIABILITY ACTION**<br>"The absence of punitive damages in our state is a reflection of policies contemporary with our constitution's adoption." *Sofie v. Fibreboard Corp.*, 771 P.2d 711, 726 (en banc), *amended,* 780 P.2d 260 (Wash. 1989) (rejecting punitive damages in product liability context). | **UNAWARE OF STATUTORY LIMITS** |

42

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| WV | **YES – MALICE REQUIRED**<br>"To sustain a claim for punitive damages, the wrongful act must have been done maliciously, wantonly, mischievously, or with criminal indifference to civil obligations. A wrongful act, done under a bona fide claim of right, and without malice in any form, constitutes no basis for such damages." *Davis v. Celotex Corp.*, 420 S.E.2d 557, 559-60 (W. Va. 1992) (internal citations and quotations omitted).<br><br>"Punitive or exemplary damages are such as, in a proper case, a jury may allow against the defendant by way of punishment for willfulness, wantonness, malice, or other like aggravation of his wrong to the plaintiff, over and above full compensation for all injuries directly or indirectly resulting from such wrong." *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 619 (W. Va. 1983). | **UNAWARE OF STATUTORY LIMITS** |

43

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| WI | **YES**<br>"The plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." WIS. STAT. § 895.043(3).<br><br>**RECOVERY OF ACTUAL DAMAGES REQUIRED**<br>"A general and perhaps almost universally accepted rule is that punitive damages cannot be awarded in the absence of actual damage." *Tucker v. Marcus*, 418 N.W.2d 818, 823 (Wis. 1988). | **UNAWARE OF STATUTORY LIMITS** |

| STATE | ALLOWED / ELEMENTS / EVIDENTIARY STANDARDS? | STATUTORY LIMITS? |
|---|---|---|
| WY | **YES – WILLFUL OR WONTON MISCONDUCT**<br>"We believe that the availability of an award of punitive damages in a proper case of willful and wanton misconduct is beneficial." *Danculovich v. Brown*, 593 P.2d 187, 194 n.10 (Wyo. 1979).<br><br>**GROSS NEGLIGENCE NOT ENOUGH**<br>"Punitive damages are not appropriate in circumstances involving inattention, inadvertence, thoughtlessness, mistake, or even gross negligence." *Vroman v. Town & Country Credit Corp.*, 158 P.3d 141, 147 (Wyo. 2007). | **YES – CRITERIA REQUIRED**<br>"The jury should be told: (1) Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred . . . . (2) The degree of reprehensibility of the defendant's conduct should be considered. The duration of this conduct, the degree of the defendant's awareness of any hazard which his conduct has caused or is likely to cause, and any concealment or "cover-up" of that hazard, and the existence and frequency of similar past conduct should all be relevant in determining this degree of reprehensibility. (3) If the wrongful conduct was profitable to the defendant, the punitive damages should remove the profit and should be in excess of the profit, so that the defendant recognizes a loss. (4) The financial position of the defendant would be relevant. (5) All the costs of litigation should be included, so as to encourage plaintiffs to bring wrongdoers to trial. (6) If criminal sanctions have been imposed on the defendant for his conduct, this should be taken into account in mitigation of the punitive damages award. (7) If there have been other civil actions against the same defendant, based on the same conduct, this should be taken into account in mitigation of the punitive damages award." *Farmers Ins. Exch. v. Shirely*, 958 P.2d 1040, 1052-53 (Wyo. 1998). |

45

LIT\986604.4